IN THE DISTRICT COURT OF THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SUZETTE RICHARDS, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | CIVIL NO. 1:06-cv-01179-RCL |
| | ) | |
| DUKE UNIVERSITY, DUKE UNIVERSITY | ) | ACTION FOR DAMAGES |
| SCHOOL OF LAW, DUKE UNIVERSITY | ) | DISCRIMINATION AND |
| BOARD OF TRUSTEES, NANNERL KEOHANE, | ) | DECLARATORY AND |
| in her personal and official capacity as president of | ) | INJUCTIVE RELIEF |
| Duke University, and others, | ) | |
| | ) | |
| Defendants | ) | |
| _____ | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION OF DUKE UNIVERSITY DEFENDANTS TO DISMISS
FOR LACK OF PERSONAL JURISDICTION**

Defendants Duke University, Duke University School of Law, Duke University Board of Trustees (together, the "Duke Defendants") and Nannerl Keohane, through their counsel, Ogletree, Deakins, Nash, Smoak & Stewart, PC, respectfully submit this Memorandum of Law in support of their Motion to Dismiss the Complaint of Suzette Richards ("Plaintiff") pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, and state as follows:

**FACTS**

Duke University and Duke University School of Law are private educational institutions located in Durham, North Carolina and are citizens of North Carolina. (First Amended Complaint ("Compl.") ¶¶ 4, 5.) Duke University Board of Trustees (the "Board") is an elected board of thirty-six (36) members. *Id.* ¶ 6. The membership changes every two years and the Board has no independent corporate identity. (Declaration of Kate S. Hendricks ("Hendricks

Suzette Richards v. Duke University, et. al.
Civil No. 1:06-cv-01179-RCL
Memorandum of Law in Support of Motion to Dismiss
Page 2 of 26

Decl.") ¶ 12.)  Dr. Nannerl Keohane was formerly President of Duke University and now resides in, and is a citizen of, the state of New Jersey.  (Declaration of Nannerl Keohane ("Keohane Decl.") ¶ 2-3.)

Plaintiff, Suzette Richards, is a resident of St. Croix, U.S. Virgin Islands.  (Compl. ¶ 3.)  She attended Duke University from the fall of 1992 to the spring of 1996. *Id.* ¶ 28.  She attended Duke University School of Law from the fall of 1997 to the spring of 1998 and then transferred to Georgetown Law.  *Id.* ¶¶ 31-32.  Plaintiff graduated from Georgetown Law in the spring of 2000.  *Id.* ¶ 32.

On June 5, 2003, Plaintiff filed a three-hundred and forty-four (344) paragraph First Amended Complaint ("Complaint") in the District Court of the Virgin Islands, with fourteen (14) counts ranging from violations of her Thirteenth Amendment right to be free from slavery to violations of the federal wiretapping statute.  *Id.* ¶¶ 314, 316-18.  On November 13, 2003 the Magistrate Judge of that court appointed a guardian *ad litem* to represent Plaintiff in all future proceedings.[1]  The District Court affirmed the order on December 30, 2003.  Plaintiff appealed the appointment, and on January 23, 2006, the Third Circuit Court of Appeals vacated the order appointing a guardian *ad litem* for Plaintiff.  On June 12, 2006, the District Court of the Virgin Islands, on Defendant Georgetown University's Motion to Transfer Venue, transferred the case to the District Court of the District of Columbia.

---

[1]    At the time the Magistrate Judge appointed a guardian *ad litem* he had before him a July 21, 2003 opinion of psychologist Dr. Rita Dudley-Grant (attached as Exhibit A to the July 13, 2006 Memorandum of Law in Support of Georgetown University's Motion to Dismiss), and an August 25, 2003 opinion of psychiatrist Dr. Olaf G. Hendricks (attached as Exhibit C to the Georgetown Memorandum).  Copies of the curriculum vitae of Drs. Dudley-Grant and Hendricks are attached as Exhibits B and D to the Georgetown Memorandum.

Suzette Richards v. Duke University, et. al.
Civil No. 1:06-cv-01179-RCL
Memorandum of Law in Support of Motion to Dismiss
Page 3 of 26

Although the fourteen (14) counts have no basis in fact or law and are veritable delusions, this Court cannot adjudicate these claims because the Duke Defendants and Keohane have insufficient contacts with the District of Columbia to allow this Court to exercise jurisdiction over them.

Neither Duke University, Duke University School of Law nor the Board of Trustees regularly conducts any business in Washington, D.C., other than their government relations activities. (Hendricks Decl. ¶¶ 5-8, 11, 13.)  They are not presently qualified to do business in the District, and have never been qualified to conduct any business activity here.[2]  *Id.* ¶¶ 5-6.  They have no bank accounts nor own any property in the District. *Id.* ¶¶ 11, 12.

Defendant Nannerl Keohane is a resident of New Jersey.  (Keohane Decl. ¶ 2.)  At the time the Amended Complaint was filed in June 2003, Dr. Keohane visited the District only once a year for the limited purpose of attending a conference of the Association of American Universities.  *Id.* ¶ 9.  Apart from that very limited contact, however, she conducted no business in the Distrcit.  *Id.* ¶ 8.  Moreover, she has no property or bank accounts in Washington, D.C.  *Id.* ¶¶ 6-7.

Despite Plaintiff's colorful and elaborate efforts to bring the Duke Defendants and Dr. Keohane before a court of law, it is plain that these parties lack sufficient minimum contacts for the exercise of jurisdiction to pass constitutional muster.  None of them are citizens of the

---

[2]     The minimum contacts necessary to establish general jurisdiction are determined at the time the complaint is filed.  *See, e.g., Greene v. Sha-Na-Na*, 637 F. Supp. 591, 595 (D.Conn. 1986) ("It is well established that jurisdiction is to be determined by examining the conduct of the defendants as of the time of service of the complaint.").  Although this case was transferred to Washington, D.C. in June 2006, the Complaint originally was filed in June 2003.  The minimum contacts required for personal jurisdiction, therefore, are to be assessed as they existed in June 2003.

Suzette Richards v. Duke University, et. al.
Civil No. 1:06-cv-01179-RCL
Memorandum of Law in Support of Motion to Dismiss
Page 4 of 26

District and none of them has engaged in any activity that would permit the courts of this district to require their presence here. In light of these facts, it is clear that this Court lacks personal jurisdiction over Dr. Keohane and each of the Duke Defendants, and accordingly this Court should enter an order dismissing the Complaint insofar as it asserts claims against these parties.

## STANDARD OF REVIEW

The Supreme Court has established that a state's power to exercise personal jurisdiction over a non-resident is limited by the Due Process Clause of the Fourteenth Amendment. *Pennoyer v. Neff*, 95 U.S. 714, 733 (1877); *Helicopteros Nacionales De Colombia, S.A. v. Hall,* 466 U.S. 408, 414 (1984). The plaintiff bears "the burden of establishing a factual basis for the exercise of personal jurisdiction over a defendant," *Wiggins v. Equifax,* 853 F. Supp. 500, 502 (D.D.C. 1994); *see also Mwani v. Bin Laden*, 417 F.3d 1, 7 (D.C. Cir. 2005); *Crane v. New York Zoological Soc'y*, 894 F.2d 454, 456 (D.C. Cir. 1990); *Rong v. Liaoning Provincial Gov't*, 362 F. Supp. 2d 83, 90 (D.D.C. 2005) (Walton, J.), *aff'd*, No. 05-7030, 2006 U.S. App. LEXIS 16954, ___ F.3d ___ (July 7, 2006) (*citing Jacobsen v. Oliver,* 201 F. Supp. 2d 93, 104 (D.D.C. 2002)).

The plaintiff must allege "specific facts connecting the defendant with the forum" and may not rely on "[b]are allegations and conclusory statements." *Capital Bank Int'l Ltd. v. Citigroup, Inc.*, 276 F. Supp. 2d 72, 74 (D.D.C. 2003) (citation omitted); *see also Mays v. Meeks,* No. 05-2116, 2006 U.S. Dist. LEXIS 16295, at *7 (D.D.C. Apr. 5, 2006) ("[T]he plaintiff must allege specific acts connecting the defendant(s) with the forum."). Furthermore, "the Court need not treat all of the plaintiff's allegations as true when determining whether personal jurisdiction exists over the defendant(s)." *Mays,* 2006 U.S. Dist. LEXIS 16295, at *7; *see also Tifa, Ltd. v. Republic of Ghana*, 1991 U.S. Dist. LEXIS 11855, at *8 (D.D.C. Aug. 27, 1991) ("[T]he Court is

Suzette Richards v. Duke University, et. al.
Civil No. 1:06-cv-01179-RCL
Memorandum of Law in Support of Motion to Dismiss
Page 5 of 26

no longer bound to treat all of plaintiff's allegations as true").  Instead, the Court "may receive and weigh affidavits and other relevant matter to assist it in determining the jurisdictional facts." *U.S. v. Philip Morris, Inc.*, 116 F. Supp. 2d 116, 120 n.4 (D.D.C. 2000) (citation omitted); *see also Land v. Dollar*, 330 U.S. 731, 735 n.4 (1947)  (holding that "when a question of the District Court's jurisdiction is raised, either by a party or by the court on its own motion, ...the court may inquire by affidavits or otherwise, into the facts as they exist") *cited in Artis v. Greenspa*n, 223 F. Supp. 2d 149, 154 (D.D.C. 2002).

A two part test is applied to these facts to determine if the exercise of jurisdiction is proper.  *See, e.g., U.S. v. Ferrara,* 54 F.3d 825, 828 (D.C. Cir. 1995).  First, the non-resident defendant must have "purposefully availed himself of the benefits and protections of the forum state by establishing minimum contacts with the forum state."  *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).  "'Minimum contacts can be established either through contacts sufficient to assert specific jurisdiction, or contacts sufficient to assert general jurisdiction."  *Alpine View Co. Ltd. v. Atlas Copco AB,* 205 F.3d 208, 215 (5th Cir. 2000).

Second, the due process requirements of the Constitution demand that "the exercise of jurisdiction comports with traditional notions of fair play and substantial justice." *Wiggins,* 853 F. Supp. at 502 (*citing Int'l Shoe Co.*, 326 U.S. at 316); *see also Helmer v. Doletsk*aya, 393 F.3d 201, 205 (D.C. Cir. 2004).  Analysis of this second prong is only necessary if the "minimum contact" requirement of the first prong is met.

The dual purpose of these limitations is to ensure that courts do not overreach their jurisdictional scope and to protect defendants from the burdens of litigating in an inconvenient and unconnected jurisdiction.  *Id.*; *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286,

Suzette Richards v. Duke University, et. al.
Civil No. 1:06-cv-01179-RCL
Memorandum of Law in Support of Motion to Dismiss
Page 6 of 26

291 (1980).  In short, the defendant's conduct and connection with the forum state must be such that he "should reasonably anticipate being haled into court there." *GTE New Media Servs., Inc. v. BellSouth Corp*., 199 F.3d 1343, 1347 (D.C. Cir. 2000) (*citing World-Wide Volkswagen,* 444 U.S. at 297).

When a motion to dismiss is based on written materials only, and there is no evidentiary hearing, the burden is on the plaintiff to establish a *prima facie* case of personal jurisdiction.  *See Quick Techs., Inc. v. Sage Group PLC*, 313 F.3d 338, 343 (5th Cir. 2002); *Weidner Commc'ns, Inc. v. H.R.H. Prince Bandar Al Faisal*, 859 F.2d 1302, 1306 n.7 (7th Cir. 1988).  In other words, the plaintiff must demonstrate contacts with the forum state sufficient to give the court *in personam* jurisdiction.  *See Holder v. Haarmann & Reimer Corp.,* 779 A.2d 264, 269-71 (D.C. Cir. 2001).  The plaintiff "cannot rest on bare allegation or conclusory statement" but instead "must allege specific facts connecting each defendant with the forum state." *Schwartz v. CDI Japan Ltd.,* 938 F. Supp. 1, 4 (D.D.C. 1996).  Defendants have a right to challenge personal jurisdiction until an answer is filed.  The majority of courts hold that a defendant does not waive a challenge to personal jurisdiction by filing a responsive pleading that includes a claim for affirmative relief as long as the defendant files a timely objection to jurisdiction.  *See Bayou Steel Corp. v. M/V Amstelvoorn,* 809 F.2d 1147 (5th Cir. 1987).  The Federal Rules of Civil Procedure no longer distinguish between "special" and "general" appearances and a defendant may raise even substantive defenses without implying consent to personal jurisdiction.  *See Orange Theatre Corp. v. Rayherstz Amusement Corp.,* 139 F.2d 871, 874 (3d Cir. 1944) ("Rule 12 permits a defendant to raise a jurisdictional defense even though his voluntary appearance has already called into existence the potential power of the court to adjudicate the merits of his

Suzette Richards v. Duke University, et. al.
Civil No. 1:06-cv-01179-RCL
Memorandum of Law in Support of Motion to Dismiss
Page 7 of 26

controversy. The rule requires the court to decide without reference to the voluntary appearance the question of jurisdiction thus raised and, if the question is decided in the defendant's favor, to refrain from further exercising over him the power which his appearance has given it.").

The appropriateness of a court's exercise of jurisdiction over a defendant may be challenged theoretically or factually, or both. *See Credit Lyonnais Secs. (USA), Inc. v. Alcantara,* 183 F.3d 151, 153-54 (2d Cir. 1999). If the challenge is theoretical, the court will take as true the facts alleged by the plaintiff. *See Electronics For Imaging Inc. v. Coyle,* 340 F.3d 1344, 1349 (Fed. Cir. 2003); *Pinker v. Roche Holdings Ltd.,* 292 F.3d 361, 368 (3d Cir. 2002). If such facts confer personal jurisdiction, the challenge fails. *See In re Magnetic Audiotape Antitrust Litig.,* 334 F.3d 204, 206 (2d Cir. 2003). If the challenge is factual, the defendant challenges the facts alleged by the plaintiff and the court, or fact finder, must resolve the factual dispute. *See Credit Lyonnais,* 183 F.3d at 153.

The Duke Defendants and Dr. Keohane challenge the personal jurisdiction of this Court on both theoretical and factual grounds and contest the factual basis of all of Plaintiff's claims. As discussed in greater detail herein, Plaintiff is clearly unable to meet this burden, as she has not and cannot allege sufficient facts to demonstrate that any of the Duke Defendants or Dr. Keohane has engaged in the requisite conduct to justify requiring their presence here to defend this lawsuit. Even if the alleged facts are taken in the light most favorable to the Plaintiff, they are still insufficient to confer jurisdiction over the Duke Defendants or Dr. Keohane.

## **ARGUMENT**

If a court has subject matter jurisdiction based on diversity, the court has personal jurisdiction over nonresident defendants to the extent authorized by the laws of the forum state.

Suzette Richards v. Duke University, et. al.
Civil No. 1:06-cv-01179-RCL
Memorandum of Law in Support of Motion to Dismiss
Page 8 of 26

*See, e.g., Edmond v. U.S. Postal Serv. Gen. Counsel,* 949 F.2d 415, 424 (D.C. Cir. 1991); *Crane v. Carr*, 814 F.2d 758, 762 (D.C. Cir. 1987).  Therefore, "[a] personal jurisdiction analysis requires that a court determine whether jurisdiction over a party is proper under the applicable local long-arm statute and whether it accords with the demands of due process."  *U.S. v. Ferrara,* 54 F.3d 825, 828 (D.C. Cir. 1995); *see also Novak-Canzeri v. Saud,* 864 F. Supp. 203, 205 (D.C.C. 1994); *Founding Church of Scientology of Washington, D.C. v. Verlag,* 536 F.2d 429, 432 (D.C. Cir. 1976).

In the District of Columbia personal jurisdiction over a non-resident "may be established under two different provisions: (1) general jurisdiction under D.C. Code § 13-334(a) (2001); and (2) specific jurisdiction under D.C. Code § 13-423 (2001)." *Mays v. Meeks,* No. 05-2116, 2006 U.S. Dist. LEXIS 16295, at *12-13 (D.D.C. Apr. 5, 2006).  General jurisdiction may also be established over resident defendants pursuant to § 13-422.  As will be argued below, personal jurisdiction over any of the Duke defendants cannot satisfy either the provisions of D.C.'s long-arm statute or the demands of due process.

I.    **THE DUKE DEFENDANTS HAVE NOT ENGAGED IN ANY ACTIVITIES IN THE DISTRICT OF COLUMBIA THAT WOULD PERMIT THIS COURT TO EXERCISE SPECIFIC JURISDICTION OVER THEM IN ACCORDANCE WITH THE DISTRICT'S LONG ARM STATUTE**

Specific jurisdiction exists when a defendant has "purposefully directed his activities at residents of the forum and the litigation results from alleged injuries that arise out of or relate to those activities."  *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985); *see also Helicopteros Nacionales*, 466 U.S. at 414 n.8 ("[W]en a State exercises personal jurisdiction over a defendant in a suit arising out of or related to the defendant's contacts with the forum, the

Suzette Richards v. Duke University, et. al.
Civil No. 1:06-cv-01179-RCL
Memorandum of Law in Support of Motion to Dismiss
Page 9 of 26

State is exercising "specific jurisdiction" over the defendant"); *Willis v. Willis*, 655 F.2d 1333,

1336 (D.C. Cir. 1981) ("section 423(b) . . . bar[s] . . . claims unrelated to the acts forming the

basis for personal jurisdiction.").   These forum-related activities must be such that the non-

resident "should reasonably anticipate being haled into court there." *World-Wide Volkswagen*

*Corp.,* 444 U.S. at 297.   In order for a non-resident to anticipate out of state litigation "it is

essential in each case that there be some act by which the defendant purposefully avails itself of

the privilege of conducting activities within the forum State, thus invoking the benefits and

protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958).

Section 13-423 of the Annotated Code of the District of Columbia, which sets forth the

portion of D.C.'s long-arm statute that provides for specific jurisdiction, states, in pertinent part,

as follows:

(a)  A District of Columbia court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's
  (1)  transacting any business in the District of Columbia;
  (2)  contracting to supply services in the District of Columbia;
  (3)  causing tortious injury in the District of Columbia by an act or omission in the District of Columbia;
  (4)  causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia;
  (5)  having an interest in, using, or possessing real property in the District of Columbia;
  (6)  contracting to insure or act as surety for or on any person, property, or risk, contract, obligation, or agreement located, executed, or to be performed within the District of Columbia at the time of contracting, unless the parties otherwise provide in writing;  or
  (7)  marital or parent and child relationship in the District of Columbia . . .

Suzette Richards v. Duke University, et. al.
Civil No. 1:06-cv-01179-RCL
Memorandum of Law in Support of Motion to Dismiss
Page 10 of 26

(b) When jurisdiction over a person is based solely upon this section, only a claim for relief arising from acts enumerated in this section may be asserted against him.

D.C. Code Ann. § 13-423 (2001).

Based upon the allegations of the Complaint, it is likely that Plaintiff will contend that jurisdiction exists pursuant to subsections (a)(1), (a)(3), or (a)(4) of section 13-423. The remaining provisions of the long-arm statute appear inapplicable here, and accordingly will not be considered or discussed.[3]

**A.   Defendants do not transact any business in the District of Columbia and Plaintiff's claims do not arise from any alleged business transactions in the territory**

This Court can exercise jurisdiction over a non-resident if the claim arises from the non-resident's "transacting any business in the District of Columbia."   D.C. Code Ann. § 13-423(a)(1) (2001).  However, Defendants do not transact any business in the District. (Hendricks Decl. ¶ 7.)  Moreover, even assuming *arguendo* that Plaintiff could come forward with some evidence to show that the Duke Defendants did transact business in Washington, D.C., none of Plaintiff's claims arise out of any such transactions.

As this Court has emphasized, this portion of the long-arm statute requires the defendant to engage in some type of purposeful activity in the forum state.  *See Ferrara,* 54 F.3d at 830. The Declaration of Kate S. Hendricks clearly establishes that the Duke Defendants do not have the sufficient minimum contacts to justify personal jurisdiction under this prong of the long-arm statute.  Duke University and Duke University School of Law are located in North Carolina.

---

[3]   The Duke Defendants reserve the right to address these grounds in the unlikely event that Plaintiff contends in her opposition papers that this Court may assert jurisdiction based upon any of these criteria.

Suzette Richards v. Duke University, et. al.
Civil No. 1:06-cv-01179-RCL
Memorandum of Law in Support of Motion to Dismiss
Page 11 of 26

(Hendricks Decl. ¶ 3.)   Neither of these Defendants is qualified to conduct business in the

District of Columbia and, aside from government relations activities, neither of them conducts

any business activities in the District.  *Id*. ¶¶ 5-7.  There is no agent for service of process upon

Duke University or Duke University School of Law in the District.  *Id*. ¶ 9.  Furthermore, the

Board of Trustees, is not a corporation and therefore has no corporate identity enabling it to sue

or be sued. *Id*. ¶ 12.  The Board of Trustees holds its meetings in North Carolina, and not in the

District of Columbia. *Id*. ¶ 13.

As the Duke Defendants have not transacted business in D.C., either through a single,

significant act, or by virtue of a series of continuous acts, jurisdiction cannot be premised upon

section (a)(1) of the long-arm statute.  Moreover, even if Duke did transact business in D.C.

jurisdiction still cannot be based upon this subsection as none of Plaintiff's claims arise out any

business transactions.  Under § 13-423(b), all claims under the long-arm section must be based

on the acts or contacts that are enumerated in § 13-423(a).  *See, e.g., El-Fadl v. Cent. Bank of

Jordan*, 75 F.3d 668, 672 (D.C. Cir. 1996) (holding that plaintiff's "reliance on the long-arm

statute is misplaced because he has failed to show any connection between the alleged

jurisdictional acts and the District of Columbia. Because El-Fadl's claims are not related to any

of Petra Bank's general business contacts with the District of Columbia, they cannot confer

specific jurisdiction under the long-arm statute."); *Beachboard v. Trs. of Columbia University,*

475 A.2d 398 (D.C. Cir. 1984) (holding that "[s]ince appellant's claim is unrelated to the

university's activities in the District of Columbia, the long-arm statute cannot be invoked as a

basis for personal jurisdiction over appellees.").  Since none of Plaintiff's claims are based on any

Suzette Richards v. Duke University, et. al.
Civil No. 1:06-cv-01179-RCL
Memorandum of Law in Support of Motion to Dismiss
Page 12 of 26

business transactions with the District, jurisdiction based on § 13-423(a)(1), even if such transactions were to exist, fails.

> **B.    This Court lacks specific personal jurisdiction because Defendants have not committed any tortious act or omission in the District of Columbia that has caused tortious injury in the district**

Under § 13-423(a)(3) a defendant "causing tortious injury in the District of Columbia by an act or omission in the District of Columbia" is subject to personal jurisdiction in Washington, D.C.  D.C. Code Ann. § 13-423(a)(3) (2001).  Despite the voluminous nature of the Complaint, the only conduct that Plaintiff alleges that Duke has conducted within the district is electronic surveillance as part of a conspiracy.  (Compl. ¶ 38.)  In part because of this surveillance, Plaintiff claims to have suffered a number of injuries including loss of reputation, loss of enjoyment of life and loss of income. *Id.* ¶ 293.  Even accepting these allegations as true, they are nonetheless insufficient to confer personal jurisdiction.

In order to prevail on the theory of conspiracy jurisdiction, a plaintiff must first make a *prima facie* showing of a civil conspiracy.  *Second Amendment Found. v. U.S. Conference of Mayors,* 274 F.3d 521, 524 (D.C. Ct. App. 2001).   Mere speculation or a "conclusionary statement" that non-resident defendants are part of a conspiracy is not sufficient to meet plaintiff's burden.  *See, e.g., Jung v. Ass. of Am. Med. Colls.,* 300 F. Supp.2d 119, 141 (D.D.C. 2004); *Dooley v. United Techs. Corp.,* 786 F. Supp. 65, 78 (D.C.C. 1992); *see also Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 787 (D.C. Cir. 1983), *cert. denied*, 467 U.S. 1210 (1984).  Because Plaintiff's allegations of a conspiracy are nothing more than "conclusionary statements" (Compl. ¶¶ 38, 39, 42), Plaintiff fails to make a *prima facie* claim of a conspiracy sufficient to establish personal jurisdiction over Duke.  *Jungquist*, 115 F.3d 1020, 1031 ("bald

Suzette Richards v. Duke University, et. al.
Civil No. 1:06-cv-01179-RCL
Memorandum of Law in Support of Motion to Dismiss
Page 13 of 26

speculation" or a "conclusionary statement" that individuals are co-conspirators is insufficient to establish personal jurisdiction under a conspiracy theory) (*citing Naartex Consulting Corp.*, 722 F.2d at 787).

> **C.    Defendants have not committed any tortious act or omission outside the District of Columbia that has caused tortious injury in the District of Columbia and Defendants do not derive substantial revenue, engage in persistent conduct or regularly do business in the District.**

Section 13-423(a)(4) states that personal jurisdiction may be obtained over a non-resident "causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia" D.C. Code Ann. § 13-423(a)(4) (2001). In addition, the defendant must either regularly do or solicit business in Washington, D.C., engage in any other persistent course of conduct in the District, or derive substantial revenue from goods used or consumed, or services rendered, in the District. *Id.* In light of the analysis of the other sections of the long-arm statute, it is clear that jurisdiction under § 13-423(a)(4) does not exist.

For this Court to obtain jurisdiction under § 13-423(a)(4), not only must Plaintiff demonstrate tortious injury in the District of Columbia (and the Duke Defendants dispute that she has satisfied even this preliminary hurdle), but she also must show that the Defendants regularly do or solicit business in D.C., engage in any other persistent course of conduct in D.C., or derive substantial revenue from goods used or consumed, or services rendered, in D.C. D.C. Code Ann. § 13-423(a)(4) (2001). Just as Duke Defendants lack sufficient contacts with the District to meet the "transacting business" test of § 13-423(a)(1), so too do they lack the contacts necessary to meet the "doing business" test of § 13-423(a)(4): Duke does not engage in any conduct in the district, persistent or otherwise (*see generally* Hendricks Decl.); it does not derive

Suzette Richards v. Duke University, et. al.
Civil No. 1:06-cv-01179-RCL
Memorandum of Law in Support of Motion to Dismiss
Page 14 of 26

substantial revenue from D.C. and it does not regularly do business in D.C. *Id.* at ¶ 7. To the extent that Dukes has contact with D.C. as a result of general recruiting activities and the attendance of D.C. residents at Duke, such contacts are insufficient to constitute "doing business" as required to confer specific jurisdiction. *See Scherer v. Curators of the Univ. of Missouri,* 152 F. Supp. 2d 1278, 1285 (D. Kan. 2001) ("[T]he court has uncovered only a handful of cases in which the trial court exercised specific jurisdiction over an out-of-state college or university and each of these cases involved some level of active solicitation or recruitment by the college or university with respect to the individual plaintiff."); *see also Vilchis v. Miami Univ. of Ohio,* No. 03 C 2916, 2003 U.S. App. LEXIS 17038, at *15-*17 (N.D. Ill. Sept. 26, 2003), *aff'd* 2004 U.S. App. LEXIS 9947 (7th Cir. Ill., May 19, 2004) (no jurisdiction because plaintiff initiated contact with defendant university and no university representative ever went to forum state to recruit plaintiff); *Suprex Corp. v. Lee Scientific, Inc.,* 660 F. Supp. 89, 93 (W.D.Pa. 1987) (college recruitment practices not sufficient to support exercise of personal jurisdiction); *cf. Davis v. Baylor University,* 976 S.W.2d 5 (Mo. Ct. App. 1998) (minimum contacts sufficient when the defendant engages in persistent solicitation of the plaintiff).[4]

Moreover, the "doing business" requirement of § 13-423(a)(4) can not be satisfied by Duke's government relations contacts. Although Duke was renting an office in the District at the time the Complaint was filed and over the years has hired professional lobbyist, the purpose of the office was and is strictly to conduct government relations and lobbying activities. (Hendricks Decl. ¶ 11.) Such activity within the District has long been recognized as an exception to both

---

[4]     As Plaintiff's Complaint reflects, Richards enrolled in Duke Law School immediately after completing her undergraduate education at Duke University. Accordingly, Duke clearly did not engage in any recruitment activities in the District with respect to Plaintiff.

Suzette Richards v. Duke University, et. al.
Civil No. 1:06-cv-01179-RCL
Memorandum of Law in Support of Motion to Dismiss
Page 15 of 26

the "doing business" language of § 13-423(a)(4) and the "transacting business" language of § 13-423(a)(1).[5]   In *Atlantigas Corp. v. Nisource, Inc.,* 290 F. Supp. 2d 34, 44 (D.D.C. 2003), this Court rejected the "plaintiff's claim that any of the defendants availed themselves of the Court's jurisdiction as a result of lobbying activities in which they may have engaged."  It explained that the "District of Columbia is the Nation's capital. Because it is vital that all citizens from all parts of the country have unfettered access to petition their government, the courts of this jurisdiction have long recognized "a government contacts" exception to the "transacting business" provision of the long-arm statute. Under that exception, a person or company does not subject itself to the jurisdiction of the courts of the District of Columbia merely by filing an application with a government agency, or by seeking redress of grievances from the Executive Branch or the Congress."  *Id.* (*citing Naartex Consulting Corp.* 722 F.2d at 787; *Freiman v. Lazur*, 925 F. Supp. 14, 24 (D.D.C. 1996); *Mallinckrodt Med., Inc. v. Sonus Pharm., Inc*., 989 F. Supp. 265, 271 (D.D.C. 1998)); *see also Cellutech, Inc. v. Centennial Cellular Corp*., 871 F. Supp. 46, 50 (D.D.C. 1994) ("The District of Columbia's unique character as the home of the federal government requires this exception in order to maintain unobstructed access to the instrumentalities of the federal government.").   In light of this precedent, Duke's lobbying contacts with D.C. are insufficient to confer specific personal jurisdiction.  As such, Plaintiff has failed to meet the second prong of § 13-423(a)(4).

Consequently, because none of the criteria for specific jurisdiction under § 13-423(a) are satisfied, this Court need not conduct a separate examination to determine whether it may

---

[5]    In the present case, the exception as it applies to § 13-423(a)(1) is inapplicable as none of the Plaintiff's claims arise out of Duke's lobbying activity in D.C.

Suzette Richards v. Duke University, et. al.
Civil No. 1:06-cv-01179-RCL
Memorandum of Law in Support of Motion to Dismiss
Page 16 of 26

exercise jurisdiction consistent with the principals of the Due Process Clause of the Constitution.

*See Pennzoil Prods. Co. v. Colelli & Assocs., Inc*., 149 F.3d 197, 203 (3d Cir. 1998).

## II.    THE DUKE DEFENDANTS HAVE NOT ENGAGED IN ANY ACTIVITIES THAT WOULD PERMIT A DISTRICT OF COLUMBIA COURT TO EXERCISE GENERAL JURISDICTION OVER THEM

Under the District of Columbia's statutory law, there are three ways in which a court may obtain jurisdiction over a defendant: (1) the Court may have specific personal jurisdiction over a non-resident under the District's long-arm statute, § 13-423, because of certain conduct; (2) the Court may have general personal jurisdiction over a non-resident pursuant to § 13-334, because defendant is "present" in the District of Columbia by virtue of "doing business" in the District; (3) the Court may have general personal jurisdiction over a resident pursuant to § 13-422. *Richard v. Bell Atlantic Corp.,* 946 F. Supp. 54, 68 (D.D.C. 1996).  Having already demonstrated that this Court may not exercise specific jurisdiction under § 13-423 we now turn to general jurisdiction under sections 13-422 and 13-334.

### A.    The Duke Defendants Are Not Residents of the District

Section 13-422 states that general jurisdiction will apply to a party that is "domiciled in, organized under the laws of, or maintaining his or its principle place of business in the District of Columbia."  D.C. Code Ann. § 13-422 (2001).  Plaintiff recognizes that none of these criteria applies to the Duke Defendants. (Compl. ¶¶ 4-7.)  Likewise, Duke has filed affidavits stating that none of these criteria apply.  (Hendricks Decl. ¶¶ 5-7.)  This is sufficient, without more, to render ineffective jurisdiction under § 13-422.  *See, e.g., Richard,* 946 F. Supp. at 68-69 (since plaintiff did not allege that defendant was domiciled in, organized under the laws of, or maintaining its

Suzette Richards v. Duke University, et. al.
Civil No. 1:06-cv-01179-RCL
Memorandum of Law in Support of Motion to Dismiss
Page 17 of 26

principal place of business in the District, and since defendant provided affidavits averring the

same, the court held that general personal jurisdiction under 13-422 was not present).

### B.    The Duke Defendants Are Not Doing Business in the District

Section 13-334 states:

> In an action against a foreign corporation doing business in the District [of
> Columbia], process may be served on the agent of the corporation or person
> conducting its business, or, when he is absent and can not be found, by leaving a
> copy at the principal place of business in the District, by leaving a copy at the
> place of business or residence or the agent in the District, and that service is
> effectual to bring the corporation before the court.

D.C. Code Ann. § 13-334(a) (2001). "This provision authorizes courts in this jurisdiction to

exercise 'general jurisdiction' over a foreign corporation as to claims not arising from the

corporation's conduct in the District, if the corporation is 'doing business' in the District." *Mays v.*

*Meeks,* No. 05-2116, 2006 U.S. Dist. LEXIS 16295, at *13-*14 (D.D.C. Apr. 5, 2006) (*citing*

*Gorman v. Ameritrade Holding Corp.*, 293 F.3d 506, 509 (D.C. Cir. 2002) (internal citations

omitted)).   Under § 13-334, general jurisdiction will apply to a non-resident defendant with a

"continuing corporate presence in the forum directed at advancing the corporation's objectives."

*El-Fadl v. Cent. Bank of Jordan*, 75 F.3d 668, 675 (D.C. Cir. 1996) (*citing AMAF Int'l Corp. v.*

*Ralston Purina Co.,* 428 A.2d 849, 851 (D.C. 1981)) (internal citations omitted).

In this case, Plaintiff did not effectuate service over the Duke Defendants in the District,

and the complaint does not identify any place of business in the District for any of the Duke

Defendants.   Moreover, it is well-established that even if a statutory basis upon which to assert

personal jurisdiction could be found, "the assertion of jurisdiction over a defendant also must

comport with Due Process." *Richard,* 946 F. Supp. at 68 (*citing International Shoe Co. v.*

Suzette Richards v. Duke University, et. al.
Civil No. 1:06-cv-01179-RCL
Memorandum of Law in Support of Motion to Dismiss
Page 18 of 26

*Washington*, 326 U.S. 310 (1945)). Since the "doing business" test of this statute is co-extensive with the due process requirements of the Constitution, this Court may only exercise general jurisdiction over a foreign corporation "whose contacts with the District of Columbia are so continuous and systematic that it could foresee being haled into a court in the District of Columbia." *Mays,* 2006 U.S. Dist. LEXIS 16295, at *13-*14; *see also Helicopteros Nacionales De Colombia, S.A. v. Hall,* 466 U.S. 408, 416 (1984) (no general jurisdiction even though foreign corporation sent its executive to the forum state for contract negotiations, accepted into its bank account checks drawn on a bank in the forum state, purchased equipment from the forum state and sent its personnel to the forum state for training); *Atlantigas Corp. v. Nisource, Inc.,* 290 F. Supp. 2d 34, 43-44 (D.D.C. 2003) ("Under the doctrine of general jurisdiction, a court may exercise personal jurisdiction over a non-resident defendant when that non-resident defendant has engaged in 'continuous and systematic general business contacts' in the forum, notwithstanding the fact that those contacts do not relate to the underlying cause of action."); *Bayles v. K-Mart Corp.,* 636 F. Supp. 852, 856 (D.D.C. 1986) (Section 13-334 requires that the defendant's contacts with the District be "both substantial and continuous").

Although residents of the District of Columbia from time to time attend Duke University either as undergraduates or law students (Hendricks Decl. ¶ 14), any limited activities by Duke that have led to or resulted from such attendance does not meet the requirements of the due process clause and as such is insufficient to confer jurisdiction. In *Beachboard v. Trs. of Columbia Univ.,* 475 A.2d 398 (D.C. Cir. 1984), the District of Columbia Court of Appeals explicitly held that specific personal jurisdiction did not exist and held implicitly that general jurisdiction did not apply. *Id.* A year after *Beachboard*, the Third Circuit set the standard for

Suzette Richards v. Duke University, et. al.
Civil No. 1:06-cv-01179-RCL
Memorandum of Law in Support of Motion to Dismiss
Page 19 of 26

jurisdictional analysis of out-of-state educational institutions, emphasizing that attendance and

revenue did not create a basis for general jurisdiction:

> The fact that some of St. George's students are Pennsylvania residents does not
> signify a relevant business contact. Advanced educational institutions typically
> draw their student body from numerous states, and appellants' theory would
> subject them to suit on non-forum related claims in every state where a member of
> the student body resides. Thus, the fact that residents of the state apply and are
> accepted for admission to St. George's is of no moment. For the same reason, the
> fact that St. George's may be said to derive some percentage of its revenue from
> Pennsylvania residents in return for services provided in Grenada does not subject
> it to *in personam* jurisdiction.

*Gehling v. St. George's Sch. of Med., Ltd.,* 773 F.2d 539, 542-43 (3d Cir. 1985).

"Following the Third Circuit's lead, other courts analyzing analogous cases have held that

an out-of-state school is not subject to general jurisdiction simply because it may draw students

from the forum state, receive revenue from the forum state through tuition or fundraising

activities, or have contacts with alumnae in the forum state." *Scherer v. Curators of the Univ. of

Missouri,* 152 F. Supp.2d 1278, 1283-84 (D. Kan. 2001) (*citing Gallant v. Trs. of Columbia

Univ.,* 111 F. Supp.2d 638, 640 (E.D. Pa. 2000) (no general jurisdiction despite the fact that

school's student body included Pennsylvania residents whose tuition generated income for the

school and the school held fundraising activities in Pennsylvania); *Park v. Oxford Univ.*, 35 F.

Supp.2d 1165, 1167 (N.D. Cal. 1997) (the fact that Oxford solicits money from California

residents as a "important form of fund-raising" is insufficient to establish general jurisdiction

over Oxford), *aff'd*, 165 F.3d 917 (9th Cir. 1998); *Norris v. Oklahoma City Univ.*, No. C-93-

1626-VRW, 1993 U.S. Dist. LEXIS 11349, at *2 (N.D. Cal. Aug. 3, 1993) (the fact that

university maintained contact with current students and alumni within forum state is insufficient

to constitute "continuous and systematic" contacts for purposes of general jurisdiction), *aff'd*, 21

Suzette Richards v. Duke University, et. al.
Civil No. 1:06-cv-01179-RCL
Memorandum of Law in Support of Motion to Dismiss
Page 20 of 26

F.3d 1115 (9th Cir. 1994); *Ross v. Creighton Univ.*, 740 F. Supp. 1319, 1323 (N.D. Ill. 1990) (no

general jurisdiction despite fact that significant number of forum residents attended out-of-state

school), *rev'd in part on other grounds*, 957 F.2d 410 (7th Cir. 1992)).

     Similarly, general recruiting activities of an out-of-state university in the forum state will

not give rise to general jurisdiction. *See, e.g., Scherer,* 152 F. Supp.2d at 1284 (finding that

"courts have held that an out-of-state school is not subject to general jurisdiction based on

general recruiting or solicitation efforts aimed at a particular state") (*citing Gallant*, 111 F. Supp.

2d at 640 (holding that general jurisdiction did not exist despite recruitment activities in

Pennsylvania)); *Hardnett v. Duquesne Univ.*, 897 F. Supp. 920, 923 (D. Md. 1995) (no general

jurisdiction over university even if  recruiter visited college fair in forum state and even if toll-

free number was made available to students in forum state to enable students to obtain more

information about university); *Ross*, 740 F. Supp. at 1323 (no general jurisdiction even assuming

college employed full-time recruiter in forum state to encourage residents to attend and

supported recruitment effort with direct-mail to prospective students in forum state).

     Not even the fact that some of Duke's adjunct faculty live in D.C. (Hendricks Decl. ¶ 16)

will confer general jurisdiction. *See, e.g., Scherer,* 152 F. Supp. 2d at 1284 (holding that "the

mere fact that the Law School employs Kansas residents is not sufficient to confer general

jurisdiction") (*citing Gallant*, 111 F. Supp. 2d at 642 (no general jurisdiction despite allegation

that employees of out-of-state school regularly traveled to forum state)); *Gelineau v. New York

Univ. Hosp.*, 375 F. Supp. 661, 666 (D.N.J. 1974) (noting that "[i]t is true that some of [the

hospital's] employees reside in New Jersey, but that, in and of itself, does not mean that New

York University Hospital does business in New Jersey, or wherever else its employees happen to

Suzette Richards v. Duke University, et. al.
Civil No. 1:06-cv-01179-RCL
Memorandum of Law in Support of Motion to Dismiss
Page 21 of 26

reside" and finding that hospital not subject to general jurisdiction).  In light of these established rules concerning out-of-state universities, the fact that Duke sends recruiters to D.C., receives students and revenue from D.C. and has faculty residing in D.C. is insufficient to establish "continuous and systematic" contact with the District and so, in turn, to confer general jurisdiction.

Because none of the Duke Defendants are domiciled in, organized under the laws of, or maintain their principal place of business in the District of Columbia, general jurisdiction under section 13-422 is inapplicable.  Similarly, since none of the Duke Defendants have a continuing corporate presence in the District that could be considered "continuous and substantial" and since student attendance and university recruiting do not confer jurisdiction, general jurisdiction under § 13-334 is also inapplicable.  Moreover, the assertion of jurisdiction over the Duke Defendants would not comport with Due Process.  Accordingly, Plaintiff's claims over the Duke Defendants must be dismissed pursuant to Fed. R. Civ. P. 12(b)(2).

## III.  THIS COURT MAY NOT REQUIRE NANNERL KEOHANE, A NON-RESIDENT OF THE DISTRICT, TO DEFEND THE CLAIMS BROUGHT AGAINST HER BY PLAINTIFF IN THIS JURISDICTION

Even if Plaintiff could demonstrate that this Court may exercise jurisdiction over Duke University, Duke University School of Law and the Board of Trustees (and, as noted, Plaintiff cannot do so), courts have emphasized that the contacts of each defendant must be assessed individually to determine if there is personal jurisdiction. *Atlantigas Corp. v. Nisource, Inc.,* 290 F. Supp. 2d 34, 42 (D.D.C. 2003) ("[P]laintiff cannot aggregate factual allegations concerning multiple defendants in order to demonstrate personal jurisdiction over any individual defendant."

Suzette Richards v. Duke University, et. al.
Civil No. 1:06-cv-01179-RCL
Memorandum of Law in Support of Motion to Dismiss
Page 22 of 26

(*citing Rush v. Savchuk*, 444 U.S. 320, 331-32 (1980)).  In other words, jurisdiction over

individual defendants does not exist simply because they are agents or employees of a

corporation amenable to jurisdiction. *Keeton v. Hustler Magazine, Inc*., 465 U.S. 770, 781

(1984); *see also Wiggins v. Equifax,* 853 F. Supp. 500, 503 (D.D.C. 1994) (finding that "a court

does not have jurisdiction over individual officers and employees of a corporation just because

the court has jurisdiction over the corporation").  In order to obtain personal jurisdiction over

employees or officers of a corporation in their individual capacities, jurisdiction "must be based

on their personal contacts with the forum and not their acts and contacts carried out solely in a

corporate capacity." *Id*.  Acts carried out within the scope of an individual's employment will

not constitute "personal contacts," nor will the supervision of other persons who have contacts

with the District. *Id*; *see also Richard v. Bell Atlantic Corp.,* 967 F. Supp. 40, 49 (D.D.C. 1997)

(finding that "the plaintiffs have failed to plead sufficient jurisdictional facts, because acts

committed within the scope of employment cannot be imputed to the individual defendants to

establish personal jurisdiction over them").

First and foremost, Plaintiff has not described *any* connection between Dr. Keohane and

the District of Columbia sufficient to meet the specific jurisdiction requirements of § 13-423.

"When jurisdiction over a person is based solely upon this section, only a claim for relief arising

from acts enumerated in this section may be asserted against him."  D.C. Code Ann. § 13-423(b)

(2001).  As argued above, Plaintiff does not allege and cannot demonstrate that Dr. Keohane has

transacted any business in Washington, D.C., that she has contracted to supply any services or

things here, that she has caused tortious injury by any acts or omissions in D.C., or that she

regularly does or solicits business, engages in any persistent course of conduct, has an interest in,

Suzette Richards v. Duke University, et. al.
Civil No. 1:06-cv-01179-RCL
Memorandum of Law in Support of Motion to Dismiss
Page 23 of 26

uses or possesses any property, or derives substantial revenue from goods used or consumed or services rendered in D.C. Therefore, even with the slight contacts that Dr. Keohane had with D.C. while President of Duke (Keohane Decl. ¶ 9) § 13-423 will not confer specific personal jurisdiction as none of Plaintiff's claims arise out of those contacts.

Second, this Court can not exercise general jurisdiction under § 13-344 as it applies only to corporations and not to individuals. *See Mays v. Meeks,* No. 05-2116, 2006 U.S. Dist. LEXIS 16295, at *14 (D.D.C. Apr. 5, 2006) ("[G]iven the fact that Defendant is a non-resident individual sued in his personal capacity, Section 13-334(a) is arguably inapplicable to him"); *Etchebarne-Bourdin v. Radice,* 124 WLR 2253, 2261 (D.C. Super. Ct. 1996) ("By its plain language . . . [§ 13-] 334 applies only to corporate defendants. Thus, plaintiffs cannot use [§ 13-334] to obtain jurisdiction over either Dr. Gayres or Dr. Radice individually."). Moreover, Plaintiff has not alleged that Dr. Keohane personally conducted any business in D.C. or otherwise had any contact with the District while she was President of Duke University that would subject her to personal jurisdiction in D.C. *See Mays,* 2006 U.S. Dist. LEXIS 16295, at *14-*15 ("[G]iven the fact that Plaintiff has not alleged or established that Defendant conducts business within the District of Columbia, Section 13-334(a) clearly provides no basis for this Court to assert jurisdiction over Defendant.").

Third, this Court cannot exercise jurisdiction under § 13-422 as it applies only to a party that is "domiciled in, organized under the laws of, or maintaining his or its principal place of business in, the District of Columbia." D.C. Code Ann. § 13-422 (2001). Dr. Keohane is not domiciled in D.C. nor was she at the time the complaint was filed. (Keohane Decl. ¶¶ 2-3.) Moreover, Plaintiff has not alleged that Dr. Keohane is domiciled in the District. This is

Suzette Richards v. Duke University, et. al.
Civil No. 1:06-cv-01179-RCL
Memorandum of Law in Support of Motion to Dismiss
Page 24 of 26

sufficient to render § 13-422 inapplicable. *See Richard,* 967 F. Supp. at 49 ("[T]he plaintiffs had

pled no allegations regarding residences or principal places of business of any of the individual

defendants sufficient to show general jurisdiction over them under § 13-422 of the D.C. Code.").

    As set forth above, this Court cannot exercise jurisdiction over the University, the Law

School or the Trustees. Plaintiff's assertion that Nannerl Keohane can be required to defend here

also fails. The undisputed facts demonstrate that not one of the provisions of D.C.'s long-arm

statute provide jurisdiction over Dr. Keohane. The Court cannot exert specific jurisdiction under

§ 13-423 because Dr. Keohane has never engaged in any of the necessary activities. (*See*

*generally* Keohane Decl.) It cannot exert general jurisdiction under § 13-334 or § 13-422

because Dr. Keohane is neither a corporation nor a resident of the District. Since it is impossible

for personal jurisdiction over Dr. Keohane to comport with any of the provision of the D.C.

Code, any such attempt to exert it must be rejected.

## <u>CONCLUSION</u>

    It is clear that courts in this jurisdiction have required non-residents to litigate here only

when those non-residents have established some sufficiently purposeful connection with the

District of Columbia. Neither Duke University, Duke University School of Law, the Board of

Trustees nor Nannerl Keohane has done so.

    Accordingly, this Court should enter an order DISMISSING Plaintiff's Complaint against

Duke Defendants, and awarding them such other and further relief as this Court deems

appropriate, including their costs and attorneys' fees.

Suzette Richards v. Duke University, et. al.
Civil No. 1:06-cv-01179-RCL
Memorandum of Law in Support of Motion to Dismiss
Page 25 of 26

Respectfully submitted,

DATED: July 21, 2006                **OGLETREE, DEAKINS, NASH, SMOAK &
                                    STEWART, PC**

                          By:    ____/s/_____
                                 MICHAEL J. MURPHY
                                 2400 N Street, N.W.
                                 Fifth Floor
                                 Washington, D.C. 20037
                                 Telephone: (202) 887-0855
                                 Facsimile:  (202) 887-0866


                                 SIMONE R. D. FRANCIS*
                                 Ogletree, Deakins, Nash, Smoak & Stewart, LLC
                                 The Tunick Building, Suite 202
                                 1336 Beltjen Road
                                 St. Thomas, USVI 00802
                                 Telephone: (340) 714-1235
                                 Facsimile:  (340) 714-1245


                                 Attorneys for Duke University,
                                 Duke University School of Law,
                                 Duke University Board of Trustees
                                 and Nannerl Keohane

*  Application for admission pro hac vice pending.

Suzette Richards v. Duke University, et. al.
Civil No. 1:06-cv-01179-RCL
Memorandum of Law in Support of Motion to Dismiss
Page 26 of 26

## **CERTIFICATE OF SERVICE**

I certify that on this 21 day of July, 2006, a true and correct copy of the foregoing document was served by placing same in the United States mail, postage prepaid, addressed to:

Richard Hunter, Esq.
Hunter, Cole & Bennett
Pentheny Bld., 3rd Floor
1138 King Street, Suite 301
Christiansted, St. Croix
U.S. Virgin Islands  00820

Henry Feuerzeig, Esq.
Dudley, Topper & Feuerzeig
1A Frederiksberg Gade
P.O. Box 756
St. Thomas
U.S. Virgin Islands 00804-0756

Benton G. Peterson, Esq.
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Room E4905
Washington, D.C.  20530

Suzette Richards, Esq.
P.O. Box 223875
Christiansted, St. Croix
U.S. Virgin Islands  00822-3875

Charles E. Buffon, Esq.
Harry B. Roback, Esq.
Covington & Burlington LLP
1201 Pennsylvania Avenue, N.W.
Washington, D.C.  20004

Elisabeth A. O'Brien, Esq.
Williams & Connolly, LLP
725 Twelfth Street, NW
Washington D.C.  20005

_____/s/_____
MICHAEL J. MURPHY