IN THE DISTRICT COURT OF THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SUZETTE RICHARDS, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | CIVIL NO.  1:06-cv-01179-RCL |
| | ) | |
| DUKE UNIVERSITY, DUKE UNIVERSITY | ) | ACTION FOR DAMAGES |
| SCHOOL OF LAW, DUKE UNIVERSITY | ) | DISCRIMINATION AND |
| BOARD OF TRUSTEES, NANNERL KEOHANE, | ) | DECLARATORY AND |
| in her personal and official capacity as president of | ) | INJUCTIVE RELIEF |
| Duke University, and others, | ) | |
| | ) | |
| Defendants | ) | |

### DUKE UNIVERSITY DEFENDANTS' MEMORANDUM
### OF LAW IN SUPPORT OF MOTION TO DISMISS
### PURSUANT TO RULE 12(b)(1) AND RULE 12(b)(6)

Defendants Duke University, Duke University School of Law, Duke University Board of Trustees and Nannerl Keohane ("Duke"), through their counsel, Ogletree, Deakins, Nash, Smoak & Stewart, LLC, file this memorandum in support of their Motion to Dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure and, in the alternative, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  In support, Duke shows as follows:

### FACTS

Duke incorporates by reference the facts laid out by Georgetown University in pages two (2) to eleven (11) of their Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1).  In addition, Duke states that Duke University and Duke University School of Law are private educational institutions located in Durham, North Carolina and are citizens of North Carolina. (Compl. ¶¶ 4, 5.)  Duke University Board of Trustees ("the Board") is an elected

Suzette Richards v. Duke University, et. al.
Civil No. 1:06-cv-01179-RCL
Memorandum of Law in Support of Motion to Dismiss Pursuant to Rule 12(b)(1) and 12(b)(6)
Page 2

board of thirty-six (36) members. *Id.* ¶ 6. The membership changes every two years and the Board has no independent corporate identity. (Declaration of Kate S. Hendricks ("Hendricks Decl.") ¶ 12.) Ms. Nannerl Keohane was formerly President of Duke University and now resides in, and is a citizen of, the state of New Jersey. (Declaration of Nannerl Keohane ("Keohane Decl.") ¶¶ 2-3.)

Plaintiff, Suzette Richards, is a resident of St. Croix, U.S. Virgin Islands. (Compl. ¶ 3.) She attended Duke University from the fall of 1992 to the spring of 1996. *Id.* ¶ 28. She attended Duke University School of Law from the fall of 1997 to the spring of 1998 and then transferred to Georgetown Law. *Id.* ¶¶ 31-32. Plaintiff graduated from Georgetown Law in the spring of 2000. *Id.* ¶ 32.

Plaintiff alleges that Duke Defendants discriminated against her while she attended the Duke University School of Law. *Id.* ¶¶ 37-42. She also alleges a broad conspiracy and that "[f]rom the end of Plaintiff's first year of law school, the Duke Defendants conspired with the Government Defendants to illegally place Plaintiff under electronic surveillance to obtain information to continue to discriminate against Plaintiff, as well as to harass, humiliate, degrade, demean, and terrorize Plaintiff." *Id.* ¶ 38. She also alleges that "[a]fter Plaintiff transferred to Georgetown Law, the Duke Defendants conspired with the Georgetown Defendants and the Government Defendants to continue to illegally keep Plaintiff under electronic surveillance and to discriminate against Plaintiff," *id.* ¶ 39, and that the conspiracy has now spread to world-wide proportions. *Id.* ¶¶ 46, 47. According to Plaintiff, the surveillance conspiracy is in fact a conspiracy within a conspiracy. *Id.* ¶¶ 57, 58. Allegedly, Defendants "fear that if Plaintiff is not kept under this surveillance, Plaintiff

Suzette Richards v. Duke University, et. al.
Civil No. 1:06-cv-01179-RCL
Memorandum of Law in Support of Motion to Dismiss Pursuant to Rule 12(b)(1) and 12(b)(6)
Page 3

may have a relationship with a man who is both white and wealthy," *id.* ¶ 57, and this "would interfere with the existing ongoing conspiracy that they have put in place to harass and retaliate against Plaintiff because she objected to the discrimination that exists at Duke Law." *Id.* ¶ 58.

## **ARGUMENT**

I.   **ALL COUNTS SHOULD BE DISMISSED PURSUANT TO RULE 12(b)(1) BECAUSE THEY ARE SO ATTENUATED AND UNSUBSTANTIAL THAT THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER THE CLAIMS**

Duke joins and incorporates by reference Georgetown University's argument of this matter in its entirety as set forth in pages eleven (11) to sixteen (16) of its Motion to Dismiss. Duke adds that the allegations made against it and against Dr. Keohane are as ludicrous and unsubstantial as the allegations made against Georgetown University and the other Defendants. The allegations are so attenuated and delusion that they cannot form the basis of any claim that would withstand dismissal pursuant to Fed. R. Civ. P. 12(b)(1). Therefore, Duke respectfully requests that all claims against Duke Defendants and Dr. Keohane be dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

II.  **ALL COUNTS SHOULD BE DISMISSED PURSUANT TO THIS COURT'S INHERENT AUTHORITY UNDER RULE 12(b)(6)**

Duke joins and incorporates by reference Georgetown University's argument of this matter in its entirety as set forth in pages sixteen (16) to eighteen (18) of its Motion to Dismiss. Duke respectfully requests that all claims against Duke Defendants and Dr. Keohane be dismissed pursuant to this Court's inherent authority pursuant to Fed. R. Civ. P.

Suzette Richards v. Duke University, et. al.
Civil No. 1:06-cv-01179-RCL
Memorandum of Law in Support of Motion to Dismiss Pursuant to Rule 12(b)(1) and 12(b)(6)
Page 4

12(b)(6). Duke expressly reserves the right to file supplemental motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on any additional substantive grounds.

## CONCLUSION

WHEREFORE, Duke respectfully requests that this Court dismiss Plaintiff's Complaint in its entirety and award Defendants all reasonable fees and costs incurred in defending this matter.

Respectfully submitted,

DATED: July 21, 2006           **OGLETREE, DEAKINS, NASH, SMOAK & STEWART, PC**

By:    /s/_____
MICHAEL J. MURPHY
2400 N Street, N.W.
Fifth Floor
Washington, D.C. 20037
Telephone: (202) 887-0855
Facsimile:  (202) 887-0866


SIMONE R. D. FRANCIS
Ogletree, Deakins, Nash, Smoak & Stewart, LLC
The Tunick Building, Suite 202
1336 Beltjen Road
St. Thomas, USVI 00802
Telephone: (340) 714-1235
Facsimile:  (340) 714-1245


Attorneys for Duke University,
Duke University School of Law,
Duke University Board of Trustees
and Nannerl Keohane

Suzette Richards v. Duke University, et. al.
Civil No. 1:06-cv-01179-RCL
Memorandum of Law in Support of Motion to Dismiss Pursuant to Rule 12(b)(1) and 12(b)(6)
Page 5

## **CERTIFICATE OF SERVICE**

I certify that on this 21 day of July, 2006, a true and correct copy of the foregoing document was served by placing same in the United States mail, postage prepaid, addressed to:

Richard Hunter, Esq.
Hunter, Cole & Bennett
Pentheny Bld., 3rd Floor
1138 King Street, Suite 301
Christiansted, St. Croix
U.S. Virgin Islands  00820

Henry Feuerzeig, Esq.
Dudley, Topper & Feuerzeig
1A Frederiksberg Gade
P.O. Box 756
St. Thomas
U.S. Virgin Islands 00804-0756

Benton G. Peterson, Esq.
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Room E4905
Washington, D.C.  20530

Suzette Richards, Esq.
P.O. Box 223875
Christiansted, St. Croix
U.S. Virgin Islands  00822-3875

Charles E. Buffon, Esq.
Harry B. Roback, Esq.
Covington & Burlington LLP
1201 Pennsylvania Avenue, N.W.
Washington, D.C.  20004

Elisabeth A. O'Brien, Esq.
Williams & Connolly, LLP
725 Twelfth Street, NW
Washington D.C.  20005


_____/s/_____
MICHAEL J. MURPHY