**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SUZETTE RICHARDS, ) | |
| ) | |
| PLAINTIFF, ) | CIVIL NO. 06-01179 (RCL) |
| ) | |
| v. ) | ACTION FOR DAMAGES, |
| ) | DISCRIMINATION, AND |
| DUKE UNIVERSITY, DUKE UNIVERSITY ) | DECLARATORY AND |
| SCHOOL OF LAW, DUKE UNIVERSITY ) | INJUNCTIVE RELIEF |
| BOARD OF TRUSTEES, NANNERL ) | |
| KEOHANE, in her personal and official ) | |
| Capacity as President of Duke University, ) | |
| GEORGETOWN UNIVERSITY, ) | |
| GEORGETOWN UNIVERSITY LAW CENTER, ) | |
| ALBERTO GONZALES, in his official capacity ) | |
| as Attorney General of the United States, ) | |
| FEDERAL BUREAU OF INVESTIGATION, ) | |
| U.S. DEPARTMENT OF JUSTICE, ) | **JURY TRIAL DEMANDED** |
| JOHN AND JANE DOES 1-10, ) | |
| WILLIAM H. GATES, III, in his personal and ) | |
| official capacity as Chairman of Microsoft ) | |
| Corporation, STEVE BALLMER, in his personal ) | |
| and official capacity as Chief Executive Officer ) | |
| of Microsoft Corporation, MICROSOFT ) | |
| CORPORATION, MICROSOFT EMPLOYEES ) | |
| A-J, and MELINDA GATES, ) | |
| ) | |
| DEFENDANTS. ) | |
| ) | |

**PLAINTIFF'S MOTION TO STRIKE ALL EXHIBITS THAT HAVE BEEN FILED WITH DEFENDANT GEORGETOWN UNIVERSITY'S MOTION TO DISMISS AND TO FURTHER STRIKE ALL REFERENCES TO SAID EXHIBITS**

**COMES NOW** Plaintiff, *pro se*, and hereby moves this Court to strike all of the exhibits that Defendant Georgetown University has attached in support of its Motion to Dismiss pursuant to Rule 12(b)(1) and Rule 12(b)(6). In addition, Plaintiff moves to strike any of the text in Georgetown University's motion, as well as the Duke Defendants, the Microsoft Defendants and

*Suzette Richards v. Duke University, et al.*
Civil no. 06-01179 (RCL)
Plaintiff's Motion to Strike all Exhibits that have been filed with Defendant Georgetown University's Motion to Dismiss and to further Strike all References to said Exhibits
Page 2

the Government Defendants Motions to Dismiss, *see* V.I. Docket 211, 219, D.C. Docket 11, 18, that relies on or in any way references any of these exhibits.

On July 13, 2006, Georgetown University filed a motion to dismiss pursuant to Rule 12(b)(1) and what it called "the Court's inherent authority pursuant to Rule 12(b)(6)." D.C. Docket 11. In support of this motion, Georgetown University attached Dr. Rita Dudley-Grant's report and her curriculum vitae, and also Dr. Olaf Hendricks' report, curriculum vitae, and a listing of cases in which he has testified, as exhibits to the motion. *See id.* Georgetown University also made extensive references to these exhibits in its motion and further relied on conclusions from these exhibits. *See id.* at 8-11, 15-17.

The Duke Defendants joined in and incorporated parts of Georgetown University's motion where Georgetown University relied on conclusions from these exhibits. D.C. Docket at 18. The Microsoft Defendants relied on Dr. Hendricks' report in support of its motion to dismiss pursuant to Rule 12(b)(1), *see* V.I. Docket 219 at 5-7, and the Government Defendants invited this Court to use the reports of Dr. Dudley-Grant and Dr. Hendricks "to put the allegations in the Amended Complaint in proper perspective" in support of its motion to dismiss pursuant to Rule 12(b)(1). *See* V.I. Docket 211 at 9. Plaintiff now moves this Court to strike all of the exhibits that have been attached to Georgetown University's Motion to Dismiss and to further strike any parts of the text of that motion, or the motions of the Duke Defendants, the Government Defendants, or the Microsoft Defendants' that relies on or in anyway references these exhibits.

It is well established that the determination as to whether this Court has subject matter jurisdiction over the claims in Plaintiff's Complaint constitutes a question of law to be decided by the Court. *See e.g. Madsen v. United States*, 841 F.2d 1011, 1012 (10th Cir. 1987). Indeed, it

*Suzette Richards v. Duke University, et al.*
Civil no. 06-01179 (RCL)
Plaintiff's Motion to Strike all Exhibits that have been filed with Defendant Georgetown University's Motion to Dismiss and to further Strike all References to said Exhibits
Page 3

is the duty of this Court to review the allegations in the Complaint and then make an assessment of whether the allegations are, as a matter of law, sufficient to invoke the subject matter jurisdiction of this Court. *See e.g., Best v. Kelly*, 39 F.3d 328, 330-31 (D.C. Cir. 1994); *Hilska v. Jones*, 297 F. Supp. 2d 82, 89 (D.D.C. 2003); *see also Tate v. Burke*, 131 F.R.D. 363, (D.D.C. 1990) (reviewing allegations in complaint, and invoking court's inherent authority to dismiss complaint, *sua sponte*, where court concluded allegations were without factual and legal basis). As such, it is irrelevant what Dr. Dudley-Grant or Dr. Hendricks may think of the allegations in Plaintiff's Complaint, and their opinions of the allegations in Plaintiff's Complaint must not be considered by this Court.

Indeed, as the Court of Appeals for the District of Columbia stated in *Weston v. Washington Metro. Transit Auth.*, 78 F.3d 682, 684 n.4 (D.C. Cir. 1996), "[a]n expert may not deliver legal conclusions on domestic law, for legal principles are outside the witness' area of expertise under Federal Rule of Evidence 702". In fact, "[t]he rule prohibiting experts from providing their legal opinions or conclusions is 'so well-established that it is often deemed a basic premise or assumption of evidence law – a kind of axiomatic principle'." *In re: Initial Public Offering Securities Litigation*, 174 F. Supp. 2d 61, 64 (S.D.N.Y. 2001). Here, the defendants reference to and reliance on the reports of Dr. Dudley-Grant and Dr. Hendricks are nothing more than attempt to proffer legal conclusions in the guise of purported medical opinion, and as such, they can not be considered by this Court.

It should also be noted that Dr. Dudley-Grant and Dr. Hendricks' reports would not even be admissible in a trial in this matter, and as such, should not be admissible at any other stage. A trial court may admit expert testimony when "scientific, technical or other specialized knowledge

*Suzette Richards v. Duke University, et al.*
Civil no. 06-01179 (RCL)
Plaintiff's Motion to Strike all Exhibits that have been filed with Defendant Georgetown University's Motion to Dismiss and to further Strike all References to said Exhibits
Page 4

will assist the trier of fact to understand evidence or to determine a fact in issue." Fed. R. Evid. 702. However, before a Court admits scientific testimony, "the trial court must ensure that it is scientifically valid – that it is both reliable and relevant." *Nichols v. American Natl. Ins. Co.*, 154 F.3d 875, 883 (8th Cir. 1998) (citing *Daubert v. Merrill Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993)). "The reliability inquiry is a flexible one, but factors to consider include: (1) whether the reasoning or methodology underlying the testimony can be and has been tested; (2) whether it has been subjected to peer review and publication; (3) what the known or potential rate of error is; and (4) the degree of acceptance within the relevant scientific community." *Nichols*, 154 F.3d at 883. "The relevancy of the testimony depends on whether it can properly be applied to assist the trier of fact to decide facts in issue." *Id.* "Such evidence is not helpful if it draws inferences or reaches conclusions within the jury's competence or within an exclusive function of the jury." *Id.*

In the case *sub judice*, however, the reports that have been submitted by Dr. Dudley-Grant and Dr. Hendricks are not reliable or relevant. Indeed, the reports, which amount to Dr. Dudley-Grant's and Dr. Hendricks' personal opinion of the allegations in Plaintiff's Complaint, were originally filed in connection with the defendants failed attempt to have the Court declare Plaintiff incompetent and have a guardian *ad litem* appointed to represent her. While the Magistrate Judge relied on Dr. Hendricks' and Dr. Dudley-Grant's report to appoint a guardian *ad litem*, and the District Court Judge affirmed his decision, Plaintiff appealed all the way to the Court of Appeals for the Third Circuit, which ultimately **vacated** the District Court's Order that affirmed the appointment of a guardian *ad litem*. *See Richards*, 2006 WL 162652 at 3. In vacating the District Court's Order, the Third Circuit rejected the conclusions that Dr. Dudley-

*Suzette Richards v. Duke University, et al.*
Civil no. 06-01179 (RCL)
Plaintiff's Motion to Strike all Exhibits that have been filed with Defendant Georgetown University's Motion to Dismiss and to further Strike all References to said Exhibits
Page 5

Grant and Dr. Hendricks had reached, and instead concluded, after reviewing information in the record, that Plaintiff was competent to proceed *pro se*. *See id.* As such, in light of the Third Circuit's decision in this case, it is simply improper for this Court to consider any of the conclusions that were reached by Dr. Hendricks and Dr. Dudley-Grant when the Third Circuit has already rejected these conclusions, and held that these conclusions resulted from an erroneous application of law. *See id.*

In addition, the reports of Dr. Dudley-Grant and Dr. Hendricks are not relevant as they purport to weigh the allegations in Plaintiff's Complaint, which is necessarily Plaintiff's testimony in this case, and further advise as to Plaintiff's credibility, when these tasks are within an exclusive function of the jury. *See Nichols*, 154 F.3d at 883. In *Nichols*, the plaintiff had sued her former employer, alleging sexual harassment and constructive discharge in violation of Title VII of the Civil Rights Act of 1964. *Id.* at 878. The plaintiff had alleged that she had been subject to a hostile working environment, that the abusive treatment was based on her sex, that the treatment affected her term, condition, or privilege of her employment, that she had reported the conduct to several managers, and that she was ultimately forced to resign because her working conditions had become intolerable. *Id.*

At trial, the defendant's expert was permitted to testify that the plaintiff "exhibited poor 'psychiatric credibility' and that her story was unreliable". *Id.* The defendant's expert defined "poor psychiatric credibility" as the plaintiff having a poor ability to assess the cause of her psychological state or to report her psychological symptoms accurately. *Id.* at 882. The defendant's expert went on to testify that the plaintiff had "difficulty interpreting social settings and a tendency to blur fantasy with reality." *Id.* The plaintiff objected to the admission of this

*Suzette Richards v. Duke University, et al.*
Civil no. 06-01179 (RCL)
Plaintiff's Motion to Strike all Exhibits that have been filed with Defendant Georgetown University's Motion to Dismiss and to further Strike all References to said Exhibits
Page 6

testimony arguing that the testimony was not a proper subject for expert testimony as the testimony usurped the role of the jury. *Id.* On appeal, the Court held that it was erroneous for the trial court to have admitted the testimony of the defendant's expert because the testimony was a thinly veiled comment on the plaintiff's credibility which usurped the role of the jury. *Id.* at 884. As the Court explained in *Nichols*, the defendant's expert "sought to answer the very question at the heart of the jury's task – could [the plaintiff] be believed?" *Id.* at 883.

Nevertheless, in the case *sub judice*, this is precisely what both Dr. Dudley-Grant and Dr. Hendricks have done – they have sought to answer the question that would ultimately have to be decided by a jury, and that is whether Plaintiff can be believed. Both Dr. Hendricks and Dr. Dudley-Grant have offered an opinion about the truthfulness of the allegations in Plaintiff's Complaint, which is necessarily Plaintiff's testimony in this case. Dr. Hendricks, in giving his report, usurped the role of the jury, by weighing the allegations in Plaintiff's Complaint, and impugning Plaintiff's credibility, by stating that Plaintiff suffered from some type of delusional disorder, and the allegations in Plaintiff's Complaint demonstrated delusional thinking. As such, it would be erroneous for any jury to consider it. *See id.*, 154 F.3d at 881-84 (holding trial court erred in admitting expert testimony that impugned psychiatric credibility of employee and usurped role of jury). For these same reasons, a jury's consideration of Dr. Dudley-Grant's report, which was solely based on the allegations in Plaintiff's Complaint and First Amended Complaint, and her weighing of the allegations in Plaintiff's Complaint, which she used to impugn Plaintiff's credibility, would also be erroneous. *Id.* at 883. As Plaintiff has already noted above, "[i]t is plain error to admit testimony that is a thinly veiled comment on a witness's credibility." *Id.* at 884.

*Suzette Richards v. Duke University, et al.*
Civil no. 06-01179 (RCL)
Plaintiff's Motion to Strike all Exhibits that have been filed with Defendant Georgetown University's Motion to Dismiss and to further Strike all References to said Exhibits
Page 7

  This is not the first time, since the Third Circuit ruled on the competency issue, that Georgetown University has submitted the reports of Dr. Dudley-Grant and Dr. Hendricks in support of one its motion. On April 17, 2006, Plaintiff filed a motion to have Magistrate Judge George W. Cannon, Jr., recuse himself from presiding over the proceedings in this case because he was biased against Plaintiff. V.I. Docket 183. By Order dated April 18, 2006, Magistrate Cannon, without awaiting a response from any of the defendants, granted Plaintiff's motion, and recused himself. V.I. Docket 184. Thereafter, on April 24, 2006, Defendant Georgetown University filed a motion, pursuant to LRCi 7.4,[1] to have Magistrate Cannon reconsider and vacate his April 18, 2006 Order because it claimed the premature granting of the motion was manifestly unjust and that "[t]he services of Magistrate Judge Cannon [were] important to facilitate the pretrial processing of this lawsuit." *See* V.I. Docket 187, Def. Georgetown Univ. Mot. to Reconsider and Vacate Apr. 18, 2006 Order at 2, 11.

  Of course, it must be noted that Georgetown University's motion, which asked a judge who had recused himself to reconsider and vacate his recusal order, was always entirely without merit, as it is well established that "[o]nce a judge has disqualified himself, he or she may enter no further orders in the case" and "[h]is power is limited to performing ministerial duties necessary to transfer the case to another judge." *Moody v. Simmons*, 858 F.2d 137, 143 (3d Cir. 1988); *El Fenix de Puerto Rico v. The M/Y Johanny*, 36 F.3d 136, 141 (1st Cir. 1994); *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 457 (5th Cir. 1996); *Stringer v. United States*, 233 F.2d 947, 948

---

[1] In the District of the Virgin Islands, a party may, pursuant to Rule 7.4 of the Local Rules of Civil Procedure, "file a motion asking a judge or magistrate judge to reconsider an order or decision made by the judge or magistrate judge. . . based on 1) [an] intervening change in controlling law; 2) availability of new evidence, or; 3) the need to correct clear error or prevent manifest injustice." LRCi.7.4.

*Suzette Richards v. Duke University, et al.*
Civil no. 06-01179 (RCL)
Plaintiff's Motion to Strike all Exhibits that have been filed with Defendant Georgetown University's Motion to Dismiss and to further Strike all References to said Exhibits
Page 8

(9th Cir. 1956). Indeed, even if a party moves the judge to reconsider the recusal order, the judge does not have the authority to rule on the motion, and can not even vacate the order. *See El Fenix de Puerto Rico*, 36 F.3d at 141-42; *Doddy*, 101 F.3d at 457-58.

    Nevertheless, Georgetown University not only filed its motion to reconsider, but in support of the motion, it attached Dr. Rita Dudley-Grant's report and her curriculum vitae, and also Dr. Olaf Hendricks' report, curriculum vitae, and a listing of cases in which he has testified, as exhibits to the motion. *See* V.I. Docket 187, Def. Georgetown Univ.'s Mot. to Reconsider and Vacate. Defendant Georgetown University also made references to these exhibits in various parts of its motion. *See id.* at 4, 5 & 12. Indeed, even though a determination as to whether or not a judge should be disqualified is solely a question of law, *see In re City of Houston*, 745 F.2d 925, 927 (5th Cir. 1984), Georgetown University nevertheless submitted Dr. Hendricks and Dr. Dudley-Grant's reports because they claimed that the facts that Plaintiff stated as a basis for her recusal motion could not warrant recusal of Magistrate Cannon, because of the opinions that Dr. Dudley-Grant and Dr. Hendricks have of the allegations in Plaintiff's Complaint. *See* V.I. Docket 187 at 4, 5 & 12. Plaintiff was already preparing her Opposition to their motion, along with her motion to strike the exhibits and references to the exhibits, when she received a copy of an Order that had been entered by District Court Judge James Giles wherein, without awaiting a response from any of the parties, he had gone ahead and DENIED the motion. *See* V.I. Docket 192.

    Plaintiff submits that the defendants must not be allowed to submit or in anyway rely on Dr. Dudley-Grant's and Dr. Hendricks' reports, when it is clear that the reports are inadmissible. Accordingly, for all of the foregoing reasons, Plaintiff moves this Court to strike all of the

*Suzette Richards v. Duke University, et al.*
Civil no. 06-01179 (RCL)
Plaintiff's Motion to Strike all Exhibits that have been filed with Defendant Georgetown University's Motion to Dismiss and to further Strike all References to said Exhibits
Page 9

exhibits that Georgetown University has attached in support of its Motion to Dismiss pursuant to Rule 12(b)(1) and Rule 12(b)(6). D.C. Docket 11. In addition, Plaintiff moves to strike any part of the text of Georgetown University's motion, as well as the Duke Defendants, the Microsoft Defendants and the Government Defendants Motion to Dismiss, *see* V.I. Docket 211, 219, D.C. Docket at 11, 18, that relies on or in any way references any of these exhibits.

                                                                Respectfully submitted,
                                                                ATTORNEY FOR PLAINTIFF,

DATED: July 26, 2006

                                                                Suzette Richards, Esquire, *Pro Se*
                                                                P.O. Box 223875
                                                                Christiansted, St. Croix  00822-3875
                                                                Telephone: (340) 277-4808
                                                                Fax: (340) 772-5785

*Suzette Richards v. Duke University, et al.*
Civil no. 06-01179 (RCL)
Plaintiff's Motion to Strike all Exhibits that have been filed with Defendant Georgetown University's Motion to Dismiss and to further Strike all References to said Exhibits
Page 10

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of July, 2006, a true and exact copy of the foregoing document was caused to be served via the United States Postal Service, first class postage prepaid, upon:

Simone R. D. Francis, Esq.
Ogletree, Deakins, Nash, Smoak & Stewart, L.L.C.
The Tunick Building, Suite 202
1336 Beltjen Road
St. Thomas, U.S. Virgin Islands 00802

Michael J. Murphy, Esq.
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
2400 N Street, N.W., Fifth Floor
Washington, D.C. 20037

Henry Feuerzeig, Esq.
Dudley, Topper & Feuerzeig
1A Frederiksberg Gade
P.O. Box 756
St. Thomas, V.I. 00804

Charles E. Buffon, Esq.
Harry B. Roback, Esq.
Covington & Burling LLP
1201 Pennsylvania Avenue, N.W.
Washington, D.C. 20004

Richard Hunter, Esq.
Hunter, Cole & Bennett
Pentheny Bld., 3rd Floor
1138 King Street, Suite 301
Christiansted, St. Croix 00820

Elizabeth O'Brien, Esq.
Williams & Connolly LLP
725 Twelfth Street
Washington, D.C. 20002

Benton G. Peterson, Esq.
Assistant United States Attorney
Judiciary Center Building
Civil Division
555 4th St., N.W., Room E4905
Washington, D.C. 20530

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SUZETTE RICHARDS, | ) | |
| | ) | |
| PLAINTIFF, | ) | CIVIL NO. 06-01179 (RCL) |
| | ) | |
| v. | ) | ACTION FOR DAMAGES, |
| | ) | DISCRIMINATION, AND |
| DUKE UNIVERSITY, DUKE UNIVERSITY | ) | DECLARATORY AND |
| SCHOOL OF LAW, DUKE UNIVERSITY | ) | INJUNCTIVE RELIEF |
| BOARD OF TRUSTEES, NANNERL | ) | |
| KEOHANE, in her personal and official | ) | |
| Capacity as President of Duke University, | ) | |
| GEORGETOWN UNIVERSITY, | ) | |
| GEORGETOWN UNIVERSITY LAW CENTER, | ) | |
| ALBERTO GONZALES, in his official capacity | ) | |
| as Attorney General of the United States, | ) | |
| FEDERAL BUREAU OF INVESTIGATION, | ) | |
| U.S. DEPARTMENT OF JUSTICE, | ) | **JURY TRIAL DEMANDED** |
| JOHN AND JANE DOES 1-10, | ) | |
| WILLIAM H. GATES, III, in his personal and | ) | |
| official capacity as Chairman of Microsoft | ) | |
| Corporation, STEVE BALLMER, in his personal | ) | |
| and official capacity as Chief Executive Officer | ) | |
| of Microsoft Corporation, MICROSOFT | ) | |
| CORPORATION, MICROSOFT EMPLOYEES | ) | |
| A-J, and MELINDA GATES, | ) | |
| | ) | |
| DEFENDANTS. | ) | |

## ORDER

This matter, having come before the Court on Plaintiff's Motion to Strike all Exhibits that have been filed with Defendant Georgetown University's Motion to Dismiss and to further Strike all References to said Exhibits, and the Court having been advised in its premises, it is hereby

**ORDERED** that Plaintiff's motion is **GRANTED**. It is further

*Suzette Richards v. Duke University, et al.*
Civil no. 06-01179 (RCL)
Order on Plaintiff's Motion to Strike all Exhibits that have been filed with Defendant Georgetown University's Motion to Dismiss and to further Strike all References to said Exhibits
Page 2

**ORDERED** that all of the exhibits that have been attached to Georgetown University's Motion to Dismiss are hereby **STRICKEN** from the record in this case. It is further

**ORDERED** that any reference to, or reliance on, any of these exhibits, in any of the defendants' motions to dismiss, are hereby **STRICKEN** from the record in this case.

**SO ORDERED.**

DATED: _____

_____
Royce C. Lamberth
United States District Judge for the
District of Columbia