# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SUZETTE RICHARDS, | ) | |
| | ) | |
| PLAINTIFF, | ) | CIVIL NO. 06-1179 (RCL) |
| | ) | |
| v. | ) | ACTION FOR DAMAGES, |
| | ) | DISCRIMINATION, AND |
| DUKE UNIVERSITY, DUKE UNIVERSITY | ) | DECLARATORY AND |
| SCHOOL OF LAW, DUKE UNIVERSITY | ) | INJUNCTIVE RELIEF |
| BOARD OF TRUSTEES, NANNERL | ) | |
| KEOHANE, in her personal and official | ) | |
| Capacity as President of Duke University, | ) | |
| GEORGETOWN UNIVERSITY, | ) | |
| GEORGETOWN UNIVERSITY LAW CENTER, | ) | |
| ALBERTO GONZALES, in his official capacity | ) | |
| as Attorney General of the United States, | ) | |
| FEDERAL BUREAU OF INVESTIGATION, | ) | |
| U.S. DEPARTMENT OF JUSTICE, | ) | **JURY TRIAL DEMANDED** |
| JOHN AND JANE DOES 1-10, | ) | |
| WILLIAM H. GATES, III, in his personal and | ) | |
| official capacity as Chairman of Microsoft | ) | |
| Corporation, STEVE BALLMER, in his personal | ) | |
| and official capacity as Chief Executive Officer | ) | |
| of Microsoft Corporation, MICROSOFT | ) | |
| CORPORATION, MICROSOFT EMPLOYEES | ) | |
| A-J, and MELINDA GATES, | ) | |
| | ) | |
| DEFENDANTS. | ) | |
| _____ | ) | |

## PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE OPPOSITIONS, OUT OF TIME, WITH THE COURT

**COMES NOW** Plaintiff, *pro se*, and hereby moves, pursuant to Rule 6(b)(2) of the

Federal Rules of Civil Procedure, for an enlargement of time, out of time, to treat her Opposition

to Defendant Georgetown University's Motion to Dismiss as filed as of July 31, 2006.  Plaintiff

also moves for an enlargement of time, out of time, to treat her Opposition to the Microsoft

Defendants' Motion to Dismiss as filed as of July 7, 2006.

In support of this motion, Plaintiff states that the Microsoft Defendants served Plaintiff

with a copy of their Motion to Dismiss pursuant to Rule 12(b)(1) and Rule 12(b)(6) on May 8,

2006. *See* V.I. Docket at 199. Plaintiff did not receive a copy of the motion until Tuesday, May

18, 2006. Plaintiff subsequently obtained an extension of time, from counsel for the Microsoft

Defendants, to submit her Opposition to the motion by June 30, 2006. By Order dated June 2,

2006, this matter was transferred to this Court. As such, on June 29, 2006, Plaintiff served all of

the defendants with a copy of her Opposition to the Microsoft Defendants' Motion to Dismiss,

and then further sent a copy for filing to this Court, via DHL Express ("DHL") next day delivery

service, on June 29, 2006. Ex. 1. Plaintiff has just learned that the there were problems with

having the Opposition to the Microsoft Defendants' Motion to Dismiss delivered to this Court,

and that this Court did not receive the documents until July 7, 2006.[1] Ex. 1.

In addition, Plaintiff states that on July 13, 2006, Defendant Georgetown University filed

a motion to dismiss this action pursuant to Rule 12(b)(1) and what it called "the Court's inherent

authority under Rule 12(b)(6)". D.C. Docket at 11, 12. Although Plaintiff did not receive the

copy of this motion, that was served on her by mail, from Washington, D.C., until Tuesday, July

25, 2006, Plaintiff went ahead and prepared her response, because having reviewed the Court's

docket on July 14, 2006, she was aware that the motion had been filed.

Plaintiff's response to this motion was supposed to be served on the defendants and filed

with this Court by July 27, 2006. *See* LCvR 7(b); Fed. R. Civ. P. 6(e). As such, on July 26,

2006, Plaintiff served all of the defendants with a copy of her Opposition to Defendant

---

[1] After speaking to representatives at DHL, it appears that some of the delay was caused by a DHL delivery person's insistence that they have a room number to deliver the package. In addition, it appears there was also some delay caused by a miscommunication between DHL and the Court, where persons at DHL apparently believed someone from the Court was going to go to DHL to pick up the delivery package. Ex. 1.

Georgetown University's Motion to Dismiss, via first class mail, and further arranged for a copy of this Opposition to be delivered to this Court on July 27, 2006, via DHL's next day delivery service.[2]  *See* Ex. 2.  However, Plaintiff has since learned that there were also problems having these documents delivered to this Court in a timely fashion, and this Court did not receive the documents until July 31, 2006.[3]  *See* Ex. 2.  It should be noted that while this Court did grant Plaintiff's motion for leave to obtain a CM/ECF password to file documents electronically on Tuesday, July 25, 2006, she had not obtained the password by the time she was filing these documents.

Pursuant to Rule 6(b)(2) of the Federal Rules of Civil Procedure, the Court may "upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect."  Fed. R. Civ. P. 6(b).  The Supreme Court has set forth factors to consider in determining the kind of neglect that will be considered excusable, and those factors include: (1) the danger of prejudice to the party opposing the modification; (2) the length of delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith.  *In re: Vitamins Antitrust Class Actions*, 327 F.3d 1207, 1210 (D.C. Cir. 2003) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

---

[2] On July 26, 2006, Plaintiff also served all of the defendants with a copy of a Motion to Strike, and this document was also included with the Opposition that was sent for filing with this Court.

[3] After Plaintiff contacted DHL to inquire about the status of the delivery, Plaintiff was told that there had been delays because the delivery person for DHL did not want to deliver the documents to the Court unless they had a room number of where they could deliver the documents to Ms. Teresa Gumiel.

In the case *sub judice*, Plaintiff submits that no party will be prejudiced by the granting of this motion. Indeed, all of the parties were timely served with a copy of Plaintiff's Opposition to the Microsoft Defendants Motion to Dismiss, via first class mail, on June 29, 2006. In addition, all of the parties were timely served with a copy of the Opposition to Defendant Georgetown University's Motion to Dismiss, via first class mail, on July 26, 2006. In fact, after Plaintiff mentioned, in an e-mail to counsel for the Microsoft Defendants, Harry Roback, Esquire, that she had mailed documents to the Court for filing on July 26, 2006, he requested that the filings be sent to him electronically, and thereafter, on July 27, 2006, Plaintiff served all parties with a copy of all documents that had been served on them on July 26, 2006, via e-mail, because she recognized that it can take some time before documents mailed in the Virgin Islands arrive in Washington, D.C. and vice versa.

In addition to the foregoing, the delay in this Court receiving the documents is a short one that will not impact on the judicial proceedings in this case. Indeed, even though the Microsoft Defendants were timely served with a copy of the Opposition, they have moved for an extension of time until August 4, 2006 to submit their reply. Further, even though Defendant Georgetown University was timely served with a copy of the Opposition on July 26, 2006, it too has requested an extension of time, until August 22, 2006, to submit its reply.[4]

In addition, Plaintiff submits that the reason for this delay was not within the reasonable control of Plaintiff. Plaintiff mailed the documents to the address on this Court's website, and she did not believe that there would have been any delay caused by the use of this address. In fact, no one at DHL ever even contacted Plaintiff to request this room number that they insisted on having to deliver the packages. Further, Plaintiff submits that she has used this address to

---

[4] Plaintiff did not have any opposition to either the Microsoft Defendants or Defendant Georgetown University's request for an extension of time.

mail documents to the Court via the U.S. Postal Service, and the documents have arrived, in a timely fashion, without any delivery problems at all.  Finally, Plaintiff submits that she has acted in good faith and has only sought to ensure that documents were timely filed by the deadline for the filing of the documents.  Indeed, it should also be noted that now that Plaintiff has obtained her CM/ECF password, these sorts of delivery problems should not happen in the future.

Plaintiff spoke with counsel for the Microsoft Defendants, Henry Feuerzeig, Esquire, on Saturday, July 29, 2006, about what occurred with respect to the filing of the Opposition to the Microsoft Defendants' Motion to Dismiss, and he advised that the Microsoft Defendants do not oppose the relief that Plaintiff's seeks herein.  *See* Ex. 3.  Plaintiff also spoke with Attorney Richard Hunter's assistant, Ms. Lola Ayala, on Monday, July 31, 2006, about what had occurred and Plaintiff's intent on filing the instant motion, and she contacted Attorney Hunter, who is currently on vacation, and he advised, on behalf of Defendant Georgetown University, that he had no opposition to the relief sought herein.  *See* Ex. 4.

**WHEREFORE,** for all of the foregoing reasons, Plaintiff requests that she be granted an enlargement of time, out of time, to treat her Opposition to Defendant Georgetown University's Motion to Dismiss as filed as of July 31, 2006.  In addition, Plaintiff requests that she be granted an enlargement of time, out of time, to treat her Opposition to the Microsoft Defendants' Motion to Dismiss as filed as of July 7, 2006.

Respectfully submitted,
ATTORNEY FOR PLAINTIFF,


DATED: August 1, 2006                _____/s/_____
                                     Suzette Richards, *Pro Se*
                                     P.O. Box 223875
                                     Christiansted, St. Croix  00822-3875
                                     Telephone: (340) 277-4808
                                     Fax: (340) 772-5785

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of August, 2006, a true and exact copy of the foregoing document was caused to be served via the United States Postal Service, first class postage prepaid, and via e-mail, upon:

Simone R. D. Francis
Ogletree, Deakins, Nash, Smoak & Stewart, L.L.C.
The Tunick Building, Suite 202
1336 Beltjen Road
St. Thomas, U.S. Virgin Islands  00802
simone.francis@ogletreedeakins.com

Richard Hunter
Hunter, Cole & Bennett
Pentheny Bld., 3rd Floor
1138 King Street, Suite 301
Christiansted, St. Croix  00820
rhunter@hcbvilaw.com

Henry Feuerzeig
Dudley, Topper & Feuerzeig
1A Frederiksberg Gade
P.O. Box 756
St. Thomas, V.I. 00804
hfeuerzeig@dtflaw.com

_____ /s/ _____
Suzette Richards, *Pro Se*