UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SUZETTE RICHARDS,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>DUKE UNIVERSITY, DUKE UNIVERSITY SCHOOL OF LAW, DUKE UNIVERSITY BOARD OF TRUSTEES, NANNERL KEOHANE, in her personal and official Capacity as President of Duke University GEORGETOWN UNIVERSITY, GEORGETOWN UNIVERSITY LAW CENTER, JOHN ASHCROFT, in his official Capacity as Attorney General of the United States, FEDERAL BUREAU OF INVESTIGATION, U.S. DEPARTMENT OF JUSTICE, and JOHN and JANE DOES 1-10, WILLIAM H. GATES, III, in his personal and official capacity as Chairman of Microsoft Corporation, STEVE BALLMER, in his personal and Official capacity as Chief Executive Officer of Microsoft Corporation, MICROSOFT CORPORATION, MICROSOFT EMPLOYEES A-J and MELINDA GATES,<br><br>　　　　　　Defendants. | CIVIL NO. 06-01179 (RCL) |

**REPLY IN SUPPORT OF DEFENDANT
GEORGETOWN UNIVERSITY'S MOTION TO DISMISS[1]**

　　　Although she now attempts to re-package the allegations of her 56-page Amended Complaint as a description of "outrageous acts of discrimination," Plaintiff Suzette Richards has neither withdrawn nor denied the bizarre and implausible

---

[1] In addition to the arguments set forth below, Georgetown incorporates by reference Microsoft Defendant's Reply in Support of Its Motion to Dismiss at 2 – 8.

allegations which preordain her failure to establish the subject matter jurisdiction of this Court.  *Galucci v. Chao*, 374 F. Supp. 2d 121,123 (D.D.C. 2005); *Macharia v. United States*, 238 F. Supp. 2d 13, 20 (D.D.C. 2002), *aff'd* 334 F. 3d 61 (D.C. Cir. 2003).  The Amended Complaint remains a statement of a bizarre conspiracy theory involving Duke and Georgetown Universities, the United States Attorney General, the F.B.I. and the Department of Justice, Microsoft Corporation and some of its executives, and unidentified "other persons and companies in corporate America, the media and all over the world."[2]  Am. Compl.  ¶ 47.

In order to save her Amended Complaint from dismissal, Plaintiff now characterizes her claims as essentially alleging discrimination, and cites inapposite precedent concerning claims of discrimination by educational institutions *or* claims that survived dismissal based on electronic surveillance.  Plaintiff's Opposition ("Opp.") at 15-18.  However, Plaintiff does not and cannot deny that she has alleged a vast and far-reaching conspiracy, one that exists only in Plaintiff's world.  What motivates this vast conspiracy?  "… [T]he Duke Defendants, Georgetown Defendants, and Government Defendants, have all continued to conspire to keep Plaintiff under illegal electronic surveillance because they not only want to

---

[2] As stated in Georgetown's moving papers and conceded by Plaintiff (Plaintiff's Opposition at 13), the Court has the authority to weigh conflicting evidence when the facts relevant to subject matter jurisdiction are in dispute, and thus may consider matters outside the pleadings.  See *Carrone-Ferdinand v. Cental Intelligence Agency*, 131 F. Supp. 2d 232, 235 (D.D.C. 2001).  The assertions in Plaintiff's Opposition concerning the procedural history of this case, as well as the propriety of attaching the medical reports of Drs. Dudley-Grant and Hendricks to Georgetown's Motion to Dismiss, are addressed in Defendant Georgetown University's Opposition to Plaintiff's Motion to Strike, which is  incorporated herein by reference.

discriminate against Plaintiff professionally, which is why the illegal surveillance has existed where Plaintiff has worked, but also because they wish to interfere with Plaintiff personally, as they fear that if Plaintiff is not kept under illegal surveillance Plaintiff could have a relationship with a man who is both white and wealthy." Opp. at 7-8.

Plaintiff has not retreated from this and other ludicrous claims including, *inter alia*: that Defendant Duke University, with the assistance of all other named Defendants (and other unnamed individuals and entities), has set out to essentially destroy her "professionally, personally and academically," (Opp. at 15), by illegally monitoring her every move because they fear that Plaintiff may be having a relationship with a wealthy white man which would interfere with their ongoing conspiracy; that proof of Georgetown's participation in this alleged conspiracy includes the fact that a Georgetown professor announced he was going to teach a class on homosexual civil rights issues (Opp. at 7); that "Defendants are sexual predators intent on harming Plaintiff" and "have used the information obtained from illegal surveillance to terrorize and torture Plaintiff, allow for the theft of Plaintiff's intellectual property, and subject[ed] Plaintiff to severe emotional distress" (Am. Compl. ¶¶ 55, 72); that Microsoft stole Plaintiff's ideas that she wrote in her bedroom which generated more than three billion dollars in one season (Am. Comp. ¶¶ 270-71); and that Bill Gates is essentially stalking Plaintiff and has "repeatedly put things on the MSN website to make it appear that Plaintiff was pregnant for him" (Am. Compl. ¶¶ 234-39). Try as Plaintiff may, she cannot muster

sufficient legal authority to support these claims from dismissal because they are outlandish, delusional, and patently insubstantial.

Moreover, Plaintiff fails to illustrate how relevant precedent is inapplicable here. Plaintiff tries to dismiss as irrelevant the case law cited by Georgetown in its moving papers, including *O'Connor v. United States*, 159 F.R.D. 22 (D. Md. 1994), *aff'd*, 54 F.3d 773 (4th Cir. 1995) and *Carone-Ferdinand v. Central Intelligence Agency*, 131 F. Supp. 2d 232 (D.D.C. 2001), *aff'd,* 2001 WL 1029148 (D.C. Cir. Aug 28, 2001). However, her attempt to distinguish these cases is nothing but a red herring. For instance, Plaintiff notes that unlike the plaintiff in *O'Connor*, she has not alleged that Georgetown has "conspired with civilians to speak to her with props and buzz words." Opp. at 20. Plaintiff's distinction misses the mark, as she cannot deny that, like *O'Connor*, she has alleged a vast conspiracy consisting of participants from both the government and private citizens and entities alike, who have allegedly illegally monitored her in her bedroom (purportedly in an attempt to see if she is engaging in sexual intercourse, and with whom), in her bathroom, in other areas of her home, on her phone, at her doctors' offices, at her various places of employment, at relatives' homes, on the Internet, and through roving forms of surveillance, on cars and planes. *See* Am. Compl. ¶¶ 54, 55, 59, 62-65, 67. Like *O'Connor*, Plaintiff's allegations are "totally divorced from the real world" and "absolutely devoid of merit." *O'Connor*, 159 F.R.D. at 25-26.

Similarly, Plaintiff tries in vain to distinguish *Carone-Ferdinand* by claiming that, unlike the facts of that case, she "has not alleged that she was recruited by the

CIA to traffic drugs, or to assassinate individuals and wipe out villages of men, women and children, such that the defendants would want to steal property that belonged to her." Opp. at 21. Georgetown has never asserted that her outrageous claims are identical to those alleged in *Carone-Ferdinand*. Rather, Plaintiff's delusional claims are similarly "essentially fictitious" and are completely lacking any evidentiary support. *Carone-Ferdinand*, 131 F. Supp. 2d at 235-36. As such, Plaintiff's Amended Complaint should be dismissed for lack of subject matter jurisdiction.

Finally, Plaintiff claims that "there is no basis for this Court to invoke its inherent authority to dismiss Plaintiff's Complaint." Opp. at 25. Contrary to Plaintiff's assertions, relevant precedent cited by Georgetown dictates otherwise. *See Tate v. Burke*, 131 F.R.D. 363, 364 (D.D.C. 1990) (holding that the Court has the authority to dismiss a claim and that the Court is not required to provide plaintiff with notice and opportunity to be heard where her complaint is patently frivolous . . . and holding that the "frivolity standard" of § 1915(d) "analogously provides the appropriate measure by which to determine whether a *pro se* complaint which has not been filed *in forma pauperis* should nonetheless be dismissed *sua sponte* pursuant to the inherent authority of this Court"); *Brown v. District of Unemployment Comp. Bd.*, 411 F. Supp. 1001 (D.D.C. 1975) ("Clearly, a district court has the power to dismiss a case *sua sponte* if it is frivolous"); *cf. Robinson v. Love*, 155 F.R.D. 535, 536 (E.D. Pa. 1994) (district court could dismiss as frivolous an action which contained fanciful, fantastic or delusional scenarios) (citations and

quotations omitted).³  This Court clearly may dismiss the instant action pursuant to its inherent authority.

Despite the lucidity of Plaintiff's pleadings, her Amended Complaint is not grounded in reality and is "so attenuated and unsubstantial as to be absolutely devoid of merit." *O'Connor*, 159 F.R.D. at 25-26 (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 n.6 (1989)).  For the reasons stated above and in Georgetown University's Motion to Dismiss, Plaintiff's Amended Complaint must be dismissed with prejudice for lack of subject matter jurisdiction or alternatively pursuant to this Court's inherent authority.


Dated:  August 22, 2006                                        Respectfully submitted,


                                                               WILLIAMS & CONNOLLY LLP

                                                          By:  ___/s/ Elizabeth A. O'Brien___
                                                               Elizabeth A. O'Brien, Esq.
                                                               D.C. Bar No. 466314
                                                               725 Twelfth Street, N.W.
                                                               Washington, D.C.  20005
                                                               (202) 434-5000

                                                               HUNTER COLE & BENNETT
                                                               Richard H. Hunter, Esq.*
                                                               D.C. Bar No. 263798
                                                               1138 King Street
                                                               Christiansted, St. Croix

---

³ As stated in Georgetown's moving papers, Georgetown will move if necessary to dismiss this action on the grounds that Plaintiff has failed to state a claim upon which relief may be granted under Rule 12(b)(6).

6

                                      U.S. Virgin Islands 00820
                                      (340) 773-3535

                                      *Counsel for Georgetown University*

\* Application for admission *pro hac vice* to this Court is pending.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 22nd day of August, 2006, I caused a true and exact copy of Reply in Support of Defendant Georgetown University's Motion to Dismiss, to be served via ECF or electronic mail upon:

Suzette Richards, Esq.
P.O. Box 223875
Christiansted, St. Croix
U.S. Virgin Islands 00822-3875
sjrich13@yahoo.com

Benton G. Peterson, Esq.
Assistant United States Attorney
Judiciary Center Building
Civil Division
555 4th St., N.W., Room E4905
Washington, D.C. 20530
benton.peterson@usdoj.gov

Henry L. Feuerzeig, Esq.
Dudley, Topper & Feuerzeig
1A Frederiksberg Gade
P.O. Box 756
St. Thomas, Virgin Islands 00804
HFeuerzeig@dtflaw.com

Charles Edward Buffon
Harry B. Roback
Covington & Burling
1201 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
cbuffon@cov.com

Simone Francis, Esq.
Ogletree Deakins Nash Smoak & Steward
The Tunick Building
1336 Beltjen Road
Suite 202
St. Thomas, Virgin Islands 00802
simone.francis@odnss.com

Michael J. Murphy, Esq.
Ogletree, Deakins, Nash, Smoak & Steward, P.C.
2400 N Street, N.W.
Fifth Floor
Washington, D.C. 20037
michael.murphy@odnss.com

       ___/s/ Elizabeth A. O'Brien__
        Elizabeth A. O'Brien