## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SUZETTE RICHARDS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DUKE UNIVERSITY, DUKE UNIVERSITY )<br>SCHOOL OF LAW, DUKE UNIVERSITY )<br>BOARD OF TRUSTEES, NANNERL )<br>KEOHANE, in her personal and official )<br>Capacity as President of Duke University )<br>GEORGETOWN UNIVERSITY, )<br>GEORGETOWN UNIVERSITY LAW )<br>CENTER, JOHN ASHCROFT, in his official )<br>Capacity as Attorney General of the United )<br>States, FEDERAL BUREAU OF )<br>INVESTIGATION, U.S. DEPARTMENT OF )<br>JUSTICE, and JOHN and JANE DOES 1-10, )<br>WILLIAM H. GATES, III, in his personal and )<br>official capacity as Chairman of Microsoft )<br>Corporation, STEVE BALLMER, in his )<br>personal and Official capacity as Chief )<br>Executive Officer of Microsoft Corporation, )<br>MICROSOFT CORPORATION, MICROSOFT )<br>EMPLOYEES A-J and MELINDA GATES, )<br>)<br>Defendants. | CIVIL NO. 06-1179 (RCL) |

**DEFENDANT GEORGETOWN UNIVERSITY'S OPPOSITION
TO PLAINTIFF'S MOTION TO STRIKE ALL EXHIBITS THAT
HAVE BEEN FILED WITH DEFENDANT GEORGETOWN
UNIVERSITY'S MOTION TO DISMISS AND TO FUTHER STRIKE
ALL REFERENCES TO SAID EXHIBITS**

Plaintiff has failed to establish that the reports of psychologist Dr. Rita Dudley-Grant and psychiatrist Dr. Olaf Hendricks, which are attached to Georgetown University's Motion to Dismiss as Exhibits A and C, comprise "redundant, immaterial, impertinent, or scandalous matter" within the meaning of

Rule 12(f) of the Federal Rules of Civil Procedure. These two psychological evaluations may properly be considered by the Court in determining whether the Plaintiff has met her burden of proof in establishing the Court's subject-matter jurisdiction over her claims. *Herbert v. National Academy of Sciences*, 974 F.2d 192, 197 (D.C. Cir. 1992); *Carone-Ferdinand v. Central Intelligence Agency*, 131 F. Supp. 2d 232, 235, (D.D.C. 2001), *aff'd,* 2001 WL 1029148 (D.C. Cir. Aug 28, 2001).

As stated in Georgetown's moving papers and conceded by Plaintiff in her Opposition to Georgetown's Motion to Dismiss ("Opp." at 13), the Court has the authority to weigh conflicting evidence when the facts relevant to subject matter jurisdiction are in dispute, and thus may consider matters outside the pleadings. The reports of Dr. Rita Dudley-Grant and Dr. Olaf Hendricks are directly relevant to the Court's determination of whether or not it has subject matter jurisdiction. Specifically, these medical reports provide support that Plaintiff's Amended Complaint is comprised of nothing but delusions and irrational perceptions rendering it patently insubstantial. *See* Report of Dr. Dudley-Grant (describing a delusion psychosis as it relates to Plaintiff's allegations); Report of Dr. Hendricks (describing fundamentals of delusional disorder as it relates to Plaintiff's allegations).[1] Moreover, the medical reports provide further support that this Court may take judicial notice that certain psychiatric conditions manifesting such delusions indeed exist. *See O'Connor v. United States*, 159 F.R.D. 22, 25 (D. Md. 1994), *aff'd*, 54 F.3d 773 (4th Cir. 1995) (in dismissing plaintiff's claim as frivolous

---

[1] These reports are attached as Exhibits A and C, respectively, in Memorandum of Law in Support of Georgetown University's Motion to Dismiss.

and devoid of merit, court took "judicial notice of the fact that there are psychiatric conditions which cause individuals to exaggerate life situations, including ordinary conversations, slights and encounters, and interpret them in highly self-referential fashion").[2]

Plaintiff understandably is troubled by the medical opinions of these two health professionals. Plaintiff therefore attacks the reports by claiming that in vacating Judge Thomas K. Moore's affirmance of Magistrate Judge Jeffrey L. Resnick's Order appointing a guardian *ad litem* "the Third Circuit also rejected the conclusions that Dr. Hendricks had reached." Opp. at 11. However, the Third Circuit's *per curiam* Opinion filed on January 23, 2006 makes no such finding. The Third Circuit held that under the Virgin Island Code the legal standard for appointment of a guardian *ad litem* is whether the person in question "is incapable of taking care of himself" under 15 V.I.C. § 842. *See Richards v. Duke University et al.*, 166 Fed. Appx. 595, 598, 2006 WL 16252, at *2 (3rd Cir. Jan. 23, 2006). The Third Circuit then determined that the Magistrate Judge "did not give the psychiatrist any guidance or standards as to how to determine the competence needed to litigate the case . . . [H]e never cited the standard he was using to determine whether Richards was competent. While he appeared to implicitly adopt the psychiatrist's opinions, the Magistrate Judge did not make any explicit factual findings on the record to support his decision that a guardian should be appointed." *Id.* at 598-99. The Third Circuit thus concluded that the District Court of the Virgin

---

[2] Pursuant to Federal Rule of Evidence 201, the *O'Connor* court also noted that it may "judicially notice the world as it is and as it is known in common experience to be, as well as what is normal conduct and abnormal conduct." *Id.* (citations and quotations omitted).

3

Islands "abused its discretion in appointing a guardian *ad litem* because it did not apply the correct standard or make any factual findings to support such a decision." *Id.* at 599.

Moreover, contrary to Plaintiff's claims, these medical reports do not contain legal opinions. *See* Plaintiff's Motion to Strike ("Mot.") at 3. Neither report states any opinion on any issue of law. In fact, the Third Circuit held that the Magistrate Judge never informed Dr. Hendricks what legal standard applied. Dr. Dudley-Grant, a licensed and board-certified clinical psychologist who holds a master's degree from Harvard University School of Public Health, believes that the Plaintiff has symptoms of, *inter alia*, a delusional psychosis. Dr. Hendricks concluded that the Plaintiff suffers from a delusional disorder, mixed type (grandiose, persecutorial type). These are medical opinions, not legal opinions, and they are germane to the issue of whether this Court is "without power to entertain [such] claims otherwise within its jurisdiction" because Plaintiff's claims are frivolous and delusional and, therefore, patently insubstantial. *Carone-Ferdinand*, 131 F. Supp. 2d at 235.

Nor are the reports of Drs. Dudley-Grant and Hendricks submitted in an effort "to answer [a] question that would ultimately have to be decided by the jury." Mot. at 6 (citing *Nichols v. Am. Nat'l Ins. Co.*, 154 F.3d 875 (8th Cir. 1998)).[3] Clearly, the issue of whether this Court has subject matter jurisdiction is a question of law to be decided only by the Court. *See, e.g., Citizen Alert Regarding the*

---

[3] Unlike the instant matter, *Nichols* involved the propriety of an expert testifying beyond the proper scope of her expertise at trial. The court found that the expert testified beyond the limits of her diagnostic opinion and improperly proceeded to comment on the plaintiff's credibility. *Nichols*, 154 F.3d at 883.

4

*Environment v. Leavitt*, 355 F. Supp. 2d 366, 369 (D.D.C. 2005).  These medical, diagnostic reports, therefore, do not improperly invade the jury's province and may properly be considered by the Court in evaluating Georgetown University's Rule 12(b)(1) Motion to Dismiss.

Plaintiff's Motion to Strike is without merit and must be denied.


Dated:  August 22, 2006                                          Respectfully submitted,


                                                         WILLIAMS & CONNOLLY LLP

                                       By:  ___/s/ Elizabeth A. O'Brien__
                                                Elizabeth A. O'Brien, Esq.
                                                D.C. Bar No. 466314
                                                725 Twelfth Street, N.W.
                                                Washington, D.C.  20005
                                                (202) 434-5000

                                                HUNTER COLE & BENNETT
                                                Richard H. Hunter, Esq.*
                                                D.C. Bar No. 263798
                                                1138 King Street
                                                Christiansted, St. Croix
                                                U.S. Virgin Islands 00820
                                                (340) 773-3535

                                                *Counsel for Georgetown University*


* Application for admission *pro hac vice* to this Court is pending.

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on this 22nd day of August, 2006, I caused a true and exact copy of Defendant Georgetown University's Opposition to Plaintiff's Motion to Strike All Exhibits That Have Been Filed With Defendant Georgetown University's Motion to Dismiss and to Further Strike All References to Said Exhibits, to be served via ECF or electronic mail upon:

Suzette Richards, Esq.  
P.O. Box 223875  
Christiansted, St. Croix  
U.S. Virgin Islands 00822-3875  
sjrich13@yahoo.com  

Henry L. Feuerzeig, Esq.  
Dudley, Topper & Feuerzeig  
1A Frederiksberg Gade  
P.O. Box 756  
St. Thomas, Virgin Islands  00804  
HFeuerzeig@dtflaw.com  

Simone Francis, Esq.  
Ogletree Deakins Nash Smoak & Steward  
The Tunick Building  
1336 Beltjen Road  
Suite 202  
St. Thomas, Virgin Islands 00802  
simone.francis@odnss.com  

Benton G. Peterson, Esq.  
Assistant United States Attorney  
Judiciary Center Building  
Civil Division  
555 4th St., N.W., Room E4905  
Washington, D.C.  20530  
benton.peterson@usdoj.gov  

Charles Edward Buffon  
Harry B. Roback  
Covington & Burling  
1201 Pennsylvania Avenue, N.W.  
Washington, D.C.  20004  
cbuffon@cov.com  

Michael J. Murphy, Esq.  
Ogletree, Deakins, Nash, Smoak & Steward, P.C.  
2400 N Street, N.W.  
Fifth Floor  
Washington, D.C.  20037  
michael.murphy@odnss.com  

                    ___/s/ Elizabeth A. O'Brien__  
                        Elizabeth A. O'Brien