IN THE DISTRICT COURT OF THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| SUZETTE RICHARDS, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | CIVIL NO.  1:06-cv-01179-RCL |
| ) | |
| DUKE UNIVERSITY, DUKE UNIVERSITY ) | ACTION FOR DAMAGES |
| SCHOOL OF LAW, DUKE UNIVERSITY ) | DISCRIMINATION AND |
| BOARD OF TRUSTEES, NANNERL KEOHANE, ) | DECLARATORY AND |
| in her personal and official capacity as president of  ) | INJUCTIVE RELIEF |
| Duke University, and others, ) | |
| ) | |
| Defendants ) | |
| _____) | |

## DUKE UNIVERSITY DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS PURSUANT TO RULE 12(b)(1) AND RULE 12(b)(6)

Defendants Duke University, Duke University School of Law, Duke University Board of Trustees and Nannerl Keohane ("Duke"), through their counsel, Ogletree, Deakins, Nash, Smoak & Stewart, PC, file this reply in support of their Motion to Dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure and, in the alternative, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  In support, Duke shows as follows:

### INTRODUCTION

On June 5, 2003, Plaintiff filed a three-hundred and forty-four (344) paragraph First Amended Complaint ("Complaint") in the District Court of the Virgin Islands, with fourteen (14) counts ranging from violations of her Thirteenth Amendment right to be free from slavery to violations of the federal wiretapping statute.  *Id*. ¶¶ 314, 316-18.  On June 12, 2006, the District Court of the Virgin Islands, on Defendant Georgetown University's Motion to Transfer Venue, transferred the case to the District Court of the District of

Suzette Richards v. Duke University, et. al.
Civil No. 1:06-cv-01179-RCL
Reply in Support of Motion to Dismiss Pursuant to Rule 12(b)(1) and 12(b)(6)
Page 2

Columbia.  Duke filed a Motion to Dismiss for Lack of Personal Jurisdiction, pursuant to Rule 12(b)(1) and Rule 12(b)(6), on July 21, 2006.  Plaintiff filed her Opposition to Duke's Motion to Dismiss, pursuant to Rule 12(b)(1) and Rule 12(b)(6), on August 25, 2006 ("Opposition" or "Pl.'s Opp.").

Despite Plaintiff's vigorous defense of her claims, they remain sufficiently attenuated and unsubstantial to require dismissal under Rule 12(b)(1).  In the alternative, the Complaint should be dismissed pursuant to this Court's inherent authority under Rule 12(b)(6).

## ARGUMENT

I.  **ALL COUNTS SHOULD BE DISMISSED PURSUANT TO RULE 12(b)(1) BECAUSE THEY ARE SO ATTENUATED AND UNSUBSTANTIAL THAT THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER THE CLAIMS**

Duke joins and incorporates by reference Georgetown University's argument of this matter in its entirety as set forth in pages one (1) to five (5) of its Reply in Support of Motion to Dismiss.  As argued by Georgetown, Plaintiff, in her Opposition, has re-packaged her allegations in the language of straightforward discrimination claims. For Plaintiff to conveniently ignore the "facts" she alleges form the basis of her claims and couch them as merely claims of discrimination against an educational institution is disingenuous. Plaintiff's assertion that her claims "simply involve discrimination that is alleged to have been committed by education institutions" is belied by her entire Complaint and fails to take into consideration any of the implausible allegations that form the basis of her discrimination claim. (Pl.'s Opp. at 14-15.).  The gravaman of Plaintiff's claims against Duke clearly is not the discrimination that she allegedly suffered during the one-year period that she attended the

Suzette Richards v. Duke University, et. al.
Civil No. 1:06-cv-01179-RCL
Reply in Support of Motion to Dismiss Pursuant to Rule 12(b)(1) and 12(b)(6)
Page 3

Law School, but instead, Plaintiff's claim hinges upon Duke's alleged participation in a vast conspiracy that continued during the time that Plaintiff was enrolled at Georgetown Law, as well as since her graduation and throughout the course of her professional career.

As for Plaintiff's statement that "this court has already found allegations related to the extensive use of illegal electronic surveillance to be justiciable," Duke does not disagree. (Pl.'s Opp. at 15.) However, just because an issue is justiciable in principle does not make every such claim immune to dismissal. Assuming claims of electronic surveillance are indeed justiciable, Plaintiff's claims are, nonetheless, too unsubstantiated and attenuated to withstand a motion to dismiss, notwithstanding Plaintiff's efforts to distinguish two cases cited in the moving papers, *O'Connor v. United States,* 159 F.R.D. 22 (D. Md. 1994), and *Carone-Ferdinand v. Central Intelligence Agency,* 131 F. Supp.2d 232 (D.D.C. 2001). According to Plaintiff, because the facts in those cases do not parallel the facts in this case, the holdings and legal principles do not apply. (Pl.'s Opp. at 19-20.) This argument, as Georgetown aptly points out, is nothing more than a red herring. (Georgetown Opp. at 4.) While the allegations in those cases may not correspond precisely to the allegations made by Plaintiff, the element of the bizarre is common to all of these matters. As such, the holdings in those cases are entirely relevant.

Plaintiff's Opposition gives much consequence to Duke's alleged failure to deny their intent to discriminate against, and spy on, Plaintiff (Pl.'s Opp. at 20-22), but what Plaintiff fails to take into consideration is that any such denial is wholly unnecessary at this point in the proceedings. The absence of denial at this pre-answer stage of the proceedings does not preclude a dismissal of the claims. If Duke has not expressly denied each and every

Suzette Richards v. Duke University, et. al.
Civil No. 1:06-cv-01179-RCL
Reply in Support of Motion to Dismiss Pursuant to Rule 12(b)(1) and 12(b)(6)
Page 4

factual allegation it is simply because they are so fantastic on their face as to render denial entirely unnecessary, and Duke certainly reserves the right to file its responsive pleading if this Court determines that Plaintiff's claims can go forward. Based, however, on the face of the Complaint, Duke submits that Plaintiff's allegations are so attenuated and delusional that they cannot withstand dismissal pursuant to Fed. R. Civ. P. 12(b)(1). Therefore, Duke respectfully requests that this Court dismiss all claims against the Duke Defendants for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

**II.     ALL COUNTS SHOULD BE DISMISSED PURSUANT TO THIS COURT'S INHERENT AUTHORITY UNDER RULE 12(b)(6)**

Duke joins and incorporates by reference Georgetown University's argument of this matter in its entirety as set forth in pages five (5) to six (6) of its Reply in Support of Motion to Dismiss. Duke respectfully requests that all claims against Duke Defendants and Dr. Keohane be dismissed pursuant to this Court's inherent authority pursuant to Fed. R. Civ. P. 12(b)(6). Duke expressly reserves the right to set forth in greater detail the additional grounds that support dismissal pursuant to Fed. R. Civ. P. 12(b)(6) in a reply memorandum should Plaintiff oppose Duke's separate motion on those issues.

### CONCLUSION

WHEREFORE, Duke respectfully requests that this Court dismiss Plaintiff's Complaint in its entirety and award Duke all reasonable fees and costs incurred in defending this matter.

Suzette Richards v. Duke University, et. al.
Civil No. 1:06-cv-01179-RCL
Reply in Support of Motion to Dismiss Pursuant to Rule 12(b)(1) and 12(b)(6)
Page 5

                                        Respectfully submitted,

DATED: September 1, 2006        **OGLETREE, DEAKINS, NASH, SMOAK & STEWART, PC**

                                By:    /s/_____
MICHAEL J. MURPHY
2400 N Street, N.W.
Fifth Floor
Washington, D.C. 20037
Telephone: (202) 887-0855
Facsimile: (202) 887-0866

SIMONE R. D. FRANCIS\*
Ogletree, Deakins, Nash, Smoak & Stewart, LLC
The Tunick Building, Suite 202
1336 Beltjen Road
St. Thomas, USVI 00802
Telephone: (340) 714-1235
Facsimile: (340) 714-1245

Attorneys for Duke University,
Duke University School of Law,
Duke University Board of Trustees
and Nannerl Keohane

\*    Application for admission pro hac vice pending.

Suzette Richards v. Duke University, et. al.
Civil No. 1:06-cv-01179-RCL
Reply in Support of Motion to Dismiss Pursuant to Rule 12(b)(1) and 12(b)(6)
Page 6

## CERTIFICATE OF SERVICE

I certify that on this 1st day of September, 2006, a true and correct copy of the foregoing document was served by placing same in the United States mail, postage prepaid, addressed to:

| | |
|---|---|
| Richard Hunter, Esq.<br>Hunter, Cole & Bennett<br>Pentheny Bld., 3rd Floor<br>1138 King Street, Suite 301<br>Christiansted, St. Croix<br>U.S. Virgin Islands  00820 | Henry Feuerzeig, Esq.<br>Dudley, Topper & Feuerzeig<br>1A Frederiksberg Gade<br>P.O. Box 756<br>St. Thomas<br>U.S. Virgin Islands 00804-0756 |
| Benton G. Peterson, Esq.<br>Assistant United States Attorney<br>Civil Division<br>555 Fourth Street, N.W.<br>Room E4905<br>Washington, D.C.  20530 | Suzette Richards, Esq.<br>P.O. Box 223875<br>Christiansted, St. Croix<br>U.S. Virgin Islands  00822-3875 |
| Charles E. Buffon, Esq.<br>Harry B. Roback, Esq.<br>Covington & Burlington LLP<br>1201 Pennsylvania Avenue, N.W.<br>Washington, D.C.  20004 | Elisabeth A. O'Brien, Esq.<br>Williams & Connolly, LLP<br>725 Twelfth Street, NW<br>Washington D.C.  20005 |

_____/s/_____
Joyce Wolfgang