IN THE DISTRICT COURT OF THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| SUZETTE RICHARDS,      )<br>                              )<br>           Plaintiff      )<br>                              )<br>v.                          )<br>                              )<br>DUKE UNIVERSITY, DUKE UNIVERSITY  )<br>SCHOOL OF LAW, DUKE UNIVERSITY    )<br>BOARD OF TRUSTEES, NANNERL KEOHANE, )<br>in her personal and official capacity as president of )<br>Duke University, and others,   )<br>                              )<br>           Defendants     )<br>_____)  | CIVIL NO. 1:06-cv-01179-RCL<br><br>ACTION FOR DAMAGES<br>DISCRIMINATION AND<br>DECLARATORY AND<br>INJUNCTIVE RELIEF |

## **REPLY IN SUPPORT OF DUKE UNIVERSITY DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

Defendants Duke University, Duke University School of Law, Duke University Board of Trustees (together, the "Duke Defendants") and Nannerl Keohane, through their counsel, Ogletree, Deakins, Nash, Smoak & Stewart, PC, respectfully submit this reply in support of their Motion to Dismiss the Complaint of Suzette Richards ("Plaintiff") pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, and state as follows:

### **INTRODUCTION**

On June 5, 2003, Plaintiff filed a three-hundred and forty-four (344) paragraph First Amended Complaint ("Complaint") in the District Court of the Virgin Islands, with fourteen (14) counts ranging from violations of her Thirteenth Amendment right to be free from slavery to violations of the federal wiretapping statute. *Id*. ¶¶ 314, 316-18. On June 12, 2006, the District Court of the Virgin Islands, on Defendant Georgetown University's Motion to Transfer Venue, transferred the case to the District Court of the District of Columbia. Duke Defendants filed a

Case 1:06-cv-01179-RCL    Document 39    Filed 09/01/2006    Page 2 of 12

Suzette Richards v. Duke University, et. al.
Civil No. 1:06-cv-01179-RCL
Reply in Support of Motion to Dismiss
Page 2 of 12

Motion to Dismiss for Lack of Personal Jurisdiction, pursuant to Rule 12(b)(2), on July 21, 2006. Plaintiff filed her Opposition to Duke Defendants' Motion to Dismiss for Lack of Personal Jurisdiction, pursuant to Rule 12(b)(2), on August 25, 2006 ("Opposition" or "Pl.'s Opp.").

Despite Plaintiff's lengthy arguments,[1] the fact remains that neither the Duke Defendants nor Dr. Keohane has sufficient minimum contacts for the exercise of jurisdiction to pass constitutional muster. As set forth in the memorandum of law in support of the Motion to Dismiss and the accompanying declarations, these Defendants have extremely limited contacts with the District of Columbia and further discovery on this issue, as requested by Plaintiff, will not yield any additional connections. Accordingly, this Court should decline Plaintiff's invitation to prolong these proceedings with the sort of limitless fishing expedition which she has proposed, and enter an order dismissing the Complaint insofar as it asserts claims against the Duke Defendants or Dr. Keohane

## **ARGUMENT**

Plaintiff makes much of the Duke Defendants' and Dr. Keohane's alleged failure to deny their intent to discriminate against and spy on Plaintiff (*see* Pl.'s Opp. at 16-18), but fails to take into consideration that any such denial is not required at this point in the proceedings. As Plaintiff acknowledges, however, she bears the burden of establishing "a prima facie case that personal jurisdiction exists." *Jin v. Ministry of State Security,* 335 F. Supp. 2d 72, 77 (D.D.C. 2004) (*cited in* Pl.'s Opp. at 9). Since the Court may "resolve factual discrepancies in the

---

[1] Plaintiff devotes the first six pages of her Opposition to a discussion of the alleged "factual background," and she then furnishes a two and one-half page discussion of the procedural posture. The remainder of her twenty-three page brief is devoted to argument in opposition to the Motion to Dismiss. As explained herein, these arguments fail to demonstrate that this Court may exercise jurisdiction over the Duke Defendants or Dr. Keohane.

Case 1:06-cv-01179-RCL    Document 39    Filed 09/01/2006    Page 3 of 12

Suzette Richards v. Duke University, et. al.
Civil No. 1:06-cv-01179-RCL
Reply in Support of Motion to Dismiss
Page 3 of 12

complaint and affidavits in favor of the plaintiff," *Jin,* 335 F. Supp. 2d at 77, any denial by the Defendants would be superfluous.

I.   **THE CONSPIRACY DOCTRINE DOES NOT CONFER PERSONAL JURISDICTION OVER THE DUKE DEFENDANTS PURSUANT TO SECTION 13-423(a)(3)**

Under § 13-423(a)(3), a defendant "causing tortious injury in the District of Columbia by an act or omission in the District of Columbia" is subject to personal jurisdiction in Washington, D.C.  D.C. Code Ann. § 13-423(a)(3) (2001).  A defendant who has no contact with the forum state may nevertheless be subject to personal jurisdiction if their co-conspirators carry out any overt acts in furtherance of the conspiracy within the forum state.  In such a situation, a defendant is deemed to "transact business" there "by an agent." *Second Amendment Found. v. U.S. Conference of Mayors,* 274 F.3d 521, 523 (D.C. Ct. App. 2001); *see also Jungquist v. Sheikh Sultan Bin Khalifa Al Nahyan*, 115 F.3d 1020, 1030-31 (D.C. Cir. 1997) (discussing theory that defendants satisfied either "transacting business" or "contracting to supply services" provision by conspiring to defraud plaintiff and breach contract, and by performing overt acts in furtherance of conspiracy, in the District, and discussing extension of jurisdiction to coconspirators who did not enter the District); *First Chicago Int'l v. United Exch. Co.*, 836 F.2d 1375, 1377-78 (D.C. Cir. 1988) (discussing theory that defendants satisfied "transacting business" provision by directing checks and wire transfers into and out of the District in furtherance of a check-kiting conspiracy, and discussing extension of jurisdiction to coconspirator who did not enter the District).

In order to prevail on the theory of conspiracy jurisdiction, a plaintiff must first make a

Case 1:06-cv-01179-RCL    Document 39    Filed 09/01/2006    Page 4 of 12

Suzette Richards v. Duke University, et. al.
Civil No. 1:06-cv-01179-RCL
Reply in Support of Motion to Dismiss
Page 4 of 12

*prima facie* showing of a civil conspiracy. *Second Amendment Found.,* 274 F.3d at 524. As Plaintiff acknowledges (Pl.'s Opp. at 12 n.6), in the District of Columbia this requires a showing of: "(1) an agreement between two or more persons; (2) to participate in an unlawful act, or a lawful act in an unlawful manner; (3) an injury caused by an unlawful overt act performed by one of the parties to the agreement; (4) which overt act was done pursuant to and in furtherance of the common scheme." *Halberstam v. Welch*, 705 F.2d 472, 477 (D.C. Cir. 1983).

Mere speculation or "conclusionary statements" that non-resident defendants are part of a conspiracy is not sufficient to meet plaintiff's burden. *See, e.g., Jung v. Ass. of Am. Med. Colls.,* 300 F. Supp. 2d 119, 141 (D.D.C. 2004); *Dooley v. United Techs. Corp.,* 786 F. Supp. 65, 78 (D.C.C. 1992); *see also Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 787 (D.C. Cir. 1983), *cert. denied*, 467 U.S. 1210 (1984). Likewise, a "bare allegation of conspiracy or agency is insufficient to establish personal jurisdiction." *Second Amendment Found.,* 274 F.3d at 523 (*citing First Chicago*, 836 F.2d at 1378 (internal citations omitted)). A plaintiff must plead with particularity both the conspiracy and the overt acts within the forum that are taken in furtherance of the conspiracy. *See, e.g., Jung,* 300 F. Supp. 2d at 141; *U.S.A. v. Philip Morris Inc.,* 116 F. Supp.2d at 116, 122 (D.D.C. 2000); *Jungquist,* 115 F.3d at 1031. Furthermore, "a plaintiff must allege specific acts connecting [the] defendant with the forum." *Second Amendment Found.*, 274 F.3d at 523 (*citing First Chicago*, 836 F.2d at 1378).

Courts in the District of Columbia have applied conspiracy jurisdiction warily and have strictly enforced the requirement of particularity. *See, e.g., Jung,* 300 F. Supp.2d at 141; *Dooley,* 786 F. Supp. at 77. In *Edmond v. U.S. Postal Serv. Gen. Counsel,* 949 F.2d 415, 424 (D.C. Cir. 1991), Judge Silberman in a concurring opinion explained that "we cannot allow plaintiffs to

Case 1:06-cv-01179-RCL    Document 39    Filed 09/01/2006    Page 5 of 12

Suzette Richards v. Duke University, et. al.
Civil No. 1:06-cv-01179-RCL
Reply in Support of Motion to Dismiss
Page 5 of 12

subvert the important constitutional principles of sovereignty and due process that underlie personal jurisdiction limitations with mere unspecified and unsubstantiated claims that multifarious defendants were part of a broad conspiracy and that one of them committed some [act] in the plaintiffs' desired forum." *Edmond*, 949 F.2d at 424-425; *see also Philip Morris,* 116 F. Supp.2d at 122.  Yet, that is all that Plaintiff has furnished in this case.

Plaintiff's allegations of a conspiracy are broadly pled as follows:  "From the end of Plaintiff's first year of law school, the Duke Defendants conspired with the Government Defendants to illegally place Plaintiff under electronic surveillance to obtain information to continue to discriminate against Plaintiff, as well as to harass, humiliate, degrade, demean, and terrorize Plaintiff."  (Compl. ¶ 38);  "After Plaintiff transferred to Georgetown Law, the Duke Defendants conspired with the Georgetown Defendants and the Government Defendants to continue to illegally keep Plaintiff under electronic surveillance and to discriminate against Plaintiff." *Id*. ¶ 39. "The discriminatory, fraudulent, and criminal acts described herein include, but is not limited to, the conspiracy between Defendants to place Plaintiff under illegal electronic surveillance and keep Plaintiff under illegal electronic surveillance in violation of federal criminal laws and Plaintiff's civil rights." *Id*. ¶ 42.

Plaintiff's Opposition provides no further details of the supposed conspiracy but, merely asserts that "persons at Duke Law . . . contacted and conspired with persons at Georgetown Law to continue to discriminate against Plaintiff. . . ."  (Pl.'s Opp. at 12.)  Plaintiff's "proof" of the conspiracy is simply more non-sequiturs.  For example, Plaintiff identifies a professor at Duke Law who spent a semester as a visiting professor at Georgetown Law during Plaintiff's last semester of law school, but she fails even to allege that she took any classes with that individual

Case 1:06-cv-01179-RCL   Document 39   Filed 09/01/2006   Page 6 of 12

Suzette Richards v. Duke University, et. al.
Civil No. 1:06-cv-01179-RCL
Reply in Support of Motion to Dismiss
Page 6 of 12

at Georgetown. (Pl.'s Opp. at 12 n.7.) She claims that being called on first in her Civil Rights class during her first semester at Georgetown and edits made to her journal article are evidence of a conspiracy, but fails to allege how the Duke Defendants or Dr. Keohane had any role in those alleged events. *Id*. at 13-14. Plaintiff even alleges that private medical information was "disseminated to persons who should not have had that information," *id*. at 14-15, although she fails to mention what this information was, to whom it was disseminated, or how the Duke Defendants or Dr. Keohane allegedly were involved in any such dissemination.

Whether examined alone or together, the allegations in the Complaint and in Plaintiff's Opposition are conclusory, bare allegations that do not as a matter of law establish that the exercise of jurisdiction over the Duke Defendants, let alone Dr. Keohane, would be proper. *See Jungquist*, 115 F.3d 1020, 1031 ("bald speculation" or a "conclusionary statement" that individuals are co-conspirators is insufficient to establish personal jurisdiction under a conspiracy theory) (*citing Naartex Consulting Corp.*, 722 F.2d at 787). In substance, these allegations stand on no firmer foundation that those that were at issue in *Second Amendment Foundation,* where as the Court noted:

> According to SAF, the four mayors who attended the 67th Winter Meeting and the eighteen absent mayors whose cities also filed suit transacted business in the District within the meaning of the long-arm statute because they 'conspired together' to 'bankrupt[] and otherwise harm[]' gun manufacturers and dealers. Even assuming that suing manufacturers in order to bankrupt them would be unlawful, SAF has alleged no 'specific acts' showing that the mayors agreed to file suit, let alone with such a purpose. The allegation that the mayors 'conspired together' represents nothing more than a legal conclusion, which we have held 'does not constitute the prima facie showing necessary to carry the burden of establishing personal jurisdiction.

Suzette Richards v. Duke University, et. al.
Civil No. 1:06-cv-01179-RCL
Reply in Support of Motion to Dismiss
Page 7 of 12

*Second Amendment Found.,* 274 F.3d at 524. In that case, although SAF identified the alleged conspirators and a motive, the case was dismissed for lack of jurisdiction because they failed to make a *prima facie* showing that there was any kind of agreement between the conspirators. Likewise, Plaintiff has not alleged any specific facts demonstrating an agreement, thereby failing to make a *prima facie* showing that there was an agreement. As such, her claim of conspiracy, and so in turn jurisdiction based on conspiracy, necessarily fails.

As for Plaintiff's argument that Duke Defendants' failure to deny a conspiracy "is sufficient to find that there was a conspiracy [and] that they were a part of it" is a misapplication of the law as Duke Defendants and Dr. Keohane have never admitted the veracity of a single one of Plaintiff's allegations. To the contrary, the Motion to Dismiss for Lack of Personal Jurisdiction notes that "the fourteen (14) counts have no basis in fact or law and are veritable delusions." (Def.s' Motion to Dismiss at 3.) Plaintiff's allegations of a conspiracy, therefore, are clearly controverted, and as such, her reliance on *Mandelkorn v. Patrick (see* Pl.'s Opp. at 17), is misplaced. *Cf. Mandelkorn,* 359 F. Supp. 692, 697 (D.D.C. 1973) (emphasizing "that the situation would be quite different on this point, if the allegations of the complaint were controverted or if the facts should develop otherwise than as alleged"); *see also First Chicago Int'l v. United Exch. Co., Ltd.*, 836 F.2d 1375, 1378 (D.C. Cir. 1988) (finding plaintiff had failed to meet its burden of establishing personal jurisdiction based on conspiracy jurisdiction where the alleged conspiracy was challenged by the defendants).

Case 1:06-cv-01179-RCL    Document 39    Filed 09/01/2006    Page 8 of 12

Suzette Richards v. Duke University, et. al.
Civil No. 1:06-cv-01179-RCL
Reply in Support of Motion to Dismiss
Page 8 of 12

## II. PLAINTIFF IS NOT ENTITLED TO JURISDICTIONAL DISCOVERY AS HER ALLEGATIONS OF CONSPIRACY ARE CONCLUSORY

As Plaintiff herself recognizes, jurisdictional discovery based on the conspiracy doctrine will only be allowed if the plaintiff has alleged the existence of a conspiracy and the nonresident's participation. (Pl.'s Opp. at 20.) Conversely, discovery will be denied where the allegations are merely conclusory. *See e.g., Edmond v. U.S. Postal Serv. Gen. Counsel,* 949 F.2d 415, 425 (D.C. Cir. 1991) ("In *Naartex* [*Consulting Corp. v. Clark,* 467 U.S. 1210 (1984)], where jurisdiction over nonresident defendants hinged on an alleged conspiracy, and where the allegations of conspiracy were conclusory, we upheld the denial of discovery."). Although Plaintiff cites to *Edmond* to support her argument that "it is an abuse of discretion to deny jurisdictional discovery" when a conspiracy has been alleged, Plaintiff conveniently omits the word "specifically." Contrary to what is cited in Plaintiff's Opposition, *Edmond* in fact holds that "it is an abuse of discretion to deny jurisdictional discovery where the plaintiff has **specifically** alleged: (1) the existence of a conspiracy, (2) the nonresident's participation, and (3) an injury-causing act of the conspiracy within the forum's boundaries." *Edmond,* 949 F.2d at 425 (emphasis added). As set forth herein, Plaintiff has not alleged either the conspiracy, or the participation in it by either the Duke Defendants or Dr. Keohane, with the required specificity, and as such, jurisdictional discovery is unwarranted.

Likewise, as Plaintiff has not seriously argued that the allegations in her Complaint provide a sufficient basis for asserting jurisdiction over the Duke Defendants based upon any of the other prongs of the long arm statute, her suggestion that she should be allowed discovery to develop evidence on these issues is without merit. For example, Plaintiff points to Ms.

Case 1:06-cv-01179-RCL    Document 39    Filed 09/01/2006    Page 9 of 12

Suzette Richards v. Duke University, et. al.
Civil No. 1:06-cv-01179-RCL
Reply in Support of Motion to Dismiss
Page 9 of 12

Hendricks' Declaration in which she states that a small number of adjunct faculty live in the District of Columbia. (Hendricks' Decl. ¶ 16.) Even if further discovery were allowed, this connection with the District, as already explained in the Memorandum of Law in Support of the Motion to Dismiss, is insufficient to confer jurisdiction. *See, e.g., Scherer v. Curators of the Univ. of Missouri,* 152 F. Supp. 2d 1278, 1284 (D. Kan. 2001) (holding that "the mere fact that the Law School employs Kansas residents is not sufficient to confer general jurisdiction"); *Gallant v. Trs. of Columbia Univ.,* 111 F. Supp. 2d 638, 642 (E.D. Pa. 2000) (no general jurisdiction despite allegation that employees of out-of-state school regularly traveled to forum state); *Gelineau v. New York Univ. Hosp.*, 375 F. Supp. 661, 666 (D.N.J. 1974) (noting that "[i]t is true that some of [the hospital's] employees reside in New Jersey, but that, in and of itself, does not mean that New York University Hospital does business in New Jersey, or wherever else its employees happen to reside" and finding that hospital not subject to general jurisdiction). Similarly insufficient to confer jurisdiction is the revenue that Duke receives from any students who are residents of the District of Columbia. In order for revenue to confer jurisdiction, it must be "substantial." D.C. Code Ann. § 13-423(a)(4) (2001). Courts routinely decline to exercise jurisdiction over non-resident educational institutions that derive a portion of their tuition revenue from residents of the forum state. *See, e.g., Scherer,* 152 F. Supp. 2d at 1283-84 (D. Kan. 2001) ("Following the Third Circuit's lead, other courts analyzing analogous cases have held that an out-of-state school is not subject to general jurisdiction simply because it may draw students from the forum state, receive revenue from the forum state through tuition or fundraising activities, or have contacts with alumnae in the forum state."); *Gallant v. Trs. of Columbia Univ.,* 111 F. Supp.2d 638, 640 (E.D. Pa. 2000) (finding no general

Case 1:06-cv-01179-RCL   Document 39   Filed 09/01/2006   Page 10 of 12

Suzette Richards v. Duke University, et. al.
Civil No. 1:06-cv-01179-RCL
Reply in Support of Motion to Dismiss
Page 10 of 12

jurisdiction despite the fact that school's student body included Pennsylvania residents whose tuition generated income for the school and the school held fundraising activities in Pennsylvania).

Finally, even if this Court was inclined to allow Plaintiff to engage in discovery with respect to the claims against the Duke Defendants (and it is respectfully submitted that no such discovery is warranted), there is nothing in Plaintiff's Opposition that would justify a similar fishing expedition with respect to Dr. Keohane. To the contrary, while Plaintiff attempts to identify alleged inconsistencies in the Declaration of Kate Hendricks, she does not at all controvert Dr. Keohane's Declaration, which clearly establishes that she should not be forced to come to the District of Columbia to defend Plaintiff's incredible claims. This is particularly so where Plaintiff claims that she is suing Dr. Keohane "in her personal capacity." Pl.'s Opp. at 18.

## CONCLUSION

For the foregoing reasons, this Court should enter an order DISMISSING Plaintiff's Complaint against the Duke Defendants and Dr. Keohane for lack of personal jurisdiction and awarding them such other and further relief as this Court deems appropriate, including their costs and attorneys' fees.

Suzette Richards v. Duke University, et. al.
Civil No. 1:06-cv-01179-RCL
Reply in Support of Motion to Dismiss
Page 11 of 12

                          Respectfully submitted,

DATED: September 1, 2006         **OGLETREE, DEAKINS, NASH, SMOAK & STEWART, PC**

                     By:    /s/_____
                             MICHAEL J. MURPHY
                             2400 N Street, N.W.
                             Fifth Floor
                             Washington, D.C. 20037
                             Telephone: (202) 887-0855
                             Facsimile:  (202) 887-0866


                             SIMONE R. D. FRANCIS*
                             Ogletree, Deakins, Nash, Smoak & Stewart, LLC
                             The Tunick Building, Suite 202
                             1336 Beltjen Road
                             St. Thomas, USVI 00802
                             Telephone: (340) 714-1235
                             Facsimile:  (340) 714-1245


                             Attorneys for Duke University,
                             Duke University School of Law,
                             Duke University Board of Trustees
                             and Nannerl Keohane

---

\* Application for admission pro hac vice pending.

Suzette Richards v. Duke University, et. al.
Civil No. 1:06-cv-01179-RCL
Reply in Support of Motion to Dismiss
Page 12 of 12

## CERTIFICATE OF SERVICE

      I certify that on this 1st day of September, 2006, a true and correct copy of the foregoing document was served by placing same in the United States mail, postage prepaid, addressed to:

Richard Hunter, Esq.
Hunter, Cole & Bennett
Pentheny Bld., 3rd Floor
1138 King Street, Suite 301
Christiansted, St. Croix
U.S. Virgin Islands  00820

Henry Feuerzeig, Esq.
Dudley, Topper & Feuerzeig
1A Frederiksberg Gade
P.O. Box 756
St. Thomas
U.S. Virgin Islands 00804-0756

Benton G. Peterson, Esq.
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Room E4905
Washington, D.C.  20530

Suzette Richards, Esq.
P.O. Box 223875
Christiansted, St. Croix
U.S. Virgin Islands  00822-3875

Charles E. Buffon, Esq.
Harry B. Roback, Esq.
Covington & Burlington LLP
1201 Pennsylvania Avenue, N.W.
Washington, D.C.  20004

Elisabeth A. O'Brien, Esq.
Williams & Connolly, LLP
725 Twelfth Street, NW
Washington D.C.  20005

                                                  /s/
                                          Joyce Wolfgang