UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SUZETTE RICHARDS,                                     ) | |
| ) | |
| PLAINTIFF,                             ) | CIVIL NO. 06-01179 (RCL) |
| ) | |
| v.                                          ) | ACTION FOR DAMAGES, |
| ) | DISCRIMINATION, AND |
| DUKE UNIVERSITY, DUKE UNIVERSITY     ) | DECLARATORY AND |
| SCHOOL OF LAW, DUKE UNIVERSITY       ) | INJUNCTIVE RELIEF |
| BOARD OF TRUSTEES, NANNERL           ) | |
| KEOHANE, in her personal and official     ) | |
| Capacity as President of Duke University,  ) | |
| GEORGETOWN UNIVERSITY,               ) | |
| GEORGETOWN UNIVERSITY LAW CENTER, ) | |
| ALBERTO GONZALES, in his official capacity ) | |
| as Attorney General of the United States,    ) | |
| FEDERAL BUREAU OF INVESTIGATION,   ) | |
| U.S. DEPARTMENT OF JUSTICE,           ) | **JURY TRIAL DEMANDED** |
| JOHN AND JANE DOES 1-10,              ) | |
| WILLIAM H. GATES, III, in his personal and ) | |
| official capacity as Chairman of Microsoft    ) | |
| Corporation, STEVE BALLMER, in his personal ) | |
| and official capacity as Chief Executive Officer ) | |
| of Microsoft Corporation, MICROSOFT       ) | |
| CORPORATION, MICROSOFT EMPLOYEES  ) | |
| A-J, and MELINDA GATES,                ) | |
| ) | |
| DEFENDANTS.                         ) | |
| _____ ) | |

**PLAINTIFF'S REPLY IN SUPPORT OF HER MOTION TO STRIKE ALL EXHIBITS THAT HAVE BEEN FILED WITH DEFENDANT GEORGETOWN UNIVERSITY'S MOTION TO DISMISS AND TO FURTHER STRIKE ALL REFERENCES TO SAID EXHIBITS**

**COMES NOW**, Plaintiff, *pro se*, and hereby respectfully submits her reply in further support of her motion to strike all of the exhibits that were filed with Defendant Georgetown University's Motion to Dismiss, and to also strike any of the text in Georgetown University's motion, as well as the Duke Defendants, the Microsoft Defendants and the Government

Defendants Motions to Dismiss, *see* V.I. Docket 211, 219, D.C. Docket 11, 18, that relies on or in any way references any of these exhibits.

"On a motion to dismiss for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1), the plaintiff bears the burden of establishing that the court has subject-matter jurisdiction." *Hilska v. Jones*, 297 F. Supp. 2d 82, 86 (D.D.C. 2003). However, this burden is not a heavy one, as generally speaking, a plaintiff, in a federal question case, need only establish a non-frivolous claim based on federal law to establish subject matter jurisdiction. *See e.g. Best v. Kelly*, 39 F.3d 328, 330-31 (D.C. Cir. 1994); *Hilksa*, 297 F. Supp. 2d at 86-89. In fact, in Plaintiff's responses to the defendants' motions to dismiss for lack of subject matter jurisdiction, she has already established that her claims are not frivolous or patently insubstantial. *See* D.C. Docket 2-3, 22, 34.

Further, it should be noted that "[u]nder settled law, the District Court may in appropriate cases dispose of a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) on the complaint standing alone." *Herbert v. National Academy of Sciences*, 974 F.2d 192, 197 (D.C. Cir. 1992); *see also Best*, 39 F.3d at 330-31. Although, "where necessary, the court may consider the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts evidenced in the record plus the court's resolution of disputed facts." *Id.*

Here, the issue is whether this Court may consider the expert reports that were submitted by Dr. Rita Dudley-Grant and Dr. Olaf Hendricks in ruling on the defendants' motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). Plaintiff maintains that this Court may not consider these reports because they are inadmissible under Rule 702 of the Federal Rules of Evidence and therefore should be stricken from the record. Plaintiff has

submitted a motion to strike these reports because a motion to strike is an appropriate way to bring to the court's attention questions about the admissibility of proffered material so that a determination can be made about what material may be used in ruling on a motion. *See Monroe v. Board of Education of the Town of Wolcott, Connecticut*, 65 F.R.D. 641, 645 (D. Conn. 1975).

In the case *sub judice*, both Dr. Dudley-Grant and Dr. Hendricks' reports were originally submitted in connection with the defendants' failed attempt to have the Court appoint a guardian *ad litem* to represent Plaintiff in these proceedings. Both of the reports were based on Dr. Dudley-Grant and Dr. Hendricks' personal opinions of the allegations in the Complaint. Dr. Dudley-Grant simply reviewed Plaintiff's Complaint and First Amended Complaint and then concluded, based on her personal opinion, that Plaintiff's Complaint and First Amended Complaint presented symptoms of a person experiencing Paranoid Schizophrenia or a Delusional Psychosis. *See* D.C. Docket 12.

Thereafter, based on Dr. Dudley-Grant's report, Magistrate Judge Jeffrey Resnick ordered Dr. Hendricks to interview Plaintiff and to specifically give an opinion as to whether "the text of Plaintiff's First Amended Complaint demonstrate[d] delusional psychosis, paranoid schizophrenia or any other mental illness or abnormality." V.I. Docket 60 at ¶ 2. Dr. Hendricks, in turn, then submitted his report in this matter, wherein he concluded, based on his personal opinion of the allegations in the Complaint, that Plaintiff was suffering from a Delusional Disorder, that she was incapable of prosecuting this matter, and the text of her First Amended Complaint demonstrated delusional thinking. D.C. Docket 12.

Whether this Court has subject matter jurisdiction over the claims in Plaintiff's Complaint is a question of law that is to be determined by the Court. *See e.g. Madsen v. United States*, 841 F.2d 1011, 1012 (10th Cir. 1987). Indeed, it is the duty of this Court, not a

psychologist or psychiatrist, to review the allegations in the Complaint, and then make an assessment of whether the allegations are, as a matter of law, sufficient to invoke the subject matter jurisdiction of this Court.  *See e.g.*, *Best v. Kelly*, 39 F.3d 328, 330-31 (D.C. Cir. 1994); *Hilska v. Jones*, 297 F. Supp. 2d 82, 89 (D.D.C. 2003); *see also Tate v. Burke*, 131 F.R.D. 363, (D.D.C. 1990).  Here, however, the defendants have proffered the reports of Dr. Dudley-Grant and Dr. Hendricks with the intent of usurping the duty of this Court and further having this Court adopt the conclusions that have been reached by Dr. Dudley-Grant and Dr. Hendricks, about the allegations in Plaintiff's Complaint, as this Court's own legal conclusions.  *See e.g.* Georgetown University's Oppn to Pl.'s Mot. to Strike at 4 (referencing the medical reports and stating that "Plaintiff's claims are frivolous and delusional and, therefore, patently insubstantial").  This is simply impermissible.  *See Weston v. Washington Metro. Transit Auth.*, 78 F.3d 682, 684 n.4 (D.C. Cir. 1996) ("An expert may not deliver legal conclusions on domestic law, for legal principles are outside the witness' area of expertise under Federal Rule of Evidence 702").

It should also be noted that Dr. Dudley-Grant and Dr. Hendricks' reports would not even be admissible in a trial in this matter and should not be admissible at any other stage of these proceedings.  A trial court may admit expert testimony when "scientific, technical or other specialized knowledge will assist the trier of fact to understand evidence or to determine a fact in issue."  Fed. R. Evid. 702.  However, before a Court admits scientific testimony, "the trial court must ensure that it is scientifically valid – that it is both reliable and relevant."  *Nichols v. American Natl. Ins. Co.*, 154 F.3d 875, 883 (8th Cir. 1998) (citing *Daubert v. Merrill Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993)).

In the case *sub judice*, however, the reports that have been submitted by Dr. Dudley-Grant and Dr. Hendricks are neither reliable nor relevant.  While the Magistrate Judge relied on

4

Dr. Hendricks' and Dr. Dudley-Grant's report to appoint a guardian *ad litem*, and the District Court Judge affirmed his decision, Plaintiff appealed all the way to the Court of Appeals for the Third Circuit, which ultimately **vacated** the District Court's Order that affirmed the appointment of a guardian *ad litem*. *See Richards*, 2006 WL 162652 at 3. In vacating the District Court's Order, the Third Circuit held that the District Court had abused its discretion because it failed to apply the correct standard to determine whether a guardian *ad litem* could be appointed, which is whether a person is capable of taking care of themselves, or, put another way, whether a person is capable of protecting their own interests, and understanding the meaning and effect of the legal proceedings they have instituted. *See id.*

In addition, in vacating the District Court's Order, the Third Circuit also rejected the conclusions that Dr. Hendricks had reached, which had resulted from the defendants and Magistrate Judge Resnick's misapplication of the law, and instead concluded, after reviewing information in the record, that Plaintiff was competent to proceed *pro se*. *See id.* Contrary to arguments made by the defendants, it is clear that the Third Circuit rejected the conclusions that Dr. Hendricks had reached because whereas Dr. Hendricks concluded that Plaintiff was suffering from a delusional disorder and was therefore unable to prosecute this matter, the Third Circuit concluded that Plaintiff was competent to proceed *pro se*. *See id.* As such, it is simply improper for this Court to consider any of the conclusions that were reached by Dr. Hendricks when the Third Circuit has already rejected these conclusions, and held that the conclusions resulted from an erroneous application of law.[1]

---

[1] The Third Circuit did not expressly reference Dr. Dudley-Grant's report. However, where the Third Circuit rejected conclusions in Dr. Hendricks report, which were essentially similar to the conclusions reached in Dr. Dudley-Grant's report, and both reports resulted from the same erroneous application of law, it necessarily follows that the Third Circuit implicitly rejected the conclusions in Dr. Dudley-Grant's report as well.

In addition, the reports of Dr. Dudley-Grant and Dr. Hendricks are not relevant. "[A] court is required to convert a Rule 12(b)(1) motion to dismiss into a Rule 12(b)(6) or a Rule 56 summary judgment motion when resolution of the jurisdictional question is intertwined with the merits of the case." *Pringle v. United States*, 208 F.3d 1220, 1222 (10th Cir. 2000); *Herbert*, 974 F.2d at 198 (noting that if jurisdictional facts are "inextricably intertwined with the merits of the case [the court] should usually defer its jurisdictional decision until the merits are heard."). "The jurisdictional question is intertwined with the merits of the case if subject matter jurisdiction is dependent on the same statute which provides the substantive claim in the case." *Pringle*, 208 F.3d at 1222.

When matters outside the pleadings are considered, a court should look to the standard of Rule 56. *See Herbert*, 974 F.2d at 198 n.6. "In granting a motion for summary judgment, the court may consider any evidence that would be admissible at trial." *Stinnett v. Iron Works Gym/Executive Health Spa, Inc.*, 301 F.3d 610, 613 (7th Cir. 2002). "The evidence need not be admissible in form (for example, affidavits are not normally admissible at trial), but it must be admissible in content." *Id.* "The relevancy of the testimony depends on whether it can properly be applied to assist the trier of fact to decide facts in issue." *Nichols*, 154 F.3d at 883. "Such evidence is not helpful if it draws inferences or reaches conclusions within the jury's competence or within an exclusive function of the jury." *Id.*

In the case *sub judice*, the reports of Dr. Dudley-Grant and Dr. Hendricks would not be admissible at a trial, and therefore could not be considered in deciding a Rule 12(b)(1) motion that has been converted to a summary judgment motion. Indeed, in the case *sub judice*, the reports purport to weigh the allegations in Plaintiff's Complaint, which is necessarily Plaintiff's testimony in this case, and further advise as to Plaintiff's credibility, when these tasks are within

6

an exclusive function of the jury. *See id.* In fact, both Dr. Dudley-Grant and Dr. Hendricks have sought to answer the question that would ultimately have to be decided by a jury, and that is whether Plaintiff can be believed. Both Dr. Hendricks and Dr. Dudley-Grant have offered an opinion about the truthfulness of the allegations in Plaintiff's Complaint, which is necessarily Plaintiff's testimony in this case. Dr. Hendricks, in giving his report, has usurped the role of the jury, by weighing the allegations in Plaintiff's Complaint, and impugning Plaintiff's credibility, by stating that Plaintiff suffered from some type of delusional disorder, and the allegations in Plaintiff's Complaint demonstrated delusional thinking. As such, it would be erroneous for any jury to consider it. *See id.* at 881-84 (holding trial court erred in admitting expert testimony that impugned psychiatric credibility of employee and usurped role of jury). For these same reasons, a jury's consideration of Dr. Dudley-Grant's report, which was solely based on the allegations in Plaintiff's Complaint and First Amended Complaint, and her weighing of the allegations in Plaintiff's Complaint, which she used to impugn Plaintiff's credibility, would also be erroneous. *Id.* at 883. Simply put, "[i]t is plain error to admit testimony that is a thinly veiled comment on a witness's credibility." *Id.* at 884.

The Microsoft Defendants have purported to claim that Plaintiff cannot request that this Court strike Dr. Dudley-Grant and Dr. Hendricks' reports, but nevertheless expect this Court to consider Dr. Steven Handwerker's report, who is Plaintiff's expert. However, the Microsoft Defendants argument is misplaced because it fails to take into account that Dr. Handwerker's expert report would be admissible under Rule 702 of the Federal Rules of Evidence, whereas Dr. Dudley-Grant and Dr. Hendricks reports are not. As such, this Court would be free to consider Dr. Handwerker's report, if the Court deemed it necessary. *See Herbert*, 974 F.2d at 197. Indeed, Dr. Handwerker has concluded that Plaintiff's mental health is good and stable,

notwithstanding the sorts of stress the defendants in this case have subjected her too.  V.I. Docket at 72, Ex. 1.  In fact, Dr. Handwerker also concluded that even though Plaintiff's mental health was good and stable, Plaintiff was nevertheless suffering from Post Traumatic Stress Disorder, precisely because of all the discrimination that the defendants in this case had subjected her too.  *See id.*

**WHEREFORE**, for all the foregoing reasons, Plaintiff requests that this Court strike all of the exhibits from Defendant Georgetown University's Motion to Dismiss and further strike all of the any of the text in Georgetown University's motion, as well as the Duke Defendants, the Microsoft Defendants and the Government Defendants Motions to Dismiss, *see* V.I. Docket 211, 219, D.C. Docket 11, 18, that relies on or in any way references any of these exhibits.

                                          Respectfully submitted,
                                          ATTORNEY FOR PLAINTIFF,

DATED: September 1, 2006                    _____/s/_____
                                          Suzette Richards, *Pro Se*
                                          P.O. Box 223875
                                          Christiansted, St. Croix  00822-3875
                                          Telephone: (340) 277-4808
                                          Fax: (340) 772-5785

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of September, 2006, a true and exact copy of the foregoing document was caused to be served via electronic notification upon:

Simone R. D. Francis, Esq.
Ogletree, Deakins, Nash, Smoak & Stewart, L.L.C.
The Tunick Building, Suite 202
1336 Beltjen Road
St. Thomas, U.S. Virgin Islands  00802
Simone.francis@ogletreedeakins.com

Michael J. Murphy, Esq.
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
2400 N Street, N.W., Fifth Floor
Washington, D.C. 20037
Michael.murphy@odnss.com

Henry Feuerzeig, Esq.
Dudley, Topper & Feuerzeig
1A Frederiksberg Gade
P.O. Box 756
St. Thomas, V.I. 00804
hfeurzeig@dtflaw.com

Charles E. Buffon, Esq.
Harry B. Roback, Esq.
Covington & Burling LLP
1201 Pennsylvania Avenue, N.W.
Washington, D.C.  20004
cbuffon@cov.com
hroback@cov.com

Richard Hunter, Esq.
Hunter, Cole & Bennett
Pentheny Bld., 3rd Floor
1138 King Street, Suite 301
Christiansted, St. Croix  00820
rhunter@hcbvilaw.com

Elizabeth O'Brien, Esq.
Williams & Connolly LLP
725 Twelfth Street
Washington, D.C.  20002
eobrien@wc.com

Benton G. Peterson, Esq.
Assistant United States Attorney
Judiciary Center Building
Civil Division
555 4th St., N.W., Room E4905
Washington, D.C. 20530
Benton.peterson@usdoj.gov

                                              /s/
                                Suzette Richards, *Pro Se*