# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SUZETTE RICHARDS, | ) | |
| | ) | |
| PLAINTIFF, | ) | CIVIL NO. 06-01179 (RCL) |
| | ) | |
| v. | ) | ACTION FOR DAMAGES, |
| | ) | DISCRIMINATION, AND |
| DUKE UNIVERSITY, DUKE UNIVERSITY | ) | DECLARATORY AND |
| SCHOOL OF LAW, DUKE UNIVERSITY | ) | INJUNCTIVE RELIEF |
| BOARD OF TRUSTEES, NANNERL | ) | |
| KEOHANE, in her personal and official | ) | |
| Capacity as President of Duke University, | ) | |
| GEORGETOWN UNIVERSITY, | ) | |
| GEORGETOWN UNIVERSITY LAW CENTER, | ) | |
| ALBERTO GONZALES, in his official capacity | ) | |
| as Attorney General of the United States, | ) | |
| FEDERAL BUREAU OF INVESTIGATION, | ) | |
| U.S. DEPARTMENT OF JUSTICE, | ) | **JURY TRIAL DEMANDED** |
| JOHN AND JANE DOES 1-10, | ) | |
| WILLIAM H. GATES, III, in his personal and | ) | |
| official capacity as Chairman of Microsoft | ) | |
| Corporation, STEVE BALLMER, in his personal | ) | |
| and official capacity as Chief Executive Officer | ) | |
| of Microsoft Corporation, MICROSOFT | ) | |
| CORPORATION, MICROSOFT EMPLOYEES | ) | |
| A-J, and MELINDA GATES, | ) | |
| | ) | |
| DEFENDANTS. | ) | |
| _____ | ) | |

## PLAINTIFF'S REPLY IN SUPPORT OF HER CROSS MOTION FOR LEAVE TO TAKE JURISDICTIONAL DISCOVERY FROM THE DUKE DEFENDANTS

**COMES NOW**, Plaintiff, *pro se*, and hereby respectfully submits her reply in further

support of her cross motion for leave to take jurisdictional discovery from Defendants Duke

University, Duke University School of Law ("Duke Law"), Duke University Board of Trustees ("Duke Board of Trustees") and Nannerl Keohane (collectively "Duke Defendants").[1]

Contrary to arguments put forth by the Duke Defendants, Plaintiff's allegations regarding the existence of a conspiracy and the Duke Defendants participation in the conspiracy are not conclusory. Rather, Plaintiff has alleged specific acts that the Duke Defendants have engaged in which support this Court exercising personal jurisdiction over all of the Duke Defendants under the conspiracy doctrine. Indeed, even though Plaintiff had been discriminated against during her first year of law school at Duke Law, she nevertheless chose to transfer to Georgetown Law, which is located in the District of Columbia, to complete her legal education. First Am. Compl. at ¶¶ 31-32, 34-37, 104-06, 124-31. However, persons at Duke Law nevertheless contacted and conspired with persons at Georgetown Law to continue to discriminate against Plaintiff, and adversely affect Plaintiff's overall educational experience at Georgetown Law, including lowering and adversely affecting Plaintiff's grades in a number of courses, as well as adversely affecting Plaintiff's classroom experience, journal experience and job prospects. First Am. Compl. at ¶¶ 147-48, 175-79, 186-91. In fact, persons at Duke Law even contacted the Government Defendants and conspired with them to illegally place and continue to keep Plaintiff under electronic surveillance, in the District, as well as elsewhere, so that they could obtain information to discriminate against and harass Plaintiff. First Am. Compl. at ¶¶ 38-39, 60, 62-64, 165-170.

---

[1] On July 21, 2006, the Duke Defendants filed a motion to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. *See* D.C. Docket at 17. On August 25, 2006, Plaintiff filed her Opposition to the Duke Defendants' motion to dismiss along with a cross motion for leave to take jurisdictional discovery. *See* D.C. Docket at 35, 36. The Duke Defendants submitted its response to Plaintiff's Opposition and her cross motion for leave to take jurisdictional discovery on September 1, 2006. *See* D.C. Docket at 39. Plaintiff now submits her Reply in further support of her cross motion for leave to take jurisdictional discovery.

Moreover, it should be noted that Plaintiff has alleged that even persons who sat on the Duke University Board of Trustees were aware of the discrimination and nevertheless joined in the existing conspiracy to discriminate against Plaintiff. First Am. Compl. at ¶¶ 101-02. In fact, Plaintiff has alleged that Nannerl Keohane, who was the President of Duke University while Plaintiff was being discriminated against, and who, by virtue of her office, was also on the Duke University Board of Trustees, was also aware of the discrimination that Plaintiff was being subjected to, and she nevertheless joined in the conspiracy to discriminate against Plaintiff. First Am. Compl. at ¶¶ 6, 98-100, 229-30.

Significantly, none of the Duke Defendants have denied that they engaged in any of these acts. Indeed, Ms. Kate Hendricks has submitted a Declaration, under penalty of perjury, on behalf of Duke University, Duke Law, and the Duke Board of Trustees, that does not address or in any way deny any of the allegations that relate to the discrimination that Plaintiff experienced while she was in law school or the illegal electronic surveillance that was used to facilitate that discrimination. *See* D.C. Docket at 17, Ex. 1, Decl. of Kate Hendricks. Similarly, Defendant Nannerl Keohane has submitted a Declaration that utterly fails to address any of the allegations that relate to the discrimination that Plaintiff experienced in law school or the use of illegal surveillance to facilitate the discrimination. *See* D.C. Docket at 17, Ex. 2, Decl. of Nannerl Keohane.

Moreover, Defendant Keohane does not deny that she was aware of a conspiracy to discriminate against Plaintiff or that she was a part of that conspiracy. *See id.* More specifically, Defendant Keohane does not deny that she knew that Plaintiff was discriminated against while she was a first year law student at Duke Law or that after Plaintiff transferred to Georgetown Law, persons at Duke Law contacted persons at Georgetown Law and the purpose of the contacts

was to discriminate against Plaintiff and adversely affect her academically, professionally and

personally.  *See id.*  Indeed, Defendant Keohane does not even deny that persons at Duke Law

contacted the Government Defendants to illegally place Plaintiff under electronic surveillance to

obtain information to discriminate against Plaintiff.  *See id.*  In fact, Defendant Keohane has not

denied receiving information about Plaintiff from the illegal electronic surveillance or even using

information from the surveillance to discriminate against Plaintiff.[2]  *See id.*

Plaintiff has already argued, in her Opposition to the Duke Defendants' Motion to

Dismiss, that because none of the Duke Defendants have denied that there was a conspiracy to

discriminate against Plaintiff, or that they committed acts in furtherance of the conspiracy, this

is, by itself, sufficient to find that there was a conspiracy, that the Duke Defendants were a part

of the conspiracy, and that therefore this Court may exercise personal jurisdiction over each of

them.  *See* D.C. Docket 35 at 16-17 (citing *Mandelkorn v. Patrick*, 359 F. Supp. 692, 696-97

(D.D.C. 1973)).  Nevertheless, Plaintiff has also moved for leave to take jurisdictional discovery

so that if this Court determines that there are insufficient grounds, on the existing record, to

exercise personal jurisdiction over all of the Duke Defendants, Plaintiff may have the

opportunity to obtain jurisdictional discovery.

Indeed, Plaintiff has requested that she be allowed to obtain jurisdictional discovery so

that she can obtain information regarding the full scope of the contacts that exists between the

Duke Defendants and this forum, and this includes discovery as to any adjunct faculty members

that may reside in the District of Columbia.  Plaintiff also seeks jurisdictional discovery to allow

---

[2] The Duke Defendants did purport to claim in their Motion to Dismiss that "the fourteen (14) counts [in Plaintiff's Complaint] have no basis in fact or law and are veritable delusions."  *See* D.C. Docket 17 at 3, Duke Defs. Mot. to Dismiss.  However, such a statement is baseless. Indeed, the Duke Defendants did not provide a citation to the evidence that would support such a statement, and it is difficult to understand how they could even make such a statement when they do not deny that they engaged in the acts that have been alleged in the Complaint.

her to obtain information about the Duke Defendants full involvement in the conspiracy to discriminate against her and violate her rights. Indeed, Plaintiff respectfully submits that she should be granted an opportunity to obtain discovery from all of the Duke Defendants, which includes Defendant Nannerl Keohane, particularly where none of these defendants have denied that a conspiracy existed or that they were a part of the conspiracy to violate Plaintiff's rights. *See* D.C. Docket at 17, Ex. 1, Decl. of Kate Hendricks; Ex. 2, Decl. of Nannerl Keohane.

While the Duke Defendants have relied on *Scherer v. Curators of the Univ. of Missouri*, 152 F. Supp. 2d 1278 (D. Kan. 2001), *Gallant v. Trustees of Columbia Univ.*, 111 F. Supp. 2d 638 (E.D. Pa. 2000), and even *Gelineau v. New York Univ. Hosp.*, 375 F. Supp. 661 (D.N.J. 1974), to argue that discovery would not establish general jurisdiction over the Duke Defendants, this argument is misplaced. Plaintiff has not sought discovery to establish general jurisdiction over the Duke Defendants. Rather, Plaintiff has sought discovery to establish specific jurisdiction pursuant to D.C. Code § 13-423(a)(3) and D.C. Code § 13-423(a)(4).

Indeed, discovery would allow Plaintiff to more fully establish specific jurisdiction over the Duke Defendants pursuant to D.C. Code § 13-423(a)(3) under the conspiracy doctrine. In addition, discovery would also allow Plaintiff to establish specific jurisdiction over Duke University and Duke Law pursuant to Section 13-423(a)(4) to the extent that these defendants have engaged in any persistent course of conduct in the District. Indeed, it should be noted that "[u]nder (a)(4), the business done or persistent course of conduct "plus factor" is satisfied by connections considerably less substantial than those it takes to establish general, all-purpose "doing business" – or "presence"-based jurisdiction." *Crane v. Carr*, 814 F.2d 758, 763 (D.C. Cir. 1987) (citations omitted). In fact, "unlike the 'transacting business' nexus employed in D.C.

Code § 13-423(a)(1), subsection (a)(4) contemplates a connection that may by *un* related to the claim in suit." *Id.*

   In the case *sub judice*, Plaintiff has established that there was a conspiracy, that the Duke Defendants participated in this conspiracy, and that there were injury causing acts of the conspiracy within this jurisdiction, and therefore Plaintiff is entitled to jurisdictional discovery. *See* D.C. Docket 35, at 12-15; *Jin v. Ministry of State Security*, 335 F. Supp. 2d 72, 83-84 (D.D.C. 2004) (granting plaintiff's request for jurisdictional discovery where plaintiff plead the three elements in *Edmond*).  However, even if this Court finds that Plaintiff has not sufficiently plead the three elements in *Edmond*, she would still be entitled to jurisdictional discovery where she has a good faith belief, as she does here, that such discovery will be able to show that this court can exercise personal jurisdiction over these defendants.  *See GTE New Media Services Inc. v. Bellsouth Corp.*, 199 F.3d 1343, 1351-52 (D.C. Cir. 2000); *Diamond Chemical Co., Inc. v. Atofina Chemicals, Inc.*, 268 F. Supp. 2d 1, 15-16 (D.D.C. 2003).

   **WHEREFORE**, if this Court determines that there are insufficient grounds, on this record, to support jurisdiction over the Duke Defendants, Plaintiff hereby requests that she be granted leave to take jurisdictional discovery.

                                        Respectfully submitted,
                                        ATTORNEY FOR PLAINTIFF,


DATED: September 14, 2006              _____/s/_____
                                        Suzette Richards, *Pro Se*
                                        P.O. Box 223875
                                        Christiansted, St. Croix  00822-3875
                                        Telephone: (340) 277-4808
                                        Fax: (340) 772-5785

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of September, 2006, a true and exact copy of the foregoing document was caused to be served via electronic notification upon:

Simone R. D. Francis, Esq.
Ogletree, Deakins, Nash, Smoak & Stewart, L.L.C.
The Tunick Building, Suite 202
1336 Beltjen Road
St. Thomas, U.S. Virgin Islands  00802
Simone.francis@ogletreedeakins.com

Michael J. Murphy, Esq.
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
2400 N Street, N.W., Fifth Floor
Washington, D.C. 20037
Michael.murphy@odnss.com

Henry Feuerzeig, Esq.
Dudley, Topper & Feuerzeig
1A Frederiksberg Gade
P.O. Box 756
St. Thomas, V.I. 00804
hfeurzeig@dtflaw.com

Charles E. Buffon, Esq.
Harry B. Roback, Esq.
Covington & Burling LLP
1201 Pennsylvania Avenue, N.W.
Washington, D.C.  20004
cbuffon@cov.com
hroback@cov.com

Richard Hunter, Esq.
Hunter, Cole & Bennett
Pentheny Bld., 3rd Floor
1138 King Street, Suite 301
Christiansted, St. Croix  00820
rhunter@hcbvilaw.com

Elizabeth O'Brien, Esq.
Williams & Connolly LLP
725 Twelfth Street
Washington, D.C. 20002
eobrien@wc.com

Benton G. Peterson, Esq.
Assistant United States Attorney
Judiciary Center Building
Civil Division
555 4th St., N.W., Room E4905
Washington, D.C. 20530
Benton.peterson@usdoj.gov

_____/s/_____
Suzette Richards, *Pro Se*

7