IN THE DISTRICT COURT OF THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SUZETTE RICHARDS, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | CIVIL NO.  06-01179 (RCL) |
| | ) | |
| DUKE UNIVERSITY, DUKE UNIVERSITY | ) | ACTION FOR DAMAGES |
| SCHOOL OF LAW, DUKE UNIVERSITY | ) | DISCRIMINATION AND |
| BOARD OF TRUSTEES, NANNERL KEOHANE, | ) | DECLARATORY AND |
| in her personal and official capacity as president of | ) | INJUCTIVE RELIEF |
| Duke University, and others, | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |

## DUKE UNIVERSITY DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)

Defendants Duke University, Duke University School of Law, Duke University Board of Trustees and Nannerl Keohane ("Duke" or the "Duke Defendants"), through their counsel, Ogletree, Deakins, Nash, Smoak & Stewart, LLC, file this reply in support of their Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.  In support, Duke shows as follows:

## INTRODUCTION

On August 24, 2006, Duke filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.  Plaintiff filed her Opposition on September 22, 2006.  The Duke Defendants now files their response to Plaintiff's Opposition and incorporates fully the arguments set forth in the memorandum in support of Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  Additionally, Duke incorporates the arguments set forth by

Suzette Richards v. Duke University, et al.
Civil No. 1:06-cv-01179-RCL
Reply in Support of Motion to Dismiss Pursuant to 12(b)(6)
Page 2

the Microsoft Defendants in their August 4, 2006 Reply Memorandum in Support of Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) or 12(b)(6).

## ARGUMENT

**I.   PLAINTIFF HAS FAILED TO IDENTIFY ANY IMPEDIMENT TO DISMISSAL OF COUNTS I AND II OF THE COMPLAINT**

As the Duke Defendants argued in their initial memorandum, in order to survive a 12(b)(6) motion to dismiss, the complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 512 (2002) (*quoting Conley v. Gibson,* 355 U.S. 41, 47 (1957)).  The court must accept as true all well-pleaded factual allegations and grant plaintiff the benefit of all *reasonable* inferences that can be derived from the alleged facts. *Chandamuri v. Georgetown University,* 274 F. Supp. 2d 71, 77 (D.D.C. 2003).  A complaint will be dismissed for failure to state a claim if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Conley,* 355 U.S. at 45-46.

Plaintiff's Opposition places heavy reliance on *Swierkiewicz*, *supra*, and uses that case to bolster her contention that she has stated a claim sufficient to withstand a 12(b)(6) motion to dismiss.  Duke does not deny that following *Swierkiewicz* the "D.C. Circuit has held that a plaintiff is not required to set forth the *prima facie* elements of a discrimination claim at the initial stage." *Chandamuri,* 274 F. Supp. 2d at 77-78 (*citing Sparrow v. United Air Lines, Inc.,* 216 F.3d 1111, 1114 (D.C. Cir. 2000)).  However, Duke vehemently disagrees with Plaintiff's interpretation that "in a discrimination context . . . a plaintiff does not even have to allege circumstances which support an inference of discrimination to survive a motion to dismiss."

Suzette Richards v. Duke University, et al.
Civil No. 1:06-cv-01179-RCL
Reply in Support of Motion to Dismiss Pursuant to 12(b)(6)
Page 3

(Pl.'s Opp'n at 13-14.) A plaintiff's allegations of discrimination still must state a claim upon which relief can be granted and in this case they clearly do not.

The *prima facie* showing of discrimination that was the subject of *Swierkiewicz, Sparrow* and *Chandamuri* is the four-part framework of *McDonnell Douglas*. The first prong of this test places the burden on a plaintiff to demonstrate that "(1) that he is a member of a protected class; (2) that he was similarly situated to a student who was not a member of the protected class; and (3) that he and the similarly situated person were treated disparately." *Chandamuri,* 274 F. Supp. 2d at 77-78. Despite the attention Plaintiff gives to *Swierkiewicz* and its progeny, Duke never argued that allegations tracking this four-part test must appear in Plaintiff's complaint. Duke's contention that Plaintiff has failed to state a claim upon which relief can be granted is based entirely on the liberal notice-pleading requirement of federal courts and not on the *McDonnell Douglas* framework.

In applying the notice-pleading standard "this Court is instructed by the D.C. Circuit's more recent analysis in *Browning v. Clinton,* 292 F.3d 235 (D.C. Cir. 2002). The Circuit emphasized that despite the fact that the complaint 'must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests, ... we accept neither inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint, nor legal conclusions cast in the form of factual allegations.'" *Chandamuri,* 274 F. Supp. 2d at 77-78 (*quoting Browning,* 292 F.3d at 242 (internal citations omitted)). "*Even under the generous standard of pleading set forth, conclusory allegations unsupported by any factual assertions will not withstand a motion to dismiss*." *Chandamuri,* 274 F. Supp. 2d at 77 (emphasis added) (*citing*

Suzette Richards v. Duke University, et al.
Civil No. 1:06-cv-01179-RCL
Reply in Support of Motion to Dismiss Pursuant to 12(b)(6)
Page 4

*Conley,* 355 U.S. at 45-46)); *see also Kowal v. MCI Communications Corp.,* 16 F.3d 1271, 1276 (D.C. Cir. 1994); *Judicial Watch, Inc. v. Clinton,* 880 F. Supp. 1, 7 (D.D.C. 1995) (Lamberth, J.).

      Plaintiff appears to argue that she is exempt from giving notice of the grounds upon which her claims of discrimination rest because, as she repeats throughout her Opposition, "the Supreme Court has already held, in a discrimination context, that a plaintiff does not even have to allege circumstances which support an inference of discrimination to survive a motion to dismiss." (Pl.'s Opp'n at 13-14.)  This broad and inaccurate reading of *Swierkiewicz* should not distract this Court from the fact that Plaintiff has failed to state a claim upon which relief can be granted.

      To support her argument that no circumstances inferring discrimination need be alleged, Plaintiff also cites *Chandamuri, supra, Phillip v. University of Rochester,* 316 F.3d 291, 298 (2d Cir. 2003), and *Sparrow v. United Air Lines,* 216 F.3d 1111, 1114 (D.C. Cir. 2000). *See, e.g.,* Pl.'s Opp'n at 11, 14, 22, 23.  Once again, Plaintiff interprets these cases too broadly.  Plaintiff relies upon *Phillip* to support her argument that she has sufficiently stated a cause of action under 42 U.S.C. § 1981. (Pl.'s Opp'n at 22.)  What Plaintiff fails to mention, however, is that the holding in *Phillip* explicitly affirms the requirement that racial animus be demonstrated in order to state a claim upon which relief can be granted.  The plaintiffs in *Phillip* survived a motion to dismiss not because they were not required to demonstrate an inference of discrimination but because the complaint described "in great detail what the defendants actually did--actions that included confiscating without cause one plaintiff's identification, refusing to allow the plaintiffs to leave an area where they were peaceably assembled, and calling law enforcement officers without any misconduct on the students' part. In addition, although the complaint, like the

Case 1:06-cv-01179-RCL    Document 46    Filed 09/29/2006    Page 5 of 11

Suzette Richards v. Duke University, et al.
Civil No. 1:06-cv-01179-RCL
Reply in Support of Motion to Dismiss Pursuant to 12(b)(6)
Page 5

complaint in *Swierkiewicz*, does not contain many evidentiary allegations relevant to intent, it does allege that the plaintiffs were singled out of a group that apparently also contained non-minority students." *Id.* 298-99. The Complaint in this case has no such factual detail and any detail it does have is confined to allegations of what Plaintiff *thinks* Duke did and her conclusions that all actions were motivated by racial animosity. These are nothing more than the type of conclusory allegations that courts repeatedly have declined to consider when determining whether a pleading adequately sets forth a viable claim for relief.

Furthermore, even if Plaintiff's allegations of race discrimination could somehow be construed to set forth a viable claim for relief, her claim of sex discrimination plainly does not. Here again, Plaintiff relies entirely on the notion that she only is required to set forth a "short and plain statement of the claim," but in so doing, she disregards the fact that the First Amended Complaint, although lengthy, contains no allegations that would support a finding that the Duke Defendants intentionally discriminated against her based upon her gender. Instead, Plaintiff rests the entire sex discrimination claim on assertions that the Duke Defendants allegedly began to seek personal information about Plaintiff, and later conspired to subject her to electronic surveillance. However, even if these fanciful allegations could be deemed to state a claim for relief under some theory – they do not allege facts that would entitle Richards to pursue a claim that the Duke Defendants purposefully treated plaintiff unfavorably based upon her gender.

II.     **PLAINTIFF FAILS TO ESTABLISH THAT HER CLAIMS ARE NOT TIME-BARRED**

As argued throughout Duke's memorandum to dismiss pursuant to Rule 12(b)(6), in the light most favorable to Plaintiff, her claims are subject to a three year statute of limitations.

Suzette Richards v. Duke University, et al.
Civil No. 1:06-cv-01179-RCL
Reply in Support of Motion to Dismiss Pursuant to 12(b)(6)
Page 6

Plaintiff does not dispute this, *see* Opp'n to Motion to Dismiss at 42, but erroneously maintains that her claims against the Duke Defendants are timely. As set forth herein, no such finding can be made based upon the allegations in the Complaint.[1]

    A.    <u>Plaintiff's Fraud Claim Against the Duke Defendants Clearly Is Time-Barred</u>

In Count I of the Complaint, Plaintiff seeks damages based upon the alleged "fraudulent grading scheme in place at Duke Law," and based upon the alleged "fraudulent representations" made to Plaintiff by professors at Duke Law. However, these tortious activities occurred, if at all, during the 1997-98 period when Plaintiff was enrolled as a student at Duke Law School. As Plaintiff did not file suit until May 2003, she cannot now recover for any alleged wrongdoing.

Furthermore, although Plaintiff liberally mentions the "continuing violation" doctrine in her brief response to the Duke Defendants' assertion that the claims are time-barred, *see* Opp'n to Motion to Dismiss at 42-44, she neglects to establish how this doctrine relates to the fraud claim (as opposed to the other claims in the complaint). The plain and simple fact is that the alleged misrepresentations regarding the proper manner of taking exams and the way in which grading was undertaken at Duke Law were one-time occurrences, or if not, occurrences that certainly ended when Plaintiff's first year of law school concluded. Her contention that the Complaint must be construed to allege some continuing fraudulent representations so as to

---

[1] As set forth in the Microsoft Defendants' Reply Memorandum, the claims under the Federal Criminal Wiretapping Statute are specifically subject to a shorter, two year statute of limitations. *See* 18 U.S.C. § 2520(e) (cited in Microsoft Defendants' Reply Mem. at 18). As a result, even if that claim could be construed as stating a viable claim for relief, it is time-barred based upon Richards' acknowledgment that she was aware of the alleged activity by the Duke Defendants "during early June of 1998." First Amend. Compl. ¶ 165.

Case 1:06-cv-01179-RCL    Document 46    Filed 09/29/2006    Page 7 of 11

Suzette Richards v. Duke University, et al.
Civil No. 1:06-cv-01179-RCL
Reply in Support of Motion to Dismiss Pursuant to 12(b)(6)
Page 7

prevent dismissal of Count I is not based upon any cited or recognized authority, and must be rejected.[2]

      B.    <u>Plaintiff's Discrimination Claims Also Are Time-Barred</u>

Plaintiff also invokes the continuing violation doctrine in an attempt to avoid dismissal of the discrimination claims in Counts II and III of the Complaint. In so doing, Plaintiff appears to reason that whenever a litigant alleges discrimination, a court must presume (at least at this stage of the litigation) that the claim is timely. *See, e.g.*, Opp'n to Motion to Dismiss at 43 (stating that the continuing tort doctrine is "especially applicable in cases that involve discrimination, where in order to obtain relief, it is necessary to show sustained conduct or a pattern and practice").

However, regardless of whether Plaintiff might be able to establish that she was discriminated against by various different entities over a course of years and in a variety of circumstances after her withdrawal from Duke Law School, the Complaint even when construed in a light most favorable to Plaintiff clearly establishes that the alleged discriminatory activity undertaken by the Duke Defendants occurred more than three years before the Complaint was filed. In addition, the Complaint establishes that Plaintiff was aware of the alleged

---

[2] Presumably, Plaintiff believes that the allegation that "persons at Duke Law . . . conspired with persons at Georgetown Law to create a similar fraudulent grading scheme," First Am. Compl. ¶ 299, establishes the necessary continuing violation, but that assertion, like the remainder of the allegations that "support" Count I, clearly does not meet the particularity requirements of the Federal Rules. With respect to the failure to meet that standard, which the Duke Defendants have identified as a separate and independent basis for dismissal of Count I, Plaintiff improperly asserts that the particularity requirement does not abrogate the requirements of Rule 8. Opp'n to Motion to Dismiss at 9. However, the Supreme Court has made clear that "*Rule 8(a)'s simplified pleading standard applies* to all civil actions *with* limited *exceptions. Rule 9(b), for example, provides for greater particularity in all averments of fraud* or mistake." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002) (emphasis added). As Plaintiff clearly has failed to supply the necessary, greater particularity, Count I should be dismissed, and Plaintiff's contention that the fraud "continued" past her withdrawal from Duke Law School should be summarily rejected.

Suzette Richards v. Duke University, et al.
Civil No. 1:06-cv-01179-RCL
Reply in Support of Motion to Dismiss Pursuant to 12(b)(6)
Page 8

discrimination more than three years before the Complaint was filed. Indeed, as Plaintiff states in her Opposition to the Motion to Dismiss (and as she has stated on numerous, other occasions in previously-filed pleadings), she allegedly "was so disgusted with the racism and bigotry at Duke Law, and other discriminatory acts that she had experienced, [that] she decided to e-mail all of the black students who were on the Black Law Students Association e-mail list what she had learned about he taking of law school exams." Opp'n to Motion to Dismiss at 4-5 (*citing* First Am. Compl. ¶ 138). Plaintiff also alleges that she "considered suing Duke Law because of the discrimination she experienced during her first year of law school, and even told a classmate about this," before she elected instead to transfer to Georgetown Law School. *See* Opp'n to Motion to Dismiss at 5 (*citing* First Am. Compl. ¶¶ 139, 32).

Given that Plaintiff's Complaint on its face establishes her awareness of the alleged discriminatory acts as early as 1997 or 1998, she was not permitted to wait nearly five years before filing suit. Indeed, even if there were "continuing" acts of discrimination during this period, Plaintiff was required to file suit. *See, e.g., Beard v. Edmondson & Gallagher*, 790 A.2d 541, 548 (D.C. 2002) (stating that "when the plaintiff is or should be aware that he or she is being injured by a continuing tort, the statute of limitations begins to run"). This is particularly true here, because the only continuing acts of discrimination attributable to the Duke Defendants and specifically identified in the Complaint occurred either during Plaintiff's first year of law school, or very shortly thereafter. *See, e.g.*, First Amend. Comp. ¶ 170 (stating that "persons at Duke Law contacted persons at Georgetown Law . . . to interfere with Plaintiff's materials selected for the write-on competition at Georgetown Law"); *see also id.* ¶ 171 (stating that "*during the summer of 1998*, persons at Duke Law, in furtherance of the conspiracy to

Suzette Richards v. Duke University, et al.
Civil No. 1:06-cv-01179-RCL
Reply in Support of Motion to Dismiss Pursuant to 12(b)(6)
Page 9

discriminate against Plaintiff, contacted Plaintiff's summer employer") (emphasis added). Absent specific allegations of discrimination based upon Plaintiff's race or gender which were committed by the Duke Defendants in the three years prior to the filing of her Complaint, Plaintiff cannot rely upon her assertion that other named defendants engaged in relatively more recent acts of discrimination to prevent dismissal of her discrimination claims against the Duke Defendants.

## **CONCLUSION**

At its essence, Plaintiff's complaint against the Duke Defendants is that they made various misrepresentations to her concerning the school's grading policy and exam-taking techniques, and discriminated against her during the brief period that she was a student at the school between 1997 and 1998. Although Plaintiff unquestionably acknowledges that she became aware of the falsity of the alleged representations, and of the alleged discrimination, while she was a student at Duke University, she did not take any action at that time except to transfer to Georgetown University.

While the Duke Defendants intend, if this case is not summarily dismissed, to contest Plaintiff's allegations, as a matter of law the claims should be dismissed at this juncture because Plaintiff has failed to state viable claims for relief. Neither the length of the Amended Complaint, nor the length of Plaintiff's Opposition to the Motion of the Duke Defendants to Dismiss Pursuant to Rule 12(b)(6), alter this simple fact. Furthermore, to the extent that her Complaint somehow might be construed to state any viable claims against the Duke Defendants, any such claims are time-barred. Although Plaintiff attempts once again to sidestep this fatal flaw by attempting to implicate the Duke Defendants in actions that allegedly were taken by

Suzette Richards v. Duke University, et al.
Civil No. 1:06-cv-01179-RCL
Reply in Support of Motion to Dismiss Pursuant to 12(b)(6)
Page 10

other named defendants after her withdrawal from Duke Law School, those efforts can and should be rejected as the Complaint is entirely lacking in even the basic information that would permit a finding that the Duke Defendants engaged in any conduct during the three year period between May 2000 and May 2003 that could support a claim for relief.

For the foregoing reasons, the Duke Defendants respectfully request that the Court dismiss Counts I-X, XII, XIII pursuant to Rule 12(b)(6), for failure to state a claim upon which relief can be granted.

Respectfully submitted,

DATED: September 29, 2006        **OGLETREE, DEAKINS, NASH, SMOAK & STEWART, PC**

By:    /s/
MICHAEL J. MURPHY
2400 N Street, N.W.
Fifth Floor
Washington, D.C. 20037
Telephone: (202) 887-0855
Facsimile: (202) 887-0866

SIMONE R. D. FRANCIS*
Ogletree, Deakins, Nash, Smoak & Stewart, LLC
The Tunick Building, Suite 202
1336 Beltjen Road
St. Thomas, USVI 00802
Telephone: (340) 714-1235
Facsimile: (340) 714-1245

Attorneys for Duke University,
Duke University School of Law,
Duke University Board of Trustees
and Nannerl Keohane

* Application for admission *pro hac vice* pending.

Suzette Richards v. Duke University, et al.
Civil No. 1:06-cv-01179-RCL
Reply in Support of Motion to Dismiss Pursuant to 12(b)(6)
Page 11

## **CERTIFICATE OF SERVICE**

I certify that on this 29th day of September, 2006, a true and correct copy of the foregoing document was served by placing same in the United States mail, postage prepaid, addressed to:

| | |
|---|---|
| Richard Hunter, Esq.<br>Hunter, Cole & Bennett<br>Pentheny Bld., 3rd Floor<br>1138 King Street, Suite 301<br>Christiansted, St. Croix<br>U.S. Virgin Islands  00820 | Henry Feuerzeig, Esq.<br>Dudley, Topper & Feuerzeig<br>1A Frederiksberg Gade<br>P.O. Box 756<br>St. Thomas<br>U.S. Virgin Islands 00804-0756 |
| Benton G. Peterson, Esq.<br>Assistant United States Attorney<br>Civil Division<br>555 Fourth Street, N.W.<br>Room E4905<br>Washington, D.C.  20530 | Suzette Richards, Esq.<br>P.O. Box 223875<br>Christiansted, St. Croix<br>U.S. Virgin Islands  00822-3875 |
| Charles E. Buffon, Esq.<br>Harry B. Roback, Esq.<br>Covington & Burlington LLP<br>1201 Pennsylvania Avenue, N.W.<br>Washington, D.C.  20004 | Elisabeth A. O'Brien, Esq.<br>Williams & Connolly, LLP<br>725 Twelfth Street, NW<br>Washington D.C.  20005 |

_____/s/_____
Michael J. Murphy