## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SUZETTE RICHARDS, | ) | |
| | ) | |
| PLAINTIFF, | ) | CIVIL NO. 06-01179 (RCL) |
| | ) | |
| v. | ) | ACTION FOR DAMAGES, |
| | ) | DISCRIMINATION, AND |
| DUKE UNIVERSITY, DUKE UNIVERSITY | ) | DECLARATORY AND |
| SCHOOL OF LAW, DUKE UNIVERSITY | ) | INJUNCTIVE RELIEF |
| BOARD OF TRUSTEES, NANNERL | ) | |
| KEOHANE, in her personal and official | ) | |
| Capacity as President of Duke University, | ) | |
| GEORGETOWN UNIVERSITY, | ) | |
| GEORGETOWN UNIVERSITY LAW CENTER, | ) | |
| ALBERTO GONZALES, in his official capacity | ) | |
| as Attorney General of the United States, | ) | |
| FEDERAL BUREAU OF INVESTIGATION, | ) | |
| U.S. DEPARTMENT OF JUSTICE, | ) | **JURY TRIAL DEMANDED** |
| JOHN AND JANE DOES 1-10, | ) | |
| WILLIAM H. GATES, III, in his personal and | ) | |
| official capacity as Chairman of Microsoft | ) | |
| Corporation, STEVE BALLMER, in his personal | ) | |
| and official capacity as Chief Executive Officer | ) | |
| of Microsoft Corporation, MICROSOFT | ) | |
| CORPORATION, MICROSOFT EMPLOYEES | ) | |
| A-J, and MELINDA GATES, | ) | |
| | ) | |
| DEFENDANTS. | ) | |
| | ) | |

## PLAINTIFF'S MOTION FOR LEAVE TO TAKE JURISDICTIONAL DISCOVERY

**COMES NOW**, Plaintiff, *pro se*, and hereby respectfully moves this Court for leave to take jurisdictional discovery in the event that this Court determines that on the existing record there are insufficient grounds to assert personal jurisdiction over Defendants Bill Gates, Steve Ballmer and Melinda Gates.

"As a general matter, discovery under the Federal Rules of Civil Procedure should be freely permitted and this is no less true when discovery is directed to personal jurisdiction." *Edmond v. United States Postal Service General Counsel*, 949 F.2d 415, 425 (D.C. Cir. 1991). Indeed, "[a] plaintiff faced with a motion to dismiss for lack of personal jurisdiction is entitled to reasonable discovery, lest the defendant defeat the jurisdiction of a federal court by withholding information on its contacts with the forum." *Diamond Chemical Co., Inc. v. Atofina Chemicals, Inc.*, 268 F. Supp. 2d 1, 15 (D.D.C. 2003) (citing *El-Fadl v. Cent. Bank of Jordan*, 75 F.3d 668, 676 (D.C. Cir. 1996)).

The D.C. Circuit has held that when personal jurisdiction is based on the conspiracy doctrine, "it is an abuse of discretion to deny jurisdictional discovery where the plaintiff has specifically alleged: (1) the existence of a conspiracy; (2) the nonresident's participation; and (3) an injury-causing act of the conspiracy within the forum's boundaries." *Edmond*, 949 F.2d at 425. Although, generally speaking, "if a party demonstrates that it can supplement its jurisdictional allegations through discovery, then jurisdictional discovery is justified." *GTE*, 199 F.3d at 1351-52 (citing *Crane v. Carr*, 814 F.2d 758, 760 (D.C. Cir. 1987)). "In order to get jurisdictional discovery a plaintiff must have at least a good faith belief that such discovery will enable it to show that the court has personal jurisdiction over the defendant." *Diamond Chemical*, 268 F. Supp. at 15 (citations omitted).

In the case *sub judice*, Plaintiff has established that there was a conspiracy, in which Defendants Bill Gates, Steve Ballmer and Melinda Gates participated, and that there were injury causing acts of the conspiracy within this jurisdiction, and therefore Plaintiff is entitled to jurisdictional discovery. *See* Pl.'s Opp'n to Defs. Bill Gates, Steve Ballmer and Melinda Gates'

Mot. to Dismiss, at 7-17[1]; *Jin*, 335 F. Supp. 2d at 83-84 (granting plaintiff's request for jurisdictional discovery where plaintiff plead the three elements in *Edmond*). However, even if this Court finds that Plaintiff has not sufficiently plead the three elements in *Edmond*, she would still be entitled to jurisdictional discovery where she has a good faith belief, as she does here, that such discovery will be able to show that this court can exercise personal jurisdiction over these defendants. *See GTE*, 199 F.3d at 1351-52; *Diamond Chemical*, 268 F. Supp. at 15-16.

Here, Plaintiff requests that she be allowed to obtain jurisdictional discovery so that she can obtain information regarding Defendants Bill Gates, Steve Ballmer and Melinda Gates' knowledge of and involvement in the conspiracy to discriminate against her and violate her rights. Plaintiff also requests that she be granted leave to take jurisdictional discovery to test the veracity of statements that Defendants Bill Gates, Steve Ballmer and Melinda Gates have made in their Declarations in support of their Motion to Dismiss. Indeed, as Plaintiff has noted in her Opposition to these Defendants' Motion to Dismiss for lack of personal jurisdiction, Defendants Bill Gates, Steve Ballmer and Melinda Gates have all made statements that strain credulity, *see* Pl.'s Opp'n to Mot. to Dismiss at 16-17, and Plaintiff should be allowed to test the veracity of the statements that these Defendants have proffered to defeat the jurisdiction of this Court.

Accordingly, for the reasons that have been stated herein, even if this Court were to find, on this record, that there are insufficient grounds to support personal jurisdiction over Defendants Bill Gates, Steve Ballmer and Melinda Gates, in their personal capacity, Plaintiff submits that she would nevertheless be entitled to jurisdictional discovery, *see GTE*, 199 F.3d at 1351-52; *Edmond*, 949 F.2d at 425-26; *Crane*, 814 F.2d at 760, 764; *Jin*, 335 F. Supp. 2d at 83-

---

[1] Plaintiff hereby incorporates, by reference, the arguments that she made in support of her Opposition to Bill Gates, Steve Ballmer and Melinda Gates' Motion to Dismiss for lack of personal jurisdiction, which is being filed herewith.

84; *Diamond Chemical*, 268 F. Supp. 2d at 15-16; *Berlin Democratic Club v. Rumsfeld*, 410 F. Supp. 144, 151 (D.D.C. 1976), and she hereby requests that she be granted leave to take jurisdictional discovery from Defendants Bill Gates, Steve Ballmer and Melinda Gates.

                                          Respectfully submitted,
                                          ATTORNEY FOR PLAINTIFF,

DATED: October 6, 2006                            _____/s/_____
                                          Suzette Richards, *Pro Se*
                                          P.O. Box 223875
                                          Christiansted, St. Croix  00822-3875
                                          Telephone: (340) 277-4808
                                          Fax: (340) 772-5785

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of October, 2006, a true and exact copy of the foregoing document was caused to be served via electronic notification upon:

Simone R. D. Francis, Esq.
Ogletree, Deakins, Nash, Smoak & Stewart, L.L.C.
The Tunick Building, Suite 202
1336 Beltjen Road
St. Thomas, U.S. Virgin Islands  00802
Simone.francis@ogletreedeakins.com

Michael J. Murphy, Esq.
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
2400 N Street, N.W., Fifth Floor
Washington, D.C. 20037
Michael.murphy@odnss.com

Henry Feuerzeig, Esq.
Dudley, Topper & Feuerzeig
1A Frederiksberg Gade
P.O. Box 756
St. Thomas, V.I. 00804
hfeurzeig@dtflaw.com

Charles E. Buffon, Esq.
Harry B. Roback, Esq.
Covington & Burling LLP
1201 Pennsylvania Avenue, N.W.
Washington, D.C.  20004
cbuffon@cov.com
hroback@cov.com

Richard Hunter, Esq.
Hunter, Cole & Bennett
Pentheny Bld., 3rd Floor
1138 King Street, Suite 301
Christiansted, St. Croix  00820
rhunter@hcbvilaw.com

Elizabeth O'Brien, Esq.
Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, D.C.  20002
eobrien@wc.com

Benton G. Peterson, Esq.
Assistant United States Attorney
Judiciary Center Building
Civil Division
555 4th St., N.W., Room E4905
Washington, D.C. 20530
Benton.peterson@usdoj.gov

           /s/      
          Suzette Richards, *Pro Se*