## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SUZETTE RICHARDS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| DUKE UNIVERSITY, DUKE UNIVERSITY SCHOOL OF LAW, DUKE UNIVERSITY BOARD OF TRUSTEES, NANNERL KEOHANE, in her personal and official Capacity as President of Duke University GEORGETOWN UNIVERSITY, GEORGETOWN UNIVERSITY LAW CENTER, JOHN ASHCROFT, in his official Capacity as Attorney General of the United States, FEDERAL BUREAU OF INVESTIGATION, U.S. DEPARTMENT OF JUSTICE, and JOHN and JANE DOES 1-10, WILLIAM H. GATES, III, in his personal and official capacity as Chairman of Microsoft Corporation, STEVE BALLMER, in his personal and Official capacity as Chief Executive Officer of Microsoft Corporation, MICROSOFT CORPORATION, MICROSOFT EMPLOYEES A-J and MELINDA GATES, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) CIVIL NO. 06-01179 (RCL) |
| Defendants. | ) ) |

**DEFENDANT GEORGETOWN UNIVERSITY'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)**

Georgetown University[1] (hereinafter referred to as "Georgetown") through counsel respectfully submits this Memorandum of Law in support of its Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[2]

---

[1] Georgetown University Law Center is not a separate entity from Georgetown University capable of being sued. Accordingly, "Georgetown University" or "Georgetown" includes the University as well as its Law Center.

## BACKGROUND

Georgetown incorporates by reference the portion of its July 13, 2006 Memorandum of Law In Support of Georgetown University's Motion To Dismiss entitled "The Allegations in Plaintiff's First Amended Complaint" at pp. 2-6. Georgetown also incorporates the facts set forth by the Microsoft Defendants in their May 8, 2006 Motion to Dismiss ("Microsoft's Motion") and by the Duke Defendants in their August 24, 2006 Motion To Dismiss Pursuant to Rule 12(b)(6) ("Duke's 12(b)(6) Motion").

After completing her first year of law school at Duke University School of Law, Plaintiff Suzette Richards ("Plaintiff") transferred to Georgetown University Law Center which she attended from Fall 1998 to Spring 2000 for her second and third years of law school. Am. Comp. ¶¶31-32. Plaintiff alleges that upon her transfer to Georgetown, Duke conspired with Georgetown and the various government defendants "to illegally keep Plaintiff under electronic surveillance and to discriminate against Plaintiff." *Id.* at ¶39. Plaintiff alleges that Georgetown conspired with Duke to adversely affect her grades and prevent her from writing for any of Georgetown's law journals, and that Georgetown professors discriminated against her by calling on her to answer questions with more frequency than they did other students. *Id.* at ¶¶173-179, 186. In furtherance of this alleged conspiracy, Plaintiff claims that Georgetown electronically monitored her to see if she completed assigned reading, and its professors entered her on-campus apartment to

---

[2] On July 13, 2006 Georgetown filed a Motion to Dismiss pursuant to Rule 12(b)(1) and 12(b)(6). That motion is still pending.

2

gather intelligence about her study habits. *Id.* at ¶¶180-183. Plaintiff further asserts that Duke and Georgetown attempted to make it appear that she was homosexual, and radically changed a draft article she had written for the *Georgetown Gender Journal* to include issues involving sexuality. *Id.* at ¶¶187-191.

## ARGUMENT

I.  **STANDARD OF REVIEW**

In order to survive a Rule 12(b)(6) motion to dismiss, a complaint must "give the defendant fair notice of what the Plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002), quoting *Connelly v. Gibson*, 355 U.S. 41, 47 (1957). Conclusory allegations unsupported by factual assertions will not withstand a motion to dismiss. *Chandamuri v. Georgetown University*, 274 F. Supp. 2d 71, 77 (D.D.C. 2003) (Lambert, J.); *see also Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994); *Judicial Watch, Inc. v. Clinton*, 880 F. Supp. 2d 1, 7 (D.D.C. 1995) (Lambert, J.).

II.  **COUNT I IS BARRED BY THE THREE-YEAR STATUTE OF LIMITATION AND FAILS TO ADDRESS THE ELEMENTS OF FRAUD WITH THE SPECIFICITY REQUIRED UNDER FED. R. CIV. P. 9(b).**

A.  **Count I Is Barred By The Statute Of Limitations.**

In the District of Columbia, a claim for fraud is subject to a three-year statute of limitations. *Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir. 1996); D.C. Code § 12-301(8) (1995). A tort action accrues "when the Plaintiff has knowledge of (or by the exercise of reasonable diligence should have knowledge of) (1) the existence of the injury, (2) its cause in fact, and (3) some evidence of wrongdoing." *Knight v.*

*Furlow*, 553 A.2d 1232, 1234 (D.C. 1989); *see also Goldman v. Bequai*, 19 F.3d 666, 671-72 (D.C. Cir. 1994).  Under the law of the District of Columbia, the statute of limitations period for continuing torts begins to run when a plaintiff knows or should be aware of a potential cause of action.  *Jung v. Mundy, Holt & Manze, P.E.*, 372 F.3d 429, 433 (D.C. Cir. 2004); *Beard v. Edmondson & Gallagher*, 790 A.2d 541, 548 (D.C. 2002).

As noted in Duke's 12(b)(6) Motion to Dismiss, Plaintiff has alleged that while attending Duke School of Law she was aware of a fraudulent grading scheme which adversely affected her grades.  Am. Comp. ¶¶104-106, 125-127.  She became "so upset and disturbed by what she had learned" that she e-mailed everyone on the e-mail mailing list for the Black Law Students Association.  *Id.* at ¶¶136-138.  In fact, in 1998 she considered filing a lawsuit against Duke for discrimination.  *Id.* at ¶¶136-139.  While she was still a first-year student at Duke Law, persons at Duke Law allegedly learned that Plaintiff was considering filing such an action against them.  *Id.* at ¶154.

While at Georgetown University Law Center, Plaintiff alleges that she was aware of the continuation of this alleged fraudulent grading scheme.  Am. Comp. ¶¶147-149.  In fact, she complains that even before she arrived at Georgetown Law "persons at Duke Law had already contacted professors at Georgetown Law, in furtherance of the conspiracy to discriminate against Plaintiff and adversely affect Plaintiff academically, professionally, and personally."  *Id.* at ¶173.  As part of this

4

alleged conspiracy, Plaintiff was "the first person called in her Civil Rights class during her first semester at Georgetown Law." *Id.* at ¶¶175-183.

These alleged acts by Georgetown necessarily would have occurred, if at all, while Plaintiff was a student at Georgetown. Plaintiff's claims, as drafted, make abundantly clear that Plaintiff was on notice of Georgetown's alleged tortious and fraudulent activity by the fall of 1998, during the first semester of Plaintiff's first year at Georgetown. However, Plaintiff did not file her Complaint until May 8, 2003 – well after the three-year limitation period had expired. The fraud claim against Georgetown is therefore barred by the statute of limitations.

### B. Count I Should Be Dismissed For Failure To Allege With Specificity All Necessary Elements of Fraud.

Georgetown adopts and incorporates the argument set forth in Duke's 12(b)(6) Motion, pp. 5-8. Indeed, the fraud allegations against Georgetown are even sparser than those made by Plaintiff against Duke, and only state that the alleged fraudulent grading scheme somehow continued at Georgetown, and that Plaintiff "knew that she was not anonymously graded at Georgetown Law." Am Comp. ¶¶ 147-49. Plaintiff has failed to establish a *prima facie* claim of fraud as to Georgetown, and Count I must therefore be dismissed for failure to state a claim upon which relief can be granted.

### III. COUNTS II AND III ARE BARRED BY THE THREE-YEAR STATUTE OF LIMITATIONS, AND FAIL TO STATE CLAIM FOR RACIAL OR SEXUAL DISCRIMINATION OR HARASSMENT.

#### A. Plaintiff's Claims For Racial And Sexual Discrimination Are Barred By The Statute Of Limitations.

Georgetown adopts and incorporates the argument set forth in Duke's 12(b)(6) Motion to Dismiss, pp. 8-9, which establishes that a three-year statute of limitations applies to these claims. The conduct by Georgetown alleged in the case *sub judice* occurred while Plaintiff was attending Georgetown. The statute of limitations began to run, therefore, in the fall of 1998 when Plaintiff began classes at Georgetown and became aware of the alleged discriminatory conduct – more than three years before the Complaint was filed. *See, e.g., Beard*, 790 A.2d at 548 ("when the plaintiff is or should be aware that he or she is being injured by a continuing tort, the statute of limitations begins to run"). These claims are barred by the statute of limitations.

#### B. Plaintiff Has Failed To State A Claim For Racial Or Sexual Harassment Upon Which Relief May Be Granted.

Georgetown adopts and incorporates the argument set forth at pp. 9-12 of Duke's 12(b)(6) Motion. As for Count II, Plaintiff's general and conclusory allegations that Georgetown continued a fraudulent grading scheme, and that Georgetown discriminated against her by calling on her during the first day of class and with more frequency than other students, Am. Comp. ¶¶ 173-74, 178-79, does nothing to establish racial animus or discriminatory intent. Likewise, Plaintiff's allegations with respect to Count III that Georgetown allegedly changed a draft

article to include sexuality issues, and that a professor announced that he would include a class discussion about homosexuality issues, Am. Comp. ¶¶ 187-92, does not and cannot show that Plaintiff was harassed on the basis of her sex, or that such alleged harassment was severe or pervasive. *See, e.g., Jennings v. Univ. of North Carolina*, 444 F.3d 255, 267-68 (4th Cir. 2006).

**IV.    COUNT IV, ALLEGING VIOLATIONS OF THE CONSTITUTION, MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY GRANTED.**

Georgetown adopts and incorporates the argument set forth in Duke's 12(b)(6) Motion, pp. 13-15.

**V.    COUNT V ALLEGING VIOLATIONS OF 18 U.S.C. §§ 2510-2522, THE FEDERAL CRIMINAL WIRE TAPPING STATUTE, IS BARRED BY THE TWO-YEAR STATUTE OF LIMITATIONS.**

Georgetown adopts and incorporates the argument set forth in Microsoft's Motion to Dismiss, pp. 25-29.

**VI.    COUNT VI, ALLEGING VIOLATIONS OF 42 U.S.C. § 1981, IS BARRED BY THE STATUTE OF LIMITATIONS AND FAILS TO ALLEGE THE NECESSARY ELEMENTS FOR THIS CLAIM.**

**A.    Plaintiff's § 1981 Claim Is Barred By the Three-Year Statute of Limitations.**

Georgetown adopts and incorporates the argument set forth at pp. 15-16 of Duke's 12(b)(6) Motion. The § 1981 claim against Georgetown accrued in the fall of 1998 and is time-barred.

    **B.**    **Plaintiff Has Not Established that Georgetown Discriminated Against Her on the Basis of Race, Nor Interfered With Any Contract As Contemplated By 42 U.S.C. § 1981.**

Georgetown adopts and incorporates by reference the arguments set forth in Microsoft's Motion to Dismiss, pp. 15-18, and in Duke's 12(b)(6) Motion, pp. 15-21. While Plaintiff claims has that Georgetown conspired in an alleged fraudulent grading scheme, Plaintiff has failed to allege with the required specificity that any actions on the part of Georgetown illustrate an attempt to discriminate on the basis of race. Moreover, Plaintiff has utterly failed to allege any conduct by Georgetown that would constitute interference with any contract. To the extent Plaintiff implicitly contracted with Georgetown to receive a legal education and a juris doctor degree, this is exactly what she received. The fact that Plaintiff may not have received the kind of grades that she would have preferred is irrelevant. As Duke has noted, "Plaintiff is not the first, nor will she be the last, disgruntled law student to believe her grades did not accurately reflect her ability or effort." Duke's 12(b)(6) Motion at 21. Indeed, since Plaintiff graduated from one of the nation's top law schools, and has been gainfully employed as an attorney ever since, it is hard to imagine what damages Plaintiff sustained as a result of any purported impaired contract.

**VII.**    **COUNT VII FAILS TO ALLEGE ANY DEPRIVATION OF A RIGHT GUARANTEED AGAINST PRIVATE IMPAIRMENT, AND THEREFORE FAILS TO STATE A CAUSE OF ACTION UPON WHICH RELIEF MAY BE GRANTED.**

Georgetown adopts and incorporates the arguments set forth in Microsoft's Motion to Dismiss, pp. 18-23, and in Duke's 12(b)(6) Motion, pp. 22-23.

VIII. **COUNT VIII, ALLEGING VIOLATIONS OF 42 U.S.C. § 1986, FAILS TO STATE A CLAIM AND IS BARRED BY THE STATUTE OF LIMITATIONS.**

Georgetown adopts and incorporates the argument set forth in Microsoft's Motion to Dismiss, pp. 23-25.

IX. **COUNT IX IS BARRED BY THE STATUTE OF LIMITATIONS AND FAILS AS A MATTER OF LAW BECAUSE PLAINTIFF HAS NOT PRESENTED SUFFICIENT EVIDENCE OF OUTRAGEOUS CONDUCT AND EMOTIONAL INJURY.**

Plaintiff's claim of intentional infliction of emotional distress (Count IX) is barred by the statute of limitations. The applicable statute of limitations period for this cause of action is necessarily dependent upon the statute of limitations of the underlying common law claims. *See Doe v. Southeastern Univ.*, 732 F. Supp. 7, 8 (D.D.C. 1990); *see also Burda v. Nat'l Ass'n of Postal Supervisors*, 592 F. Supp. 273, 281 (D.D.C. 1984), *aff'd*, 771 F.2d 1555 (D.C. Cir. 1985) (the limitation period for an intentional infliction of emotional distress claim is the same as the limitation period of the claims with which it is intertwined). Since Plaintiff's claims are based on allegations of fraud and discrimination, which are subject to a three-year limitations period, the three-year period necessarily applies to Plaintiff's intentional infliction of emotional distress claim. For the reasons set forth above, Plaintiff was on notice of Georgetown's alleged conduct no later than fall of 1998, and thus Count IX is time-barred.

Even if Plaintiff's claim were not time-barred, it fails as a matter of law because Plaintiff has not set forth sufficient evidence of outrageous conduct and emotional injury. In support of this assertion, Georgetown adopts and incorporates the argument set forth in Duke's 12(b)(6) Motion, pp. 24-30.

## X.  COUNT X FAILS TO ALLEGE WITH SPECIFICITY THE ELEMENTS REQUIRED TO STATE A CLAIM FOR CIVIL CONSPIRACY.

Georgetown adopts and incorporates the argument set forth in Duke's 12(b)(6) Motion, pp. 30-32.

## XI.  COUNT XI, ALLEGING INVASION OF PRIVACY, IS BARRED BY THE STATUTE OF LIMITATIONS.

While the tort of invasion of privacy is recognized in the District of Colombia, a one-year statute of limitations applies to this and other similar intentional torts. *See, e.g., Grunseth v. Marriott Corp.*, 872 F. Supp. 1069 (D.D.C. 1995) (applying a one-year statue of limitations (D.C. Code § 12-301(4)) to invasion of privacy claim), *aff'd*, 79 F.3d 169 (D.C. Cir. 1996); *Southeastern Univ.*, 732 F. Supp. at 8 ("Invasion of privacy is essentially a defamation type action," thus D.C. Code § 12-301(4) is applicable to invasion of privacy actions).

Presumably, this claim encompasses the alleged monitoring or surveillance on the part of Georgetown which includes, *inter alia*, the monitoring of Plaintiff to see if she had completed her assignments. Am. Comp. ¶ 180. By Plaintiff's own account, she was aware of this alleged monitoring or surveillance by her second year of law school – long before she filed the instant Complaint. *Id.* While Plaintiff claims that Georgetown, along with other Defendants, continues to monitor her to

the present day, she was plainly aware of such alleged surveillance on the part of Georgetown by 1998. She cannot "defer legal action indefinitely if she knows or should know that she may have suffered injury and that the defendant may have caused her harm." *Hendel v. World Plan Executive Council*, 705 A.2d 656, 661, 667 (1997) ("once the plaintiff has been placed on notice of an injury and the role of the defendants' wrongful conduct in causing it, the policy disfavoring stale claims makes application of the 'continuous tort' doctrine inappropriate"); *see also Beard,* 790 A.2d at 548. Accordingly, Plaintiff's invasion of privacy claim is time-barred and must be dismissed.

### XII. COUNT XII, ALLEGING INTERFERENCE WITH PROSPECTIVE ADVANTAGE, FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

Microsoft notes that Plaintiff has failed to identify a prospective advantage allegedly interfered with by Defendants. Georgetown adopts and incorporates the argument set forth in Microsoft's Motion to Dismiss, pp. 29-31.

### XIII. COUNT XIII MUST BE DISMISSED BECAUSE PLAINTIFF HAS NOT ESTABLISHED THAT SHE HAS ANY LEGALLY PROTECTED INTELLECTUAL PROPERTY RIGHTS IN THE IDEAS ALLEGEDLY STOLEN BY DEFENDANTS.

Plaintiff claims that the Duke, Georgetown and Microsoft Defendants have stolen her intellectual property. Microsoft's Motion to Dismiss demonstrates that Count XIII fails to establish that Plaintiff has intellectual property rights in the "property" that was allegedly stolen by Defendants. *See* Microsoft's Motion to

Dismiss, pp. 32-35.  Georgetown adopts and incorporates Microsoft's argument in this regard.

### XIV. SINCE COUNTS I-XIII FAIL AS A MATTER OF LAW, COUNT XIV MUST BE DISMISSED.

In Count XIV of the Amended Complaint, Plaintiff requests that she be awarded punitive damages based on Defendants' conduct, which was "so illegal and done with such a callous disregard for the rights of the Plaintiff."  Am. Comp. ¶ 344.  As set forth above, all of Plaintiff's claims fail as a matter of law.  Since Count XIV is dependent upon such claims, it necessarily fails as well.

### CONCLUSION

For the foregoing reasons, Georgetown respectfully requests that the Court dismiss Counts I – XIV pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted.

Dated:  October 31, 2006                              Respectfully submitted,


                                              WILLIAMS & CONNOLLY LLP

                                      By:  ___/s/ Elizabeth A. O'Brien___
                                                Elizabeth A. O'Brien, Esq.
                                                D.C. Bar No. 466314
                                                725 Twelfth Street, N.W.
                                                Washington, D.C.  20005
                                                (202) 434-5000

                                                HUNTER COLE & BENNETT
                                                Richard H. Hunter, Esq.*
                                                D.C. Bar No. 263798
                                                1138 King Street

                                                  Christiansted, St. Croix
                                                  U.S. Virgin Islands 00820
                                                  (340) 773-3535

                                                  *Counsel for Georgetown University*

\* Application for admission *pro hac vice* to this Court is pending.