**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| SUZETTE RICHARDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:06-cv-01179-RCL |
| | ) | |
| DUKE UNIVERSITY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MICROSOFT DEFENDANTS' REPLY IN SUPPORT OF**
**THEIR MOTION TO DISMISS PURSUANT TO RULE 12(b)(2)**

Defendants, **WILLIAM H. GATES, III** and **MELINDA GATES** (the "Gates") and **STEVE BALLMER** ("Ballmer"), to the extent they have been sued in their personal capacities (collectively the "Microsoft Defendants"), through their undersigned counsel, reply to Plaintiff's Opposition to Motion to Dismiss Pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure (the "Opposition"). As demonstrated below, Plaintiff has failed to establish personal jurisdiction over the Microsoft Defendants. Accordingly, the Court should grant the Microsoft Defendants' motion to dismiss pursuant to Rule 12(b)(2) and dismiss them from this lawsuit to the extent that they have been sued in their personal capacities.

## ARGUMENT

### I. PLAINTIFF'S CONCLUSORY ALLEGATIONS ARE INSUFFICIENT TO ESTABLISH PERSONAL JURISDICTION UNDER THE CONSPIRACY THEORY.

Despite Plaintiff's argument that the Microsoft Defendants are subject to personal jurisdiction based on alleged acts of co-conspirators, she has not made a prima facie showing that a conspiracy ever existed. As Plaintiff acknowledges at page 9 of her Opposition: "To make such a showing, [Plaintiff] must make a prima facie showing of all four elements of a civil

Suzette Richards v. Duke University, et al.
Case No. 1:06-cv-01179-RCL
Microsoft Defendants' Reply in Support of Their
Motion to Dismiss Pursuant to Rule 12(b)(2)
Page 2 of 11

conspiracy: (1) an agreement between two or more persons; (2) to participate in an unlawful act, or in a lawful act in an unlawful manner; and (3) an injury caused by an unlawful overt act performed by one of the parties to the agreement (4) pursuant to, and in furtherance of, the common scheme." *U.S. v. Philip Morris Inc.*, 116 F.Supp.2d 116, 122 (D.D.C. 2000). *See also Second Amendment Foundation v. U.S. Conference of Mayors*, 274 F.3d 521, 524 (D.C. Cir. 2001). Further, which Plaintiff does not address, personal jurisdiction based on an alleged conspiracy requires "particularized pleading of the conspiracy as well as the overt acts within the forum taken in furtherance of the conspiracy." *Dooley v. United Technologies Corp.*, 786 F.Supp. 65, 78 (D.D.C. 1992).

The particularized pleading "requirement is strictly enforced, and courts in this Circuit have applied the conspiracy jurisdiction theory 'warily' in light of concerns that plaintiffs will use the doctrine to circumvent the constitutional boundaries of the long-arm statute." *Jung v. Association of American Medical Colleges*, 300 F. Supp.2d 119, 141 (D.D.C. 2004). Accordingly, in this jurisdiction courts consistently have held that "'[b]ald speculation' or a 'conclus[ory] statement' that individuals are co-conspirators is insufficient to establish personal jurisdiction under a conspiracy theory." *Jungquist v. Sheikh Sultan Bin Khalifa Al Nahyan*, 115 F.3d 1020, 1031 (D.C. Cir 1997); *see also Lapointe v. Van Note*, 2004 WL 3609346 at *8 (D.D.C. 2004) (rejecting conspiracy theory of jurisdiction because "plaintiff has merely asserted unsupported allegations of an alleged conspiracy against him"); *Dorman v. Thornburgh*, 740 F.Supp. 875, 878 (D.D.C. 1990) ("this Court will not allow the plaintiffs to assert the fiction of a conspiracy simply in order to establish personal jurisdiction over defendants who clearly have no contact or interest with the District of Columbia"); *First Chicago Intern. v. United Exchange*

Suzette Richards v. Duke University, et al.
Case No. 1:06-cv-01179-RCL
Microsoft Defendants' Reply in Support of Their
Motion to Dismiss Pursuant to Rule 12(b)(2)
Page 3 of 11

*Co., Ltd.*, 836 F.2d 1375, 1379 (D.C. Cir. 1988) (same); *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 787-788 (D.C. Cir. 1983) (same); *Hasenfus v. Corporate Air Services*, 700 F.Supp. 58, 62 (D.D.C. 1988) (same); *DSMC, Inc. v. Convera Corp.*, 273 F.Supp.2d 14, 20 (D.D.C. 2002) ("mere speculation that the nonresident defendants are co-conspirators is insufficient to meet plaintiff's prima facie burden"); *GTE New Media Services, Inc. v. Ameritech Corp.*, 21 F.Supp.2d 27, 36 (D.D.C. 1998); *Islamic American Relief Agency v. Unidentified FBI Agents*, 394 F.Supp.2d 34, 43 (D.D.C. 2005). Plaintiff has not satisfied the particularized pleading requirement because she solely relies on conclusory statements such as "the Microsoft Defendants joined the existing conspiracy." Complaint at ¶40.[1]

Plaintiff also culls numerous, convoluted allegations into brief conclusory generalizations for each individual defendant. First, Plaintiff argues Melinda Gates "was aware of the discrimination that Plaintiff was being subjected to, and the way that the illegal electronic surveillance was being used to facilitate this discrimination." Opp'n at 14. Plaintiff cites paragraphs 46 and 198 of her First Amended Complaint (the "Complaint"). However, these paragraphs allege only that Melinda Gates "knew about the discrimination" and that there was a conspiracy. Complaint at ¶¶ 46, 198. Plaintiff also states that "Melinda Gates nevertheless joined in the conspiracy to discriminate against Plaintiff, and even intercepted statements Plaintiff made in her home, in the District of Columbia. . . ." Opp'n at 14. In support of these statements, Plaintiff references paragraphs 199 and 248-52 of her Complaint. However, the allegations in these paragraphs are purely speculative, fictitious and conclusory.

For example, paragraph 199 states, "Melinda Gates participated in, conspired with, and

---

[1] "Conclusory" is defined as "[e]xpressing a factual inference without stating the underlying facts on which the inference is based." Black's Law Dictionary (8th ed. 2004).

Suzette Richards v. Duke University, et al.
Case No. 1:06-cv-01179-RCL
Microsoft Defendants' Reply in Support of Their
Motion to Dismiss Pursuant to Rule 12(b)(2)
Page 4 of 11

aided and abetted the defendants." Complaint at ¶199. Likewise, paragraphs 248-52 allege only that Plaintiff read a magazine article detailing a conversation between Bill and Melinda Gates and "the statements the article indicates were made by Defendant Melinda Gates, in her conversation with Bill Gates, were actually the exact same statements that Plaintiff had made in her home." *Id.* at ¶250. Because these statements merely are speculative conclusions based upon Plaintiff's patent misperceptions of ordinary events, this Court should find that Plaintiff has failed to satisfy the particularized pleading requirement for personal jurisdiction based on the conspiracy doctrine. *See, e.g., Lapointe*, 2004 WL 3609346 at *7 (In ruling on a motion to dismiss, the court stated that "the conspiracy theory of jurisdiction should not be applied when 'there is no concrete evidence in the record indicating that there was a common plan . . .' and the plaintiff had simply made 'bare allegations' of a conspiracy.") (internal citations omitted).

Plaintiff also fails to allege specific facts to support the particularized pleading requirement to apply the conspiracy theory of personal jurisdiction over Bill Gates and Steve Ballmer. Plaintiff asserts only that they "knew" about the alleged illegal electronic surveillance and they "nevertheless joined in the conspiracy to discriminate against Plaintiff, and intercepted the illegal electronic surveillance, and used ideas that they intercepted from the electronic surveillance to benefit themselves financially." Opp'n at 14. These allegations are purely conclusory for a myriad of reasons. First, Plaintiff fails to state how either Bill Gates or Steve Ballmer "knew" of the alleged illegal electronic surveillance. She also does not assert any objective fact that would establish, or even slightly evince, Bill Gates' and Steve Ballmer's participation in an ongoing conspiracy. Plaintiff's references to her Complaint and her claim that she "has established that Defendants Bill Gates, Steve Ballmer, and Melinda Gates, through their

Suzette Richards v. Duke University, et al.
Case No. 1:06-cv-01179-RCL
Microsoft Defendants' Reply in Support of Their
Motion to Dismiss Pursuant to Rule 12(b)(2)
Page 5 of 11

participation in this conspiracy, all purposely availed themselves of the benefits of this forum," Opp'n at 17, do not alter this conclusion. For example, in paragraphs 268-270, Plaintiff argues that she "wrote several ideas regarding how Microsoft could generate revenue through e-mail sales, and even improve e-mails with graphics." Complaint at ¶ 268. Plaintiff then speculates that "the Microsoft Defendants did implement the ideas that Plaintiff wrote in her bedroom in September of 2000." *Id.* at ¶ 270.

Plaintiff's self-induced associations of two or more unrelated occurrences are insufficient to satisfy the particularized pleading requirements of this Court. In deciding whether the district court properly granted a motion to dismiss for lack of personal jurisdiction, the District of Columbia Circuit in *First Chicago Intern.* held there must be "concrete evidence in the record indicating that there was a common plan." *Id.*, 836 F.2d at 1378. The Court also stated that two occurrences -- an overdraft and a bank transfer -- could not be connected to one another without specific evidence. *Id.* Even assuming *arguendo* that Microsoft began to use new methods for e-mail sales and e-mail graphics after the date on which Plaintiff "wrote several ideas," Plaintiff has not alleged any particular facts that show a connection between these two occurrences. It is commonly known that e-mail sales and the use of graphics in e-mail was a matter of public discussion years before September of 2000. On November 3, 1999, for example, the U.S. House of Representatives' Subcommittee on Telecommunications, Trade, and Consumer Protection of the Committee on Commerce held a hearing on the use of e-mails because "[t]he problem of unsolicited e-mail, commonly known as spam, is becoming more prevalent as the technology which allows for massive distribution of digital material increases." *Spamming: The E-Mail You Want to Can, Subcomm. on Telecom., Trade, and Consumer Protection*, 106th Cong. 84

Suzette Richards v. Duke University, et al.
Case No. 1:06-cv-01179-RCL
Microsoft Defendants' Reply in Support of Their
Motion to Dismiss Pursuant to Rule 12(b)(2)
Page 6 of 11

(1999).[2]

Given that the "ideas" Plaintiff fantasizes were intercepted were not uniquely individual to her, this Court should find that Plaintiff's wild speculation does not constitute particularized pleading of a conspiracy. Indeed, if each bald, unsupported allegation were taken as true, then nearly any person in the world would be subject to personal jurisdiction in the District of Columbia. *See, e.g.,* Complaint at ¶47 (stating that the "illegal interception of the illegal electronic surveillance that Plaintiff has been subjected to has grown to include not only the Defendants named herein, but other persons and companies in corporate [sic] America, the media, and all over the world").

## II. DEFENDANTS ARE NOT SUBJECT TO PERSONAL JURISDICTION BASED ON A CONSPIRACY BECAUSE THE MICROSOFT DEFENDANTS HAVE CONTESTED THE EXISTENCE OF THE ALLEGED CONSPIRACY.

"While conspiracy-based jurisdiction has been approved as a general principle in the District of Columbia, such approval has been given only in cases where the defendant has not contested the existence of the conspiracy." *Philip Morris Inc.*, 116 F. Supp.2d at 122; *see also Lapointe*, 2004 WL 3609346 at *8 n.4; *First Chicago Intern.*, 836 F.2d at 1379 n.4 (D.C. Cir. 1988) (*citing Mandelkorn v. Patrick*, 359 F.Supp. 692 (D.D.C.1973)); *American Ass'n of Cruise Passengers v. Cunard Line, Ltd.*, 691 F.Supp. 379, 380 (D.D.C. 1987). Moreover, "[w]hen considering personal jurisdiction, the Court need not treat all of the plaintiff's allegations as true. Instead, the court 'may receive and weigh affidavits and other relevant matter to assist in determining the jurisdictional facts.'" *Atlantigas Corp. v. Nisource, Inc.*, 290 F.Supp.2d 34,

[2] The 106th Congress held numerous hearings pertaining to the internet, e-mail sales and improvements in communication technology. *See, e.g., Deployment of Data Services, Subcomm. on Telecom., Trade, and Consumer Protection*, 106th Cong. 50 (1999); *The Report of the Advisory Comm'n on Internet Commerce, Subcomm. on Telecom., Trade, and Consumer Protection,* 106th Cong. 98 (2000).

Suzette Richards v. Duke University, et al.
Case No. 1:06-cv-01179-RCL
Microsoft Defendants' Reply in Support of Their
Motion to Dismiss Pursuant to Rule 12(b)(2)
Page 7 of 11

42 (D.D.C. 2003); *see also Youming Jin v. Ministry of State Sec.*, 335 F.Supp.2d 72, 77 (D.D.C. 2004) (noting that, in the context of a motion to dismiss under Rule 12(b)(2) "the court need not treat all of the plaintiff's allegations as true"); *Kopff v. Battaglia*, 425 F.Supp.2d 76, 81 (D.D.C. 2006) (same); *Domen v. National Rehabilitation Hosp., Inc.*, 925 F.Supp. 830, 837 (D.D.C. 1996) (same).

There is no question that the Microsoft Defendants have contested the Plaintiff's allegation that a conspiracy existed. In fact, each specifically states that they do not know Suzette Richards and to their knowledge have never met or seen her, engaged in any conversations with her or have had any form of communication with her, and the first time they ever learned of her existence was when they learned about this lawsuit. *See* Decl. of Melinda Gates at ¶8; Decl. of William H. Gates at ¶8; Decl. of Steven A. Ballmer at ¶8. Therefore, because the Microsoft Defendants have challenged Plaintiff's allegation that a conspiracy existed, this Court should not apply the conspiracy theory of personal jurisdiction. To hold otherwise would mean that a plaintiff's mere assertion of a conspiracy claim against an individual defendant would enable a court to subject the defendant to its jurisdiction, even if the person does not live or work in that particular jurisdiction.

## III. PLAINTIFF HAS NOT ALLEGED FACTS SUFFICIENT TO ESTABLISH THAT THE MICROSOFT DEFENDANTS PURPOSEFULLY AVAILED THEMSELVES OF THE PRIVILEGE OF CONDUCTING ACTIVITIES WITHIN THE DISTRICT OF COLUMBIA

"Personal jurisdiction, even if based on conspiracy, requires purposeful availment." *Youming Jin*, 335 F.Supp.2d at 80; *see also* Ann Althouse, *The Use of Conspiracy Theory to Establish In Personam Jurisdiction: A Due Process Analysis*, 52 FORDHAM L. REV. 234, 254 (1983) ("Insofar as conspiracy theory becomes a device to bypass due process analysis, it is

Suzette Richards v. Duke University, et al.
Case No. 1:06-cv-01179-RCL
Microsoft Defendants' Reply in Support of Their
Motion to Dismiss Pursuant to Rule 12(b)(2)
Page 8 of 11

plainly unconstitutional."). "The unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State. . . . [I]t is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws" *Hanson v. Denckla*, 357 U.S. 235, 253 (1958). Jurisdiction is only proper "where the contacts proximately result from actions by the defendant *himself* that create a 'substantial connection' with the forum state." *Burger King v. Rudzewicz*, 471 U.S. 462, 475 (1985) (emphasis added).

Despite her contention to the contrary, Plaintiff has not alleged specific facts that have "established" how the Microsoft Defendants conducted activities in the District of Columbia nor does she indicate the manner in which they supposedly "joined in the conspiracy." Opp'n at 14, 17. Although the complaint is unquestionably voluminous, not one allegation provides any detail to connect Plaintiff's hodgepodge of unrelated, logically distinct occurrences. Instead, Plaintiff's allegations cited in support of her conspiracy theory of personal jurisdiction are based solely on her unsupported speculation that the Microsoft Defendants based their business decisions on Plaintiff's own discussion of wireless technology, Complaint *at* ¶207, written "ideas" about e-mail sales and improving e-mail with graphics, Complaint *at* ¶268, and a written "idea regarding changing the name of Microsoft's Web TV to MSN TV." Complaint at ¶273.[3]

The mere occurrence of two events in a sequence does not prove causation or linkage.

---

[3] It should also be noted that based on Plaintiff's Declaration dated October 6, 2006 ("Plaintiff's Declaration"), only one of the alleged illegal electronic surveillance activities from which Plaintiff infers wrongful conduct by the Microsoft Defendants occurred in the District of Columbia. *See* Plaintiff's Declaration ¶¶7-20. The other three acts allegedly occurred in North Carolina, *id.* at ¶¶17, 19, and the U.S. Virgin Islands. *Id.* at ¶20. The other alleged misappropriation of Plaintiff's ideas resulted when she voluntarily submitted "electronic suggestions to Microsoft." *Id.* at ¶23.

"Rain on the day the war ends does not prove that peace will not brook sunshine. In other words, if something happens after an occurrence (*post hoc*), it has not necessarily happened on account of that occurrence (*propter hoc*); hence the *post hoc ergo propter hoc* fallacy." *Bahura v. S.E.W. Investors*, 754 A.2d 928, 943 (D.C. 2000); *see also U.S. v. Judicial Watch, Inc.*, 371 F.3d 824, 829 (D.C. Cir. 2004) ("*post hoc*, *ergo propter hoc* argument would be fallacious"); *Public Law Educ. Institute v. U.S. Dept. of Justice*, 744 F.2d 181, 184 (D.C. Cir. 1984) ("timing, in itself or in conjunction with any other particular factor, does not establish causation as a matter of law"). The highly tenuous nature of Plaintiff's allegations can be further gleaned from the fact that each of her purported "ideas" was a subject of public discourse during the timeframe referenced in her Complaint.[4] Moreover, no allegation contained in Plaintiff's Complaint definitively and concretely states a fact indicating that the Microsoft Defendants purposefully availed themselves of the privilege of conducting activities within the District of Columbia. Accordingly, this Court should find that it lacks personal jurisdiction over the Microsoft Defendants because Plaintiff's allegations are purely conclusory and speculative.

## IV. CONCLUSION

For all the foregoing reasons, the Microsoft Defendants respectfully request that this Court dismiss the First Amended Complaint against the Defendants Bill Gates, Melinda Gates

---

[4] Rapid development of the internet, telecommunication and computer technology led to wide ranging discussion about future innovations. For example, on June 24, 1999, in a U.S. House of Representatives Subcommittee on Telecommunications, Trade, and Consumer Protection hearing on the Deployment of Data Services, it was stated: "Tomorrow, broadband Internet may well be built on multiple access platforms--telephone, cable, satellite and wireless. . . . A number of wireless technologies, both terrestrial and satellite are showing signs of promise as high speed Internet access products." *Deployment of Data Services, Subcomm. on Telecom., Trade, and Consumer Protection*, 106th Cong. 50 (1999). Even legal publications discussed the potential uses of advanced communication technology. *See, e.g.*, Malcolm J. Tuesley, *Not in My Backyard: The Sitting of Wireless Communications Facilities*, 51 FED. COMM. L.J. 887, 891 (May 1999) (stating that "[i]nherently flexible, wireless services make new service offerings possible as consumer demands grow and change. Moreover, given the advancements in mobile phones, which allow for the sending and receiving of electronic mail and the browsing of the Internet along with countless other services, the utilization of wireless services will no doubt escalate at an alarming rate.").

Suzette Richards v. Duke University, et al.
Case No. 1:06-cv-01179-RCL
Microsoft Defendants' Reply in Support of Their
Motion to Dismiss Pursuant to Rule 12(b)(2)
Page 10 of 11

and Steven Ballmer to the extent they have been sued personally for lack of personal jurisdiction over them.

Respectfully submitted,

/s/ Harry B. Roback

**COVINGTON & BURLING, LLP**
**CHARLES E. BUFFON**
D.C. Bar No.: 29983
**HARRY B. ROBACK**
D.C. Bar No. 48514
1201 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2401
Telephone: (202) 662-5542
Telecopier: (202) 778-5542
E-Mail: cbuffon@cov.com
hroback@cov.com

**DUDLEY, TOPPER and FEUERZEIG, LLP**
**HENRY L. FEUERZEIG∗**
Law House
1000 Frederiksberg Gade (P.O. Box 756)
St. Thomas, U.S.V.I. 00804-0756
Telephone: (340) 774-4422
Telecopier: (340) 715-4400
E-Mail: HFeuerzeig@dtflaw.com

Attorneys for William H. Gates, III, Microsoft Corporation, Steve Ballmer and Melinda Gates

∗ Application for admission *pro hac vice* to this Court is pending.

Suzette Richards v. Duke University, et al.
Case No. 1:06-cv-01179-RCL
Microsoft Defendants' Reply in Support of Their
Motion to Dismiss Pursuant to Rule 12(b)(2)
Page 11 of 11

## CERTIFICATE OF SERVICE

It is hereby certified that on this the 9th day of November, 2006, a true and exact copy of the foregoing **MICROSOFT DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS PURSUANT TO RULE 12(b)(2)** was served, via ECF, to:

Suzette Richards, Esq.
P.O. Box 223875
Christiansted, St. Croix
U.S. Virgin Islands 00822-3875
E-Mail: sjrich13@yahoo.com

Richard H. Hunter, Esq.
**HUNTER, COLE & BENNETT**
Pentheny Building - 3rd Floor
1138 King Street - Suite 301
Christiansted, St. Croix
U.S. Virgin Islands 00820
E-Mail: rhunter@hcbvilaw.com

Simone R.D. Francis, Esq.
**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, LLC**
The Tunick Building - Suite 202
1336 Beltjen Road
St. Thomas, Virgin Islands 00802
E-Mail: simone.francis@odnss.com

Benton G. Peterson, Esq.
Assistant U.S. Attorney
**U.S. DEPARTMENT OF JUSTICE**
555 Fourth Street N.W.
Room E4905
Washington D.C. 20530
E-Mail: benton.peterson@usdoj.gov

Elizabeth A. O'Brien, Esq.
**WILLIAMS & CONNOLLY**
725 12th Street, N.W.
Washington, D.C. 20005
E-Mail: eobrien@wc.com

Michael J. Murphy, Esq.
**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
2400 N Street, N.W.
Fifth Floor
Washington, D.C. 20037-1153
E-Mail: michael.murphy@odnss.com

/s/ Harry B. Roback
Harry B. Roback