## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SUZETTE RICHARDS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     Case No. 1:06-cv-01179-RCL |
| | ) |
| DUKE UNIVERSITY, et al., | ) |
| | ) |
| Defendants. | ) |

### MICROSOFT DEFENDANTS' OPPOSITION TO PLAINTIFF'S
### MOTION FOR LEAVE TO TAKE JURISDICTIONAL DISCOVERY

Defendants, **WILLIAM H. GATES, III** and **MELINDA GATES** (the "Gates") and **STEVE BALLMER** ("Ballmer"), to the extent that they have been sued in their personal capacities (collectively the "Microsoft Defendants"), through their undersigned counsel, oppose Plaintiff's motion for leave to take jurisdictional discovery. Plaintiff's motion is not only founded on pure speculation and unfounded allegations of a conspiracy, the motion fails to make the requisite showing for any discovery from the Microsoft Defendants. Accordingly, the Court should deny the motion.

### ARGUMENT

### I. JURISDICTIONAL DISCOVERY SHOULD BE DENIED BECAUSE PLAINTIFF'S ALLEGATIONS ARE CONCLUSORY AND SPECULATIVE

Jurisdictional discovery "can be denied when the plaintiff has failed to present facts that could establish jurisdiction." *Acker v. Royal Merchant Bank and Finance Co., Ltd.*, 1999 WL 1273476 at *5 (D.D.C. 1999). "In cases that allowed discovery, the plaintiff alleged more than 'conclusory' jurisdictional facts." *Id.* Indeed, this Court has recently held that "[j]urisdictional discovery . . . is justified only if the

Suzette Richards v. Duke University, et al.
Case No. 1:06-cv-01179-RCL
Microsoft Defendants' Opposition to Motion for Leave to Take Jurisdictional Discovery
Page 2 of 8

plaintiff reasonably 'demonstrates that it can supplement its jurisdictional allegations through discovery.'" *Kopff v. Battaglia*, 425 F.Supp.2d 76, 89 (D.D.C. 2006) (*citing GTE New Media Services Inc. v. BellSouth Corp.*, 199 F.3d 1343, 1351 (D.C. Cir. 2000)).

In this case, "[s]ince plaintiff has met defendants' affidavit evidence with mere speculation, plaintiff's request for an opportunity to conduct discovery on the matter must be denied. It would be inappropriate for this court to allow plaintiff to conduct a fishing expedition in order to construct a basis for jurisdiction.*" Poe v. Babcock Intern.*, 662 F.Supp. 4, 7 (M.D. Pa. 1985); *see also Savage v. Bioport, Inc.*, 2006 WL 3044413 at *6 (D.D.C. 2006) ("Additional discovery of [defendant's] contacts will not affect the jurisdictional outcome. None of the contacts relate to or arise out of [Plaintiff's] claim, nor could they conceivably lead any court to believe that general jurisdiction exists."); *Goodman Holdings v. Rafidain Bank*, 26 F.3d 1143, 1147 (D.C. Cir. 1994) (noting that "we do not see what facts additional discovery could produce that would affect our jurisdictional analysis").

There is also no question that Plaintiff has failed to state particular facts in support of her allegation that the Microsoft Defendants participated in a conspiracy.[1] Indeed, every allegation offered in support of Plaintiff's conspiracy theory of personal jurisdiction is conclusory and relies solely on *post hoc, ergo propter hoc* rationale.[2] This defect in Plaintiff's argument is significant because courts readily acknowledge the distinction between facts and conclusions:

---

[1] The Microsoft Defendants incorporate by reference the arguments they made in their 12(b)(2) Motion to Dismiss and their Reply in Support of their Motion to Dismiss Pursuant to Rule 12(b)(2), which is being filed simultaneously with this opposition.

[2] *Post hoc, ergo propter hoc* is a logical fallacy, which assumes or asserts that if one event happens after another, then the first must be the cause of the second. *See, e.g., U.S. v. Judicial Watch, Inc.*, 371 F.3d 824, 829 (D.C. Cir. 2004)("*post hoc, ergo propter hoc* argument would be fallacious"); *Public Law Educ. Institute v. U.S. Dept. of Justice*, 744 F.2d 181, 184 (D.C. Cir. 1984) ("timing, in itself or in conjunction with any other particular factor, does not establish causation as a matter of law").

Suzette Richards v. Duke University, et al.
Case No. 1:06-cv-01179-RCL
Microsoft Defendants' Opposition to Motion for Leave to Take Jurisdictional Discovery
Page 3 of 8

> Most often, facts are susceptible to objective verification. Conclusions, on the other hand, are empirically unverifiable in the usual case. They represent the pleader's reactions to, sometimes called "inferences from," the underlying facts. It is only when such conclusions are logically compelled, or at least supported, by the stated facts, that is, when the suggested inference rises to what experience indicates is an acceptable level of probability, that 'conclusions' become 'facts' for pleading purposes.

*Dartmouth Review v. Dartmouth College*, 889 F.2d 13, 16 (1st Cir. 1989).

Nowhere in Plaintiff's First Amended Complaint ("Complaint"), in Plaintiff's Opposition to the Microsoft Defendants' motion to dismiss under Rule 12(b)(2), in Plaintiff's declaration in support or in her motion for discovery is there any basis for concluding that Plaintiff's inferences approach an acceptable level of probability to warrant jurisdictional discovery. *See, e.g.*, *Domen v. National Rehabilitation Hosp., Inc.*, 925 F.Supp. 830, *837 (D.D.C. 1996) (stating that the court need not accept "any inferences drawn by the plaintiff which are unsupported by the facts set out in the complaint"); *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002) (stating that the court does not accept "'inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint,' nor 'legal conclusions cast in the form of factual allegations'").

In *Caribbean Broadcasting System, Ltd. v. Cable & Wireless P.L.C.*, 148 F.3d 1080, 1090 (D.C. Cir. 1998), for example, the District of Columbia Circuit held that for a court to allow jurisdictional discovery, a plaintiff must make specific allegations rather than merely relying upon inferences and/or speculations. *Id.*; *See also Zhu v. Federal Housing Finance Bd.*, 2004 WL 1249788 at *2 (D.C. Cir. 2004) (denying jurisdictional discovery because, *inter alia*, plaintiff failed to allege "the requisite elements to establish personal jurisdiction for her claim of civil conspiracy, as her complaint contained only conclusory and unsubstantiated

Suzette Richards v. Duke University, et al.
Case No. 1:06-cv-01179-RCL
Microsoft Defendants' Opposition to Motion for Leave to Take Jurisdictional Discovery
Page 4 of 8

allegations of conspiratorial conduct"). As the Plaintiff has not made the requisite specific allegations of the existence of a conspiracy and the Microsoft Defendants' participation in that conspiracy, this Court has good reason to deny jurisdictional discovery. *See, e.g.*, *Formica v. Cascade Candle Co.,* 125 F.Supp.2d 552, 556 (D.D.C. 2001) (denying jurisdictional discovery where the plaintiff "'alleged absolutely nothing . . . to indicate that a court in the District of Columbia might constitutionally assert jurisdiction over' defendant" ) (citation omitted).

Plaintiff nevertheless argues that she is entitled to jurisdictional discovery because she has a "good faith belief . . . that such discovery will be able to show that this court can exercise personal jurisdiction." Plaintiff's Mot. at 3. Specifically, Plaintiff says she needs "discovery to test the veracity of statements" the Microsoft Defendants made in their declarations. *Id.* However, Plaintiff's sole basis for these assertions is that the Microsoft Defendants in their declarations "have all made statements that strain credulity." Pl's Opp'n to Mot. to Dismiss at 16-17. Plaintiff asserts in her opposition that:

> First, it should be noted that Plaintiff seriously questions the veracity of statements that all of these defendants have made in their Declarations. Indeed, all of these defendants have attempted to claim that they had no knowledge of Plaintiff and did not "learn of her existence" until they learned of this lawsuit. D.C. Docket at 43, Ex. A, Decl. of Bill Gates at ¶ 7; Ex. B, Decl. of Melinda Gates at ¶ 8; Ex. C, Decl. of Steve Ballmer at ¶ 8. However, these statements strain credulity.

*Id.* at 16-17. Plaintiff, though, can point to nothing more than her having "read an article that attributed statements that she made in her home to Defendant Melinda Gates" and that Melinda Gates was on the Duke Board of trustees "for the bulk of the time that Plaintiff has been discriminated against." Such *post hoc, ergo propter hoc* reasoning does not provide a basis for this Court concluding that Melinda Gates' "statements strain credulity." *Public Law Educ. Institute,* 744 F.2d at 184.

Suzette Richards v. Duke University, et al.
Case No. 1:06-cv-01179-RCL
Microsoft Defendants' Opposition to Motion for Leave to Take Jurisdictional Discovery
Page 5 of 8

As for Defendants Bill Gates and Steve Ballmer, Plaintiff notes that:

> these are individuals that benefited from ideas that Plaintiff gave to them electronically, and also from ideas that they stole by virtue of the illegal electronic surveillance, Ex. 1, Decl. at ¶¶ 17, 19-20, 22, and their attempt to claim they had no knowledge of Plaintiff begs the question, whose communications did they possibly believe they were intercepting over all of these years?

Pl's Opp'n to Mot. to Dismiss at 17.

A review of the Plaintiff's Declaration and ¶¶ 17, 19-20 and 22 reveals, however, nothing more than a continuation of Plaintiff's *post hoc, ergo propter hoc* argument, which provides no basis for concluding that the statements of Bill Gates and Steve Ballmer "strain credulity."[3] Nothing to which Plaintiff refers this Court remotely suggests that the Microsoft Defendants' credibility should be questioned because they have stated under oath that they "do not know Suzette Richards and to [their] knowledge [they] have never met or seen her, engaged in any conversations with her or have had any form of communication with her[, and that t]he first time [they] ever learned of her existence was when [they] learned about this lawsuit." *See* Decl. of Melinda Gates at ¶8, Decl. of William H. Gates at ¶8, Decl. of Steven A. Ballmer at ¶8. To the contrary, Plaintiff's opposition to the Microsoft Defendants' 12(b)(2) motion to dismiss, her motion for discovery and her declaration only demonstrate that it is inappropriate to allow such discovery when Plaintiff's allegations are conclusory. Indeed, in *El-Fadl v. Central Bank of Jordan*, 75 F.3d 668, 676 (D.C. Cir. 1996), the Court emphasized that jurisdictional discovery was appropriate because the plaintiff's allegations were **not** conclusory or implausible. Here, by contrast, Plaintiff's allegations are devoid of concrete, objectively verifiable facts. Instead, Plaintiff relies on her own highly speculative conclusions to support the proposition that the

---

[3]  As pointed out in the Microsoft Defendants' Reply to Plaintiff's Opposition to Dismiss Pursuant to Rule 12(b)(6), only one of the alleged illegal electronic surveillance activities from which Plaintiff infers wrongful conduct by the Microsoft Defendants, occurred in the District of Columbia. *See,* Plaintiff's Declaration ¶¶17-20.  The other three acts allegedly occurred in North Carolina, *id*. at ¶¶17, 19, and the U.S. Virgin Islands, *Id*. at ¶20.

Suzette Richards v. Duke University, et al.
Case No. 1:06-cv-01179-RCL
Microsoft Defendants' Opposition to Motion for Leave to Take Jurisdictional Discovery
Page 6 of 8

Microsoft Defendants are and remain part of a global conspiracy against her.  *See, e.g.,* Complaint at ¶47 ("Over the past five years, the illegal interception of the illegal electronic surveillance that Plaintiff has been subjected to has grown to include not only the Defendants named herein, but other persons and companies in corporate [sic] America, the media, and all over the world"), ¶226 and ¶270.   Because Plaintiff's allegations are purely speculative and conclusory, she is not entitled to subject the Microsoft Defendants to a jurisdictional discovery fishing expedition.  Indeed, as demonstrated above, allowing this suit -- including discovery -- to proceed against the Microsoft Defendants would offend the "traditional notions of fair play and substantial justice" that are a prerequisite to any exercise of personal jurisdiction by this Court. *Crane v. New York Zoological Society,* 894 F.2d 454, 455-56 (D.C. Cir. 1990) (*quoting International Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945)).

Suzette Richards v. Duke University, et al.
Case No. 1:06-cv-01179-RCL
Microsoft Defendants' Opposition to Motion for Leave to Take Jurisdictional Discovery
Page 7 of 8

## CONCLUSION

For all the foregoing reasons, the Microsoft Defendants respectfully request that this Court deny Plaintiff's Motion for Leave to Take Jurisdictional Discovery and for such further relief as is just and proper.

Respectfully submitted,

/s/ Harry B. Roback_____
**COVINGTON & BURLING, LLP**
**CHARLES E. BUFFON**
D.C. Bar No.: 29983
**HARRY B. ROBACK**
D.C. Bar No. 48514
1201 Pennsylvania Avenue, N.W.
Washington, D.C.  20004-2401
Telephone:    (202) 662-5542
Telecopier:    (202) 778-5542
E-Mail:        cbuffon@cov.com
               hroback@cov.com


**DUDLEY, TOPPER and FEUERZEIG, LLP**
**HENRY L. FEUERZEIG**[*]
Law House
1000 Frederiksberg Gade (P.O. Box 756)
St. Thomas, U.S.V.I.  00804-0756
Telephone:    (340) 774-4422
Telecopier:    (340) 715-4400
E-Mail:        HFeuerzeig@dtflaw.com


Attorneys for William H. Gates, III,
Microsoft Corporation, Steve Ballmer
and Melinda Gates

---

[*]  Application for admission *pro hac vice* to this Court is pending.

Suzette Richards v. Duke University, et al.
Case No. 1:06-cv-01179-RCL
Microsoft Defendants' Opposition to Motion for Leave to Take Jurisdictional Discovery
Page 8 of 8

## <u>CERTIFICATE OF SERVICE</u>

It is hereby certified that on this the 9th day of November, 2006, a true and exact copy of the foregoing **MICROSOFT DEFENDANTS' OPPOSITION TO MOTION FOR LEAVE TO TAKE JURISDICTIONAL DISCOVERY** was served via ECF to:

Suzette Richards, Esq.
P.O. Box 223875
Christiansted, St. Croix
U.S. Virgin Islands  00822-3875
E-Mail:  sjrich13@yahoo.com

Richard H. Hunter, Esq.
**HUNTER, COLE & BENNETT**
Pentheny Building - 3rd Floor
1138 King Street - Suite 301
Christiansted, St. Croix
U.S. Virgin Islands  00820
E-Mail:  rhunter@hcbvilaw.com

Simone R.D. Francis, Esq.
**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, LLC**
The Tunick Building - Suite 202
1336 Beltjen Road
St.  Thomas, Virgin Islands  00802
E-Mail:  simone.francis@odnss.com

Benton G. Peterson, Esq.
Assistant U.S. Attorney
**U.S. DEPARTMENT OF JUSTICE**
555 Fourth Street N.W.
Room E4905
Washington D.C.  20530
E-Mail:  benton.peterson@usdoj.gov

Elizabeth A. O'Brien, Esq.
**WILLIAMS & CONNOLLY**
725 12th Street, N.W.
Washington, D.C.  20005
E-Mail:  eobrien@wc.com

Michael J. Murphy, Esq.
**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
2400 N Street, N.W.
Fifth Floor
Washington, D.C.  20037-1153
E-Mail:  michael.murphy@odnss.com

/s/ Harry B. Roback
Harry B. Roback