UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SUZETTE RICHARDS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DUKE UNIVERSITY, DUKE UNIVERSITY )<br>SCHOOL OF LAW, DUKE UNIVERSITY )<br>BOARD OF TRUSTEES, NANNERL )<br>KEOHANE, in her personal and official )<br>Capacity as President of Duke University )<br>GEORGETOWN UNIVERSITY, )<br>GEORGETOWN UNIVERSITY LAW )<br>CENTER, JOHN ASHCROFT, in his official )<br>Capacity as Attorney General of the United )<br>States, FEDERAL BUREAU OF )<br>INVESTIGATION, U.S. DEPARTMENT OF )<br>JUSTICE, and JOHN and JANE DOES 1-10, )<br>WILLIAM H. GATES, III, in his personal and )<br>official capacity as Chairman of Microsoft )<br>Corporation, STEVE BALLMER, in his )<br>personal and Official capacity as Chief )<br>Executive Officer of Microsoft Corporation, )<br>MICROSOFT CORPORATION, MICROSOFT )<br>EMPLOYEES A-J and MELINDA GATES, )<br>)<br>Defendants. | CIVIL NO. 06-01179 (RCL) |

**REPLY IN SUPPORT OF DEFENDANT GEORGETOWN UNIVERSITY'S
MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)**

Georgetown University (hereinafter referred to as "Georgetown") respectfully replies to Plaintiff's Opposition to Defendant Georgetown University's Motion to Dismiss Pursuant to Rule 12(b)(6) Motion to Dismiss ("Opposition" or "Opp.").[1] In so doing, Georgetown incorporates by reference the arguments set forth in Duke

---

[1] Georgetown's separate July 13, 2006 Motion to Dismiss, which is predicated primarily upon Rule 12(b)(1), remains pending.

University Defendants' Reply in Support of Motion to Dismiss Pursuant to Rule 12(b)(6) [46] and the arguments set forth by the Microsoft Defendants in their August 4, 2006 Reply in Support of their Rule 12(b)(1) and 12(b)(6) Motion to Dismiss [28]. In further support of its motion, Georgetown states as follows:

## INTRODUCTION

In her Opposition, Plaintiff does not challenge virtually any of the limitations periods applicable to the various counts as set forth in Georgetown's moving papers.[2] Instead, Plaintiff improperly relies upon the continuing tort doctrine in an effort to continue this lawsuit. This theory is inapplicable in the case *sub judice*, as the alleged torts attributable to Georgetown were occurrences which occurred prior to May 8, 2000 – alleged conduct of which Plaintiff was plainly aware. Moreover, Plaintiff's invasion of privacy claim fails for the same reason, even if a three-year, as opposed to a one-year, statute of limitations applied. Plaintiff's claim for fraud similarly fails because it is time-barred and because Plaintiff did not reasonably rely on any alleged misrepresentation, she does not seek provable damages, nor did she otherwise plead the necessary elements of fraud with particularity.

## ARGUMENT

I. **Plaintiff's Application of the Continuing Tort Doctrine Fails as a Matter of Law.**

As stated in Georgetown's moving papers, the statute of limitations on a tort claim begins to run when the plaintiff sustains tortious injury or, under the

---

[2] Plaintiff challenges the limitations period with respect to Count XI, invasion of privacy, discussed *infra* at pg. 6.

discovery rule, when the plaintiff knows or reasonably should know that the cause of action exists. *Beard v. Edmondson and Gallagher*, 790 A.2d 541, 546 (D.C. 2002). Plaintiff's original and amended complaints are rife with admissions by her that she knew or suspected that the defendants (including Georgetown) engaged in tortious conduct to her harm and detriment by her first year at Georgetown's Law Center in 1998. In an effort to avoid these admissions, Plaintiff now contends that the statute of limitations cannot bar her claims because "she has alleged continuing violations."[3] Opp. at 8.

In the District of Columbia, a continuing tort can be established for statute of limitations purposes by showing "(1) a continuous and repetitious wrong, (2) with damages flowing from the act as a whole rather than from each individual act, and (3) at least on injurious act . . . within the limitation period." *Beard*, 790 A.2d at 547-48 (quoting *DeKine v. District of Columbia*, 422 A.2d 981, 988 n.16 (D.C. 1980)). Application of the continuing tort doctrine is appropriate only "'[i]f the continuing tort has a cumulative effect, such that the injury might not have come about but for the entire course of conduct…, then all damages caused by the tortious conduct are recoverable even though some of the conduct occurred outside the limitations period." *John McShain, Inc. v. L'Enfant Plaza Props., Inc.*, 402 A.2d 1222, 1231

---

[3] In support of her theory, Plaintiff relies on *Page v. United States*, 729 F.2d 818 (D.C. Cir 1984). However, the facts of that case, which involved the cumulative impact of years of allegedly tortious drug treatment, are distinguishable here. More importantly, subsequent District of Columbia courts "specifically have rejected the expansive application of the continuing tort doctrine exemplified in *Page*." *Beard,* 790 A.2d at 547. *See also Hendel v. World Plan Executive Council*, 705 A.2d 656, 667 (D.C. 1997) (noting that the court subsequently declined to follow *Page* and rejected *Page's* underlying reasoning).

(D.C. 1979).  Importantly, because courts disfavor the filing of stale claims, in those instances where a plaintiff is aware of the potential cause of action – one that may be continuous in nature –  but does not file suit within the applicable statute of limitations, the Court does not allow application of the continuing tort doctrine.  *See Beard*, 790 A.2d at 546 ("when the plaintiff is or should be aware that he or she is being injured by a continuing tort, the statute of limitations begins to run"); *Hendel v. World Plan Executive Council*, 705 A.2d 656, 667 (D.C. 1997) ("once the plaintiff has been placed on notice of an injury and the role of the defendant's wrongful conduct in causing it, the policy disfavoring stale claims makes application of the 'continuous tort' doctrine inappropriate").  In other words, "the statute of limitations period for continuing torts begins to run once a plaintiff has inquiry notice of a potential cause of action."  *Jung v. Mundy, Holt & Mance, P.C.*, 372 F.3d 429, 433 (D.C. Cir. 2004) (citing *Hendel*, 705 A.2d at 667).  Once the plaintiff has such notice, she "then may recover only for injuries attributable to the part of the continuing tort that was committed within the limitations period immediately preceding the date on which suit is brought." *Id.* (quoting *Beard*, 790 A.2d at 548).

Here, Plaintiff's allegations indicate that she suffered separate and distinguishable injuries while at Georgetown, each of which would be actionable as a distinct tort rather than the type of tortious activity that would be "discernible only from the continuation over time of a course of conduct."  *Beard*, 790 A.2d at 548.  Plaintiff alleges that Georgetown engaged in a fraudulent grading system. Am. Comp. ¶ 148.  She also claims that agents of Georgetown's broke into her living

4

quarters, and at other times discriminated against her by calling on her during class more than others. *Id.* at ¶¶ 175-79, 181. If true, Plaintiff would have suffered damages, if any, from each individual act, rather than necessarily suffering damages only as a result of such conduct considered in the aggregate.

Moreover, even if Georgetown's actions are deemed continuous in nature, Plaintiff's own admissions – both in her Amended Complaint and in subsequent pleadings – make abundantly clear that she either suspected or was aware of Georgetown's alleged wrongful conduct by 1998, which is well more than three years before she filed her complaint. *See, e.g.,* Am. Comp. ¶ 148 (Plaintiff was aware that she allegedly was not being anonymously graded at Georgetown); *Id.* at ¶¶ 175-179 (Plaintiff claims she was discriminated upon her transfer to Georgetown because she was called on by Georgetown professors more than other students); *Id.* at ¶ 181 (Plaintiff claims that Georgetown professors entered her on campus housing and searched her belongings to ascertain her study habits). According to Plaintiff, all of this conduct occurred in Plaintiff's first year at Georgetown, long before May 8, 2000. Thus, the continuing tort doctrine cannot be applied to bolster Plaintiff's fruitless attempts to recover damages on claims that are not only fantastical, but more importantly are stale.

In a last ditch effort to save her case, Plaintiff now claims that part of her alleged continuing tort, fraudulent grading, continued to occur within the three years immediately preceding the filing of the complaint. However, there is no allegation in her Amended Complaint that any grading occurred after May 8, 2000.

A careful perusal of Plaintiff's Amended Complaint reveals that all of the conduct specifically attributed to Georgetown, such as the alleged fraudulent grading and invasion of Plaintiff's residence to discern her study habits, occurred prior to May 8, 2000, and her claims are therefore barred by the applicable statutes of limitations.

## II.     Dismissal of Plaintiff's Invasion of Privacy Claim Is Proper.

Despite the fact that precedent dictates otherwise, Plaintiff alleges that her invasion of privacy claim (Count XI) is governed by the residual three-year statute of limitations provided in D.C. Code §12-301(8) rather than the one-year statute of limitations specified at §12-301(4). Plaintiff does not and cannot deny that under the law of the District of Columbia, an invasion of privacy claim has been held to be subject to a one-year statute of limitations. *See, e.g., Gruenseth v. Marriott Corp.*, 872 F. Supp. 1069, 1074-75 (D.D.C. 1995), *aff'd*, 79 F.3d 169 (D.C. Cir. 1996) (noting that a plaintiff may maintain an invasion of privacy cause of action on any of four theories, including alleged public disclosure of private facts, and that such cause of action is subject to a one-year statute of limitations); *Doe v. Southeastern Univ.*, 732 F. Supp. 7, 8 (D.D.C. 1990) (one-year statute of limitations is applicable to invasion of privacy actions). This binding precedent provides no indication that the one-year limitations period would only apply in certain circumstances or that its application is dependent upon what type of privacy has been invaded, as Plaintiff claims.

In addition, even if a three-limitations period applies to this claim, it is nevertheless time-barred for the reasons set forth above.

### III. Plaintiff's Fraud Claim Must Be Dismissed.

Plaintiff's claim of fraud against Georgetown must be dismissed for three reasons. First, for the reasons set forth above and for the reasons set forth in Georgetown's moving papers, Plaintiff's fraud claim is clearly time-barred. Second, Plaintiff did not *reasonably* rely on Georgetown's alleged misrepresentation concerning its anonymous grading system, nor can she establish any provable damages. Third, Plaintiff did not plead the necessary elements of fraud with particularity as required by District of Columbia law.

Under District of Columbia law, a plaintiff claiming fraud must allege with particularity a showing of "1) a false representation; 2) in reference to a material fact; 3) made with knowledge of its falsity; 4) with intent to deceive; and 5) action taken by [plaintiff] in reliance upon the representation; (6) which consequently resulted in provable damages." *Dressler v. Sunderland Apartment Tenants Assoc., Inc.,* 465 A.2d 835, 839 (D.C. 1983); *see also EAW Group v. Republic of Gambia,* C.A. No. 02-2425, 2006 WL 3361544, at * 8 (November 20, 2006); *Ehlen v. Lewis,* 984 F. Supp. 5, 9 (D.D.C. 1997)*; Redmond v. Birkel,* 933 F. Supp. 1, 3 (D.D.C. 1996). The plaintiff must also demonstrate that the reliance was reasonable or justifiable. *EAW Group*, 2006 WL 3361544, at * 8; *Ehlen*, 984 F. Supp. at 9, *Redmond*, 933 F. Supp. at 3. Furthermore, the damages sought must be provable. *Dressler*, 465 A.2d at 839 ("To recover, [plaintiff's] proof of damages [is] crucial"). Plaintiff must prove each element by clear and convincing evidence or the entire fraud claim will fail. *Ehlen*, 984 F. Supp. at 9, *Redmond*, 933 F. Supp. at 3.

Here, Plaintiff cannot realistically claim that she reasonably relied upon Georgetown's alleged misrepresentations concerning its anonymous grading system. Plaintiff has already admitted that prior to taking any exam at Georgetown, she knew that there allegedly was no anonymous grading at Georgetown. Am. Comp. ¶¶ 148-149. Moreover, there is nothing in Plaintiff's Amended Complaint indicating that Georgetown did or said anything to change Plaintiff's knowledge concerning the supposed lack of anonymous grading. Yet Plaintiff, admitting to being fully aware of the alleged misrepresentations, states that she relied upon them to her detriment. Plaintiff's reliance in light of her knowledge can hardly be deemed reasonable or justifiable. Therefore, Plaintiff's fraud claim must be dismissed because her reliance on the alleged misrepresentation of Georgetown was not reasonable.

In addition, Plaintiff's claim of fraud must be dismissed because Plaintiff does not seek provable damages. Plaintiff certainly makes very vague and broad allegations concerning the alleged intent of Georgetown to affect her professionally and academically. However, damages supposedly suffered by Plaintiff are nowhere to be found within the Amended Complaint. Plaintiff does not contend that she could not find employment or that she was incapable of passing the bar. In fact, Plaintiff clearly admits that she obtained a summer internship with the Department of Justice, a clerkship with the Superior (formerly Territorial) Court of the Virgin Islands on St. Croix, found subsequent employment with a private law

firm, and passed the bar examination on her first attempt. Am. Comp. ¶¶ 33, 50, 51, 64.

Plaintiff's claim of fraud should also be dismissed because her Amended Complaint fails to set forth with particularity of fraud as required by District of Columbia law. When alleging fraud, a plaintiff *must* "state the time, place, and content of the false misrepresentations, the fact misrepresented and what was retained or given up as a consequence of the fraud." *United States v. Martin-Baker Aircraft Co., Ltd.*, 389 F.3d 1251, 1256 (D.C. Cir. 2004). Moreover, the plaintiff *must* "identify individuals allegedly involved in the fraud," and if a plaintiff is "unable to meet the particularity standard because defendants control the relevant documents," she *must* "allege lack of access in the complaint.'" *Id.* at 1258. Plaintiff's Amended Complaint is completely devoid of this information. Accordingly, Plaintiff's fraud claim must be dismissed for these additional reasons as well as the untimeliness of its assertion.

## CONCLUSION

For the reasons stated above and in Georgetown University's Motion to Dismiss Pursuant to Rule 12(b)(6), Plaintiff's Amended Complaint must be dismissed with prejudice for failure to state a claim upon which relief can be granted.

Dated: December 12, 2006               Respectfully submitted,


                                       WILLIAMS & CONNOLLY LLP

                                   By: ___/s/ Elizabeth A. O'Brien__
                                       Elizabeth A. O'Brien, Esq.
                                       D.C. Bar No. 466314
                                       725 Twelfth Street, N.W.
                                       Washington, D.C. 20005
                                       (202) 434-5000

                                       HUNTER COLE & BENNETT
                                       Richard H. Hunter, Esq.*
                                       D.C. Bar No. 263798
                                       1138 King Street
                                       Christiansted, St. Croix
                                       U.S. Virgin Islands 00820
                                       (340) 773-3535

                                       *Counsel for Georgetown University*


\* Application for admission *pro hac vice* to this Court is pending.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 12th day of December, 2006, I caused a true and exact copy of Reply in Support of Defendant Georgetown University's Motion to Dismiss Pursuant to Rule 12(b)(6), to be served via ECF or electronic mail upon:

Suzette Richards, Esq.
P.O. Box 223875
Christiansted, St. Croix
U.S. Virgin Islands 00822-3875
sjrich13@yahoo.com

Benton G. Peterson, Esq.
Assistant United States Attorney
Judiciary Center Building
Civil Division
555 4th St., N.W., Room E4905
Washington, D.C. 20530
benton.peterson@usdoj.gov

Henry L. Feuerzeig, Esq.
Dudley, Topper & Feuerzeig
1A Frederiksberg Gade
P.O. Box 756
St. Thomas, Virgin Islands 00804
HFeuerzeig@dtflaw.com

Charles Edward Buffon
Harry B. Roback
Covington & Burling
1201 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
cbuffon@cov.com

Simone Francis, Esq.
Ogletree Deakins Nash Smoak & Steward
The Tunick Building
1336 Beltjen Road
Suite 202
St. Thomas, Virgin Islands 00802
simone.francis@odnss.com

Michael J. Murphy, Esq.
Ogletree, Deakins, Nash, Smoak & Steward, P.C.
2400 N Street, N.W.
Fifth Floor
Washington, D.C. 20037
michael.murphy@odnss.com

                                          ___/s/ Elizabeth A. O'Brien___
                                              Elizabeth A. O'Brien