# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

**No. 07-5119**                           **September Term, 2006**

06cv01179

**Filed On: August 27, 2007**

[1063023]
Suzette Richards,
          Appellant

v.

Duke University, et al.,
          Appellees

**MANDATE**
Pursuant to the provisions of Fed. R. App.Pro.41(a)

ISSUED:
BY:
ATTACHED: ___ Amending Order
         ___ Opinion
         ___ Order on Costs

**BEFORE:** Randolph, Rogers, and Tatel, Circuit Judges

## O R D E R

Upon consideration of the motion for summary affirmance and the response thereto, it is

**ORDERED** that the motion be granted and the judgment affirmed, Richards v. Duke Univ., 480 F. Supp. 2d 222 (D.D.C. 2007). The merits of the parties' positions are so clear as to warrant summary action. See Taxpayers Watchdog, Inc. v. Stanley, 819 F.2d 294, 297 (D.C. Cir. 1987) (per curiam). The district court properly determined it lacked personal jurisdiction over the Duke University defendants, as well as William Gates, Melinda Gates, and Steven Ballmer, see D.C. Code § 13-423(a); Second Amendment Found. v. United States Conference of Mayors, 274 F.3d 521, 523-24 (D.C. Cir. 2001), and did not abuse its discretion in denying jurisdictional discovery, see Caribbean Broad. Sys., Ltd. v. Cable & Wireless, PLC, 148 F.3d 1080, 1089-90 (D.C. Cir. 1998). The district court also properly determined that the claims, alleging bizarre conspiracy theories, are the sort of fanciful and fictitious claims that would warrant dismissal for lack of subject matter jurisdiction. See Best v. Kelly, 39 F.3d 328, 330-31 (D.C. Cir. 1994). Nevertheless, the district court did not rest its ruling on Federal Rule of Civil Procedure 12(b)(1). Instead, the claims were correctly dismissed under either the relevant statute of limitations or for failure to state a claim pursuant to Rule 12(b)(6) or both. Appellant does not contest the dismissal of her claims under the Eighth and Thirteenth Amendments and under Bivens v. Six Unknown Narcotics Agents, 403 U.S. 388 (1971), or the claims for interference with prospective advantage and theft of intellectual property. With respect to the "continuing tort doctrine" advanced by appellant based on Page v. United States, 729 F.2d 818, 821 (D.C. Cir. 1984), the district court properly rejected this theory. See DeBerry v. First Gov't Mortg. and Investors Corp., 170 F.3d 1105, 1111 n.9 (D.C. Cir. 1999) ("the 'continuing tort' argument appears to be unavailable under District of Columbia law"). Nor does appellant offer any argument to support her alternate theory

United States Court of Appeals
for the District of Columbia Circuit

By: _____ Deputy Clerk

# United States Court of Appeals
### For The District of Columbia Circuit

---

**No. 07-5119**                                                      **September Term, 2006**

F.3d 429, 433 (D.C. Cir. 2004).  Finally, appellant has failed to show any error in the district court's assessment of her claims under the legal standard for dismissal pursuant to Rule 12(b)(6).  See Kowal v. MCI Commc'ns Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:

Deputy Clerk/LD